# EXHIBIT 11

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2005

(Argued: March 22, 2006)  Decided: April 27, 2006)

Docket No. 05-2518-cv

FORTIS, INC.,

*Plaintiff-Appellee,*

—v.—

UNITED STATES OF AMERICA,

*Defendant-Appellant.*

Before:

STRAUB and SACK, *Circuit Judges,* and TRAGER, *District Judge.*[*]

The United States of America appeals from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, Judge) entered on March 25, 2005, in accordance with two Opinions and Orders dated September 16, 2004 and February 8, 2005, each partially awarding summary judgment to plaintiff Fortis, Inc. Affirmed.

---

[*] The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

HENRY D. LEVINE, Levine, Blaszak, Block & Boothby, LLP, Washington DC (Stephen J. Rosen, Levine, Blaszak, Block & Boothby, LLP, Washington DC, on the brief; Bradley S. Waterman, Washington DC, of counsel; Richard C. Yeskoo, Yeskoo, Hogan & Tamlyn LLP, New York, NY, of counsel), for *Plaintiff-Appellee.*

BENJAMIN H. TORRANCE, Assistant United States Attorney (David S. Jones, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), New York, NY, *for Defendant-Appellant*

---

PER CURIAM:

The United States of America appeals from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*), granting summary judgment to plaintiff Fortis, Inc. ("Fortis") on Fortis's claim for a refund of excise taxes. At issue is whether the federal excise tax statute, 26 U.S.C. § 4251, *et seq.*, applies to the telephone services used by Fortis during that time, and in particular, whether the provision of that statute that defines taxable toll telephone service as a "telephonic quality communication for which (a) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (b) the charge is paid within the United States," 26 U.S.C. § 4252(b), applies to services for which the toll charge varies in amount only with the transmission time of each call, and not with the distance the call travels. In two thorough and well-reasoned opinions, Judge Koeltl granted summary judgment in favor of Fortis on the liability of the Government for Fortis's claim to a refund, and denied the Government's cross-motion for summary judgment. *See Fortis v. United States,* No. 03 Civ. 5137, __ F. Supp. 2d __, 2004 WL 2085528, 2004 U.S. Dist. LEXIS 18686 (Sept. 16, 2004); __ F. Supp. 2d __, 2005 WL 356827, 2005 U.S. Dist. LEXIS 2104 (Feb. 8, 2005).

1   Subsequent to the District Court's decisions, the Sixth, Eleventh and D.C. Circuits have
2   considered this issue and have, for substantially the same reasons as those stated by the District
3   Court, reached the conclusion that telephone services such as Fortis's are not taxable under 26
4   U.S.C. §§ 4251 and 4252. *See Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C.
5   Cir. 2005); *OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005); *American Bankers*
6   *Ins. Group, Inc. v. United States*, 408 F.3d 1328 (11th Cir. 2005). We now do likewise.

7   We affirm on the opinions of Judge Koeltl.

8

9

10

11

12

13

14