# EXHIBIT 15

# Congress of the United States
## Washington, DC 20515

June 29, 2005

The Honorable John W. Snow
Secretary of the Treasury
15th and Pennsylvania Ave., NW
Washington, D.C. 20220

Dear Secretary Snow:

As you are probably aware, the Eleventh Circuit Court of Appeals recently ruled in *American Bankers Ins. Group, Inc. v. United States* that the federal excise tax (FET) on communications services does not apply to long distance service sold for a flat per-minute rate that does not vary with the distance of the call. Such holding was based upon the fact that the service did not fit within the plain meaning of the statutory definition of a taxable service. This ruling, overturning the only district court decision for the government, is the first appellate-level decision in a number of pending cases in which this issue is being litigated. Six other cases have been decided in favor of the taxpayers by the Court of Claims and various federal district courts.

We write to ask that, in light of the complete absence of judicial support for its position, you instruct the IRS to issue a published announcement that it will follow the courts' uniform construction of the law, and to withdraw Notice 2004-57 (8/30/2004), which purports to require carriers to continue collecting FET on these nontaxable services.

The outdated statutory provision at issue defines toll telephone service as a communication for which the rate varies by both the elapsed transmission time and the distance of each individual call. The courts have all noted, and the IRS does not dispute, that this definition was intended to describe a long distance service sold by AT&T in 1965, for which the rate varied based on mileage bands. Today, there are virtually no long-distance services for which the rate varies depending on the distance of the calls. Incredibly, we think, the IRS has maintained that the word "and" should be read to mean "or." Fortunately for the taxpayers, the courts have now uniformly rejected that position.

Many telecommunications customers have asserted that they should not have to pay the FET because the statute does not match the services they are purchasing. While the cases in litigation have all involved services sold to businesses, the rationale underlying these decisions applies equally to many of today's services purchased by millions of residential telephone customers. Therefore, the IRS's acceptance of these court decisions would benefit a broad range of telecommunications consumers.

In addition, if the IRS continues to insist that these services are subject to FET, it will place carriers in an untenable position. If they abide by the decisions of the courts, they will risk liability to the IRS on audit. If they continue to bill FET as instructed by the IRS, they risk the possibility of having to defend lawsuits, including class actions, brought against them by their customers.

The communications excise tax is an anachronism that frankly should be repealed. It was originally enacted in 1898 to fund the Spanish-American War and was considered at the time to be a type of luxury tax. With more telephones than people in the United States today, the FET now represents the polar opposite of a luxury tax, and merely serves to raise prices on consumers. Further, the definitions of taxable services in the statute, last updated in 1965, describe services that are rapidly vanishing from the American marketplace, as evidenced by the cases.

We urge you to order the IRS staff to follow the uniform interpretation of the courts and thereby provide relief for the millions of consumers who are paying FET on services that are not statutorily subject to the tax. Your action in this regard would also underscore the fact that this tax is hopelessly out-of-date and technically flawed. Thank you in advance for your consideration. We look forward to hearing from you on this important issue.

Sincerely,

*[signatures]*

_Jeff Miller_

_Tom Feeney_

_Rick Renzi_

_Ken Calvert_

_Dave R._

_Charlie Norwood_

_Ernest Istook_

_[signature]_

_Michael N. Michaud_

_Gaye Prudential_

_Dan Burton_

_Bart Gordon_

_[signature]_

_Tom Latham_

_Marsha Blackburn_

_[signature]_

cc: Mark W. Everson, Commissioner
    Office of the Internal Revenue Service