## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIRGINIA SLOAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-00483 RMU |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MEMORANDUM IN SUPPORT OF UNITED STATES'
## MOTION TO DISMISS AMENDED COMPLAINT

_____


IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1695587.2

## <u>TABLE OF CONTENTS</u>

PAGE

STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.    The Court Lacks Subject-Matter Jurisdiction Over The Amended Complaint, Because It Does Not Comply With The States' Sovereign Immunity

        A.    The Court Lacks Jurisdiction Over Plaintiffs' Claims for Recovery of Federal Taxes, However Styled, Because the Plaintiffs' Have Not Compiled with the Jurisdictional Prerequisites to Suit

            1.    28 U.S.C. § 1346(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            2.    28 U.S.C. § 1346(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        B.    The Complaint is Barred by the Anti-Injunction Act . . . . . . . . . . . 20

        C.    The Complaint is Barred by the Declaratory Judgment Act . . . . . . 25

    II.    The Complaint Fails To State A Claim Upon Which Relief May Be Granted

        A.    The Amended Complaint Fails to State A Claim for Mandamus Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

        B.    The Amended Complaint Fails to State a Claim Under the APA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

        C.    The Amended Complaint Fails to State a Claim Under the Federal Communications Excise Tax Statute . . . . . . . . . . . . . 31

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

\* <u>Alexander v. "Americans United" Inc.</u>, 416 U.S. 752 (1974) ................................ 21

<u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 499 U.S. 33 (1980) .................................... 26

<u>American Bankers Insurance Group</u>, 408 F.3d 1328 (11th Cir. 2005) .................... 5

<u>American Bankers Insurance Group, Inc. v. United States</u>, 308 F. Supp.
    2d 1360 (S.D. Fla. 2004), <u>rev'd</u>, 408 F.3d 1328 (11th Cir. 2005) ................... 5, 21

\* <u>Bob Jones University v. Simon</u>, 416 U.S. 725 (1974) ................................. 19, 21-22

<u>Bohn v. United States</u>, 467 F.2d 1278 (8th Cir. 1980) ............................................... 11

<u>Bowers v. United States</u>, 423 F.2d 1207 (5th Cir. 1970) ........................................... 21

<u>Brunwasser v. Jacob</u>, 453 F. Supp. 567 (W.D.Pa. 1978), <u>aff'd</u>, 605 F.2d
    1194 (3d Cir. 1979) .......................................................................................... 23

<u>Church of World Peace v. Internal Revenue Service</u>, 715 F.2d 492 (10th
    Cir. 1983) .......................................................................................................... 25

<u>Coleman v. Commissioner</u>, 791 F.2d 68 (7th Cir. 1986) ......................................... 19

<u>Daly v. Department of Energy</u>, 741 F. Supp. 202 (D. Colo. 1990) ........................ 10

<u>Dunn-McCampbell Roualty Interest, Inc. v. National Park Serv.</u>, 112 F.3d
    1283 (5th Cir. 1997) ......................................................................................... 27

<u>Elias v. Connett</u>, 908 F.2d 521 (9th Cir. 1990) ......................................................... 21

\* <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1 (1962) .............. 20, 21

<u>Flora v. United States</u>, 357 U.S. 63 (1958), <u>aff'd on rehearing</u>, 362 U.S.
    145 (1960) .......................................................................................................... 24

\* <u>Fornaro v. James</u>, 416 F.3d 63 (D.C. Cir. 2005) ..................................................... 26

Fortis, Inc. v. United States, No. 03-5137, 2004 U.S. Dist. LEXIS 18686
    (S.D.N.Y. Sept. 16, 2004), aff'd, __ F.3d __ (2d Cir. Apr. 27, 2006) ..................... 4

Franklin Savings Corp. v. United States, 180 F.3d 1124 (10th Cir. 1999) ............. 11

Geo. F. Alger Co. v. Peck, 74 S. Ct. 605 (1954) .......................................... 17

Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271 (1988) .............. 26

Heckler v. Ringer, 466 U.S. 602 (1984) ..................................................... 27

Hobson v. Fischbeck, 758 F.2d 579 (11th Cir. 1985) ................................... 24

Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456
    U.S. 694 (1983) ................................................................................ 11

Investment Co. Institute v. FDIC, 728 F.2d 518 (D.C. Cir. 1984) ......................... 28

* Judicial Watch, Inc. v. Rossotti, 317 F.3d 401 (4th Cir.), cert. denied, 540
    U.S. 825 (2003) ................................................................................ 23

Krause v. United States, No. 95-137, 1996 U.S. Dist. LEXIS 19933 (W.D.
    Mich. Sept. 18, 1996) ......................................................................... 13

Lee v. Blumenthal, 588 F.2d 1281 (9th Cir. 1979) ...................................... 29

Lipsett v. United States, 37 F.R.D. 549 (S.D.N.Y. 1965) ............................... 14

McGee v. United States, 402 U.S. 479 (1971) ............................................ 17

McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) ...................... 9

Estate of Michael v. Lullo, 173 F.3d 503 (4th Cir. 1999) ........................... 20

Mitchell v. Riddell, 402 F.2d 842 (9th Cir. 1968) ...................................... 24

* Murphy v. Internal Revenue Service, 362 F. Supp. 2d 206 (D.D.C. 2005) ... 18, 19

Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428 (D.C. Cir. 1983)..........20

Navy, Marshall & Gordon, P.C. v. United States International
    Development-Cooperation Agency, 557 F. Supp. 484 (D.D.C. 1983) ............. 10

1701184.1

Nichols v. United States, 74 U.S. 122 (1869) ................................................ 9

Northern States Power Co. v. U.S. Department of Energy, 128 F.3d 754
     (D.C. Cir. 1997) ..................................................................... 26

OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005) .................... 5, 21

Peterson v. Rossotti, 2002 U.S. Dist. LEXIS 3068 (E.D. Va. 2002) ............ 15

Pittston Coal Group v. Sebben, 488 U.S. 105 (1988) .............................. 26

Rappaport v. United States, 583 F.2d 298 (7th Cir. 1978) ........................ 21

Reese Brothers, Inc. v. United States, ___ F.3d ___ (3d Cir. May 9, 2006) ............. 5

Sokolow v. United States, 169 F.3d 663 (9th Cir. 1999) ........................... 22

South Carolina v. Regan, 465 U.S. 367 (1984) ..................................... 20

Sutherland v. Egger, 605 F. Supp. 28 (W.D. Pa. 1984) ........................ 14, 17

Swan v. Clinton, 100 F.3d 973 (D.C. Cir. 1996) ................................... 27

Thomas v. United States, 166 F.3d 825 (6th Cir. 1999) ........................... 14

Transohio Sav. Bank v. OTS, 967 F.2d 598 (D.C. Cir. 1993) .................... 29

United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540 (1937) ............. 26

United States v. American Friends Serv. Committee, 419 U.S. 7 (1974) .............. 20

* United States v. Dalm, 494 U.S. 596 (1990) ..................................... 11, 12

* United States v. Felt & Tarrant Manuf. Co., 283 U.S. 269 (1931) ................ 15

* United States v. Mendoza, 464 U.S. 154 (1984) .................................. 22

United States v. Nordic Village, 503 U.S. 30 (1992) ............................... 9

United States v. Sherwood, 312 U.S. 584 (1941) ................................... 9

United States v. Testan, 424 U.S. 392 (1976) ............................................. 18

Van Sant v. United States, No. 97-363, 2001 U.S. Dist. LEXIS 22339 (D.D.C.
    Dec. 31, 2001) ......................................................................................... 19

Vuin v. Burton, 327 F.2d 967 (6th Cir. 1964) ............................................. 21

Warren v. United States, 874 F.2d 280 (5th Cir. 1989) ............................. 24

Washington Legal Foundation v. U.S. Sentencing Commission, 89 F.3d
    897 (D.C. Cir. 1996) ............................................................................... 26

## FEDERAL STATUTES

5 U.S.C. §§ 551, 702, 704 ............................................................................ 28

5 U.S.C. § 701(a) ................................................................................... 28, 29

26 U.S.C. § 4252(a)(1) ............................................................................. 2, 3,
                                                                                    4, 22,
                                                                                    30

26 U.S.C. § 6011(a) ........................................................................................ 15

26 U.S.C. § 6511(a) ........................................................................................ 11

26 U.S.C. § 6532(a) ................................................................................... 1, 6,
                                                                                    31

26 U.S.C. § 6611(a) ........................................................................................ 23

26 U.S.C. § 7422(a) ................................................................................... 6, 7,
                                                                                    8, 11,
                                                                                    12, 13,
                                                                                    14, 17,
                                                                                    18, 27,
                                                                                    29

28 U.S.C. § 1361 ............................................................................................. 25

28 U.S.C. §§ 1396, 1402(a)(1) ................................................................. 12, 13

28 U.S.C. § 2412 ................................................................... 15, 21, 23

Administrative Procedures Act, 5 U.S.C. § 702 .................................. 8, 10, 25, 27, 28, 29

Anti-Injunction Act, 26 U.S.C. § 7421(a) ............................................ 1, 2, 7, 19, 23, 24, 29

Declaratory Judgment Act, 28 U.S.C. § 2201 ...................................... 1, 2, 8, 10, 24, 25, 29

Deficit Reduction Act of 1985, Pub. L. No. 98-369, § 26, 98 Stat. 494, 507 (1984) ................................................................................................. 3

Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, § 821, 95 Stat. 172, 351 (1981) ............................................................................................. 3

Excise, Estate, & Gift Tax Adjustment Act of 1970, Pub. L. No. 91-614, § 201(b), 84 Stat. 1836, 1843 (1970) ...................................................... 3

Fed. R. Civ. P. 12(b)(1) ............................................................................ 2

H.R. 4516, § 1003 .................................................................................... 3

H.R. Doc. 106-306 at 1, 34 ...................................................................... 3

28 U.S.C. § 1331 ................................................................................ 9, 10

Omnibus Budget Reconciliation Act of 1987, Pub. L. No. 100-203, § 10501, 101 Stat. 1339, 1330-438 (1987) ............................................... 3

Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508, § 11217(a), 104 Stat. 133, 1338-437 (1990) .................................................. 3

Omnibus Reconciliation Act of 1980, Pub. L. No. 96-499, § 1151, 94 Stat.

2599, 2694 (1980) ............................................................................ 3

Revenue & Expenditure Control Act of 1968, Pub. L. No. 90-364, § 105, 82
    Stat. 251, 265 (1968) ................................................................... 3

S. Rep. No. 106-328, at 4, 7 (2000) ................................................ 3

Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, §
    282(a), 96 Stat. 324, 568 (1982) ................................................ 3

Tax Reform Act of 1969, Pub. L. No. 91-172, § 702, 83 Stat. 487, 660 (1969) ......... 3

Tax Reform Act of 1986, Pub. L. No. 99-514,  § 1801, 100 Stat. 2085, 2785
    (1986) ........................................................................................ 3

28 U.S.C. §1346 ...................................................................... 10, 11,
    17, 18

1701184.1

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VIRGINIA SLOAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-00483 RMU |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS AMENDED COMPLAINT**

This is an action for declaratory relief, to enjoin the collection of communications excise taxes, to compel government officials to promulgate certain regulations and administrative procedures, to recover excise tax overpayments outside of the procedure set forth in the Internal Revenue Code, and for other relief. Because the Court lacks subject-matter jurisdiction to grant any such relief, as the amended complaint does not comply with the terms or conditions of any waiver of the United States' sovereign immunity, because the amended complaint fails to state a claim upon which relief may be granted, and because the relief sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, the United States has moved to dismiss the complaint. This memorandum is submitted in support of that motion.

1695587.2

## STATEMENT

Section 4251(a) of the Internal Revenue Code (26 U.S.C.) imposes a 3% tax on amounts paid for "communications services" and divides "communications services" into three named categories.  Sections 4252(a), (b), and (c) then define the services included in each category.   Taxable services include, *inter alia*, access to a local telephone system,[1] any facility or service provided in connection with access to a local telephone system,[2] phone calls for which the charge varies with the distance and elapsed transmission time of each communication,[3] and services where the subscriber is entitled to an unlimited number of communications to a specified area upon payment of a periodic fee.[4]

The language of the statute imposing a tax on communications services has remained substantially unchanged since 1965, although Congress has re-enacted the 1965 act imposing the tax numerous times.[5]   The statute traditionally has been treated

---

[1]See 26 U.S.C. § 4252(a)(1).

[2]Id. § 4252(a)(2).

[3]Id. § 4252(b)(1).

[4]Id. § 4252(b)(2).

[5]See, e.g., Revenue & Expenditure Control Act of 1968, Pub. L. No. 90-364, § 105, 82 Stat. 251, 265 (1968); Tax Reform Act of 1969, Pub. L. No. 91-172, § 702, 83 Stat. 487, 660 (1969); Excise, Estate, & Gift Tax Adjustment Act of 1970, Pub. L. No. 91-614, § 201(b), 84 Stat. 1836, 1843 (1970); Omnibus Reconciliation Act of 1980, Pub. L. No. 96-499, § 1151, 94 Stat. 2599, 2694 (1980); Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, § 821, 95 Stat. 172, 351 (1981); Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 282(a), 96 Stat. 324, 568 (1982); Deficit Reduction Act of 1985, Pub. L. No. 98-369, § 26, 98 Stat. 494, 507 (1984); Tax Reform Act of 1986, Pub. L. No. 99-514,

1695587.2

by the Internal Revenue Service, the telephone service providers and Congress, alike, as imposing a 3% excise tax on *all* local and long-distance telephone service purchased in the United States (other than that specifically excepted by virtue of 26 U.S.C. §§ 4252(d) and 4253).   By all indicators, Congress expected the current tax to raise significant revenues in the future.  For example, in 2000, because there was a budget surplus, Congress voted to repeal the communications excise tax (a measure that was vetoed). Congress estimated that the revenue loss if the tax were repealed would exceed $55 billion for the years 2000-2010.  S. Rep. No. 106-328, at 4, 7 (2000); H.R. 4516, § 1003; H.R. Doc. 106-306 at 1, 34.

    It was only very recently that the universal applicability of the communications excise tax was called into question.   The industry changes that spawned recent challenges to this tax were not "revolutionary" or "technological" at all, however.   (See Am. Compl. ¶ 29.)  Rather, in 1997, AT&T - which had previously charged a per-minute rate for long-distance calls that depended on the "mileage band" in which the call recipient was located - consolidated these bands into a single, averaged, interstate rate. See, e.g., Fortis, Inc. v. United States, No. 03-5137, 2004 U.S. Dist. LEXIS 18686, at *9-10 (S.D.N.Y.  Sept. 16, 2004), aff'd, __ F.3d __ (2d Cir. Apr. 27, 2006).   MCI followed suit in 2000.  (Am. Compl. ¶ 31.)

---

§ 1801, 100 Stat. 2085, 2785 (1986); Omnibus Budget Reconciliation Act of 1987, Pub. L. No. 100-203, § 10501, 101 Stat. 1339, 1330-438 (1987); Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508, § 11217(a), 104 Stat. 133, 1338-437 (1990).

1695587.2

As a result of these changes in billing methods, a number of taxpayers recently brought suits for refund of communications excise taxes, under a theory that at least one appellate judge has described as "lawyers [playing] word games at the expense of the public fisc."   OfficeMax, Inc. v. United States, 428 F.3d 583, 605 (6th Cir. 2005) (Sutton, J., dissenting).   In particular, these suits have argued that, because many of the major long-distance service providers no longer charge a rate that varies according to interstate "mileage bands," the services they provide are no longer taxable under 26 U.S.C. § 4252(b)(1) as phone calls for which the charge varies with the distance and elapsed transmission time of each communication.

The first case so challenging the communications excise tax in light of this change in industry billing practice was decided on January 29, 2004, in favor of the government.   See Am. Bankers Ins. Group, Inc. v. United States, 308 F.Supp.2d 1360 (S.D. Fla. 2004), rev'd, 408 F.3d 1328 (11th Cir. 2005).   Since that time, the government has lost a number of other cases on the same issue.   (Am. Compl. ¶ 34.)   At the time of the Service's notice identified in the amended complaint, (Am. Compl. Ex. 1), only one appellate court, the United States Court of Appeals for the Eleventh Circuit, had opined on the topic.   Am. Bankers Ins. Group, 408 F.3d 1328.   As of today, however, five circuit courts of appeal have come down in favor of the taxpayer.   See Reese Bros., Inc. v.

<u>United States</u>, ___ F.3d ___ (3d Cir. May 9, 2006)(in addition the cases identified at Am. Compl. ¶ 34).[6]

In all of the cited cases challenging the imposition of the excise tax on toll calls charged according to a single, averaged, interstate per-minute rate, the taxpayer sought recovery of the excise tax by way of a refund suit under 26 U.S.C. § 7422(a), after first having made a proper, administrative claim for refund and waiting until the claim was denied, or not acted upon for six months.  <u>See</u> 26 U.S.C. § 6532(a).   In this case, however, plaintiffs endeavor to do something entirely different.   Plaintiffs seek, *inter alia*, a writ of mandamus enjoining the collection of the communications excise tax on *all* services (Am. Compl. at p. 35) and requiring the Secretary of the Treasury to promulgate regulations implementing an alternative process for seeking refunds (<u>id</u>. at 35-36), in addition to declaratory and other relief.

With regard to the monetary relief sought, plaintiffs Sloan, Sable, McGranahan and Perlowitz admit that they did not file refund claims with the Service.  (Am. Compl. ¶ 11.)  Plaintiffs Sachuk, Hrusovsky, Markowitz, Denenberg, and Catering by Design, Inc., allege that they each filed refund claims with the Service on various dates within three months prior to filing the amended complaint, but do not allege that the claims have been acted upon, or that they have waited the requisite period before filing suit. (Am. Compl. ¶ 18).   Plaintiffs Krasney, Sachuk, Hrusovsky, Markowitz, Denenberg,

---

[6]However, the time within which the United States may petition the Supreme Court for a writ of certiorari has yet to expire in three of these cases – <u>OfficeMax</u>, <u>Fortis</u>, and <u>Reese Bros</u>.

and Catering by Design, Inc. each filed a claim for refund, not on their own behalf, but on behalf of themselves and "all other similarly situated taxpayers." (Am. Compl. Exs. 2-8.)   The amended complaint seeks certification of a class of taxpayers "similarly situated" to these plaintiffs, none of whom have submitted a proper claim for refund, and asks for relief on behalf of the entire class.

As explained herein, the existence of a legal remedy for individuals seeking a refund of excise taxes, together with the failure of all named plaintiffs to comply with the statutory and regulatory requirements for seeking such a refund, is fatal to all counts of the amended complaint.   The amended complaint must therefore be dismissed, whether or not the plaintiffs' contentions with regard to the application of the communications excise tax, in light of the service provider's changes in billing methods, are accurate.

## QUESTIONS PRESENTED

1.    26 U.S.C. § 7422(a) permits suits for recovery of federal excise taxes only if "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."   Such a suit may only be maintained after "the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time."   Id. § 6532(a)(1).   None of the named plaintiffs to this class action have filed a proper claim for refund on their own

behalf, or waited the requisite period before filing suit.  Should plaintiffs' complaint be dismissed for lack of subject-matter jurisdiction?

      2.      The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," except as authorized under the Internal Revenue Code.   Plaintiff seeks an order enjoining the United States from collecting federal taxes from an indeterminate number of plaintiffs, and compelling the government to take certain administrative actions with regard to a federal tax.    Is all, or part, of the relief sought barred by law?

      3.      The Declaratory Judgment Act, 28 U.S.C. § 2201 explicitly excepts from its grant of jurisdiction controversies with respect to federal taxes.   Should plaintiffs' claims for a declaratory judgment with respect to the legality or constitutionality of the Service's collection of communications excise taxes be dismissed?

      4.      In order to obtain mandamus relief or relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, plaintiffs must establish that they are not seeking relief that has been committed to agency discretion, that their claims are not otherwise barred, and that they do not have an adequate remedy at law for their grievance.   But the implementation of procedures for pursuing a refund claim are firmly delegated to agency discretion, relief which would compel a different procedure is barred by the Anti-Injunction Act, and the viability of a refund claim is an adequate

remedy at law.   Should plaintiffs claims for mandamus relief or relief under the APA be dismissed?

5.      Plaintiffs allege only that the telephone calls on which they were taxed "did not vary by distance."   That, alone, does not establish entitlement to a refund of federal taxes.   Many types of communications services, the charge for which does not vary by distance, are nonetheless taxable, even under the cases cited by the plaintiffs. Should plaintiffs' complaint be dismissed for failure to state a claim under the communications excise tax statute?

## ARGUMENT

I.    **The Court Lacks Subject-Matter Jurisdiction over the Amended Complaint, Because it Does Not Comply with the Terms and Conditions of Any Waiver of the United States' Sovereign Immunity.**

Pursuant to the doctrine of sovereign immunity, the United States can be sued only when it has expressly consented to suit.   See United States v. Sherwood, 312 U.S. 584, 586 (1941) (and cases cited therein).   The doctrine is fundamental, applies to every sovereign power, and has long been recognized by the Supreme Court.   See, e.g., Nichols v. United States, 74 U.S. 122, 126 (1869).   The doctrine is jurisdictional in nature, operating as a complete bar to lawsuits against the government absent an explicit waiver of the immunity.   Sherwood, supra, at 586.

A waiver of sovereign immunity must be explicit and is strictly construed in favor of the sovereign.   United States v. Nordic Village, 503 U.S. 30, 33-34 (1992).  It is a plaintiff's burden to establish the jurisdiction of the Court; thus, plaintiff must allege

sufficient facts to show a waiver of sovereign immunity.   See, e.g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188 (1936) (party seeking exercise of jurisdiction in his favor must allege sufficient facts essential to show jurisdiction).

The amended complaint identifies four statutes that it alleges provide the basis for the Court's jurisdiction to order the extraordinary relief plaintiffs seek.   (See Am. Compl. ¶ 65.)   The second of these, 28 U.S.C. § 1331, is a general grant of federal jurisdiction over matters of federal law, and does not establish a waiver of the United States' sovereign immunity.[7]  The remaining statutes plaintiffs allege vest this Court with jurisdiction over their class-action complaint – The "Little Tucker Act" (28 U.S.C. § 1346), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 702) – will be discussed in turn.   28 U.S.C. § 1346 is discussed immediately below.   28 U.S.C. § 2201 will be discussed in part I.C. (pps. 23-24), infra. 5 U.S.C. § 702 will be discussed in part II.B. (pps. 27-29), infra.

A.   The Court Lacks Jursidiction over Plaintiffs' Claims for Recovery of Federal Taxes, However Styled, Because the Plaintiffs' Have Not Complied with the Jurisdictional Prerequisites to Suit.

1.   28 U.S.C. § 1346(a)(1).

---

[7]See, e.g., Navy, Marshall & Gordon, P.C. v. United States International Development-Cooperation Agency, 557 F. Supp. 484, 488 (D.D.C. 1983) ("Neither 28 U.S.C. § 1331, nor any provision of the Constitution, is a waiver of sovereign immunity[.]"); Daly v. Dep't of Energy, 741 F. Supp. 202, 204 (D. Colo. 1990)("[E]very claim against the United States presents a federal question.  Therefore, if § 1331 constituted a waiver of sovereign immunity, every plaintiff with a claim against the United States or one of its agencies could maintain a federal district court action. Clearly this is not the law.")

1695587.2

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."  Clearly, plaintiffs' claims for monetary relief are just such a civil action.  This jurisdictional grant, however, "must be read in conformity with other statutory provisions" which qualify a taxpayer's right to bring such a claim upon compliance with certain conditions.  United States v. Dalm, 494 U.S. 596, 601 (1990).

The first of these qualifications is set forth in 26 U.S.C. § 7422(a), which is the waiver of sovereign immunity that allows taxpayers, generally, to bring a suit for refund of taxes paid.  Dalm, 494 U.S. at 601.  Section 7422(a) tracks the language of 28 U.S.C. § 1346(a)(1), permitting "the recovery of any internal revenue tax," etc., but only if "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  26 U.S.C. § 6511(a) sets forth the time limits for filing such a claim for refund or credit.  Further, section 6532(a)(1) provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time."

Compliance with sections 7422(a), 6511(a) and 6532(a)(1) as a prerequisite to bringing or maintaining a suit for the recovery of a tax or penalty is mandatory.  <u>Bohn v. United States</u>, 467 F.2d 1278 (8th Cir. 1980).  This is a jurisdictional requirement, and therefore, cannot be waived.  <u>See</u>, <u>e.g.</u>, <u>Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."); <u>Franklin Savings Corp. v. United States</u>, 180 F.3d 1124, 1129 (10th Cir. 1999) ("Defects in subject matter jurisdiction can never be waived.")  As explained by the Supreme Court --

> the import of these sections is clear: unless a claim for refund of tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been "erroneously," "illegally" or "wrongfully collected," may not be maintained in any court.

<u>United States v. Dalm</u>, 494 U.S. 596, 602 (1990).

In paragraph 11 of the Amended Complaint, plaintiffs Sloan, Sable, McGranahan and Perlowitz admit that they did not file tax refund claims.  Because these plaintiffs have failed to first file a claim for refund with the Secretary, their complaint is barred by 26 U.S.C. § 7422(a).[8]

In paragraph 18 of the amended complaint, plaintiffs Krasney, Sachuk, Hrusovsky, Markowitz, Denenberg, and Catering by Design, Inc., allege that they each filed refund claims with the IRS on various dates between February 9, 2006 and April 3,

---

[8]In addition, dismissal of Virginia Sloan and any other resident of the District of Columbia as plaintiffs in the case would likewise mean that this action was brought in the improper venue.  28 U.S.C. §§ 1396, 1402(a)(1).

1695587.2

2006.   Other than the claim filed by plaintiff Krasney, however, plaintiffs do not allege that the claims have been acted upon by the Service.  (Am. Compl. ¶ 18.)   Because these plaintiffs have failed to wait for a denial, or for at least six months without a response, their complaint is barred by 26 U.S.C. § 6532(a).

Finally, the only "claim" to have receive a response from the Service is that filed by plaintiff Krasney.   His claim was not limited to his own taxes, but was filed on behalf of himself and "all other similarly situated taxpayers." (Am. Compl. Ex. 2.)[9]  As indicated in the Service's response to Krasney's claim, (Am Compl. Ex. 8), Krasney has no standing to assert a claim for refund of money paid by other taxpayers.  See, e.g., Krause v. United States, No. 95-137, 1996 U.S. Dist. LEXIS 19933, at *6 (W.D. Mich. Sept. 18, 1996).  In addition, Krasney's claim does not include "appropriate supporting evidence" or "facts sufficient to apprise the Commissioner of the exact basis" of the claim, as is required by the "provisions of law [for filing refund claims], and the regulations of the Secretary established in pursuance thereof." See 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2.   In particular, Krasney's claim does not provide any evidence that he, indeed, paid the tax, or a calculation of the amount which he claims he overpaid (which could be shown with invoices and cancelled checks, or an account statement from the communications service provider).   Moreover, to the extent Krasney's filing may be treated as a valid "claim" for the purposes of 26 U.S.C. § 7422(a) and 26 C.F.R. §

_____

[9]The claims submitted by Sachuk, Hrusovsky, Markowitz, Denenberg, and Catering by Design, Inc. likewise suffer from the same defect.

301.6402-2, and the Service's subsequent response as a denial of that claim, Krasney has selected an improper venue for a refund suit.   Krasney resides in Chester Springs, Pennsylvania.   (Am. Compl. ¶ 12.)   A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial district in which the plaintiff resides.   See 28 U.S.C. § 1402(a)(1); Saraco v. United States, 61 F.3d 863 (3d Cir. 1995).

Likewise, the Court lacks jurisdiction over refunds sought by any potential class members who have not met the procedural requirements of §§ 6532 and 7422.   Because the potential class members are those who are "similarly situated" to the named plaintiffs – i.e., they have not fulfilled the jurisdictional prerequisites to a suit for refund – dismissal is appropriate as to all plaintiffs.   In any event, any effort by the Court to determine whether any potential plaintiffs exist that have met these procedural requirements would be based upon mere speculation.   Accord, Lipsett v. United States, 37 F.R.D. 549, 552 (S.D.N.Y. 1965); Sutherland v. Egger, 605 F.Supp. 28, 31 (W.D. Pa. 1984).

Plaintiffs appear to contend, in both the amended complaint and the papers submitted to the Service, that Notice 2005-79 was a preemptive "denial" of their claims. (Am. Compl. ¶118.)  Section 6532(a)(1), however, specifically provides that a notice of disallowance is valid only if the Service mails the notice by certified or registered mail. Accord, Thomas v. United States, 166 F.3d 825 (6th Cir. 1999).   The Service's notice was not specific to any taxpayer, and there is no allegation or evidence that the Service

mailed it to plaintiffs by certified or registered mail.  Moreover, the notice only provides

that any claims for refund of communications excise tax, "including claims for which

appellate venue would lie in the United States Court of Appeals for the Eleventh

Circuit, will not be processed while there are pending cases in other United States

Courts of Appeals."   Because the IRS has no statutory duty to process refund claims, a

simple pronouncement by the IRS that it *will not process* a particular type of refund

claim does not constitute the formal denial of such a claim.   Importantly, the

"processing" of a claim is not a predicate to establishing jurisdiction.   All plaintiffs need

to do to establish jurisdiction, if, indeed, the Service declines to process any claims, is to

submit a proper claim, and then wait the requisite six months before filing suit.   26

U.S.C. § 6532(a)(1).

Of course, nothing in Notice 2005-79 precludes the possibility that claims for

refund of communications excise tax may be granted.  The Service may still, and must

be afforded the opportunity to, reconsider its position as the case law on the

communications excise tax continues to develop.   In any event, "the necessity of filing a

claim is not dispensed with the futility of asking the Service to judge itself guilty, even if

the anticipated rejection of a claim is well-grounded." Peterson v. Rossotti, 2002 U.S.

Dist. LEXIS 3068 (E.D. Va. 2002).   As explained by the Supreme Court -

> The necessity for filing a claim such as the statute requires is not
> dispensed with because the claim may be rejected.   It is the rejection
> which makes the suit necessary.   An anticipated rejection of the claim,
> which the statute contemplates, is not a ground for suspending its
> operation.

-15-

1695587.2

United States v. Felt & Tarrant Manuf. Co., 283 U.S. 269, 273 (1931).   Thus plaintiffs'

efforts to create a "futility" exception to the jurisdictional requirements of 26 U.S.C. §§

7422(a) and 6532(a) are unavailing.

    Alternatively, plaintiffs appear to contend that the claim-for-refund procedures

are not "practical or realistic," (Am. Compl. ¶ 11), owing to the large numbers of refund

claims they anticipate (id. ¶ 4), the "time required" to complete the forms (id. ¶ 38) and

collect data demonstrating their entitlement to a refund (id. ¶ 58), as well the cost of

postage (id. ¶ 38) and litigation if the claims are denied (id. ¶ 58).   But these refund

procedures are the same ones used for the most common tax claims - claims for refund

of income taxes.   Every year, tens of millions of Americans file claims for refund of

income taxes, sometimes for nominal amounts, and are required to complete Forms

1040 and the like, 26 U.S.C. § 6011(a), to collect records demonstrating the correct

liability, id. § 6001, to bear the cost of postage (if mailed), and of litigation if the claims

are denied.   To that extent, some taxpayers may recoup some of their costs and

attorney's fees if they "substantially prevail" in an administrative or court proceeding.

See id. § 7430; 28 U.S.C. § 2412.   There is no compelling reason to treat plaintiffs' case

any differently.   To do so would be to make the exception swallow the rule.

    Instead, there are compelling reasons, *particularly with regard to the*

*communications excise tax*, why persons seeking recovery of an overpayment would be

required to follow the Congressionally-mandated claim-for-refund procedures.   The

telecommunications carriers report excise tax collected on Form 720, which states only

the amount of tax collected in the aggregate, whether on account of "local," "toll" or "teletypewriter" services.[10]   Thus, the Service would have no way of knowing how much of its collections had been called into question by the recent decisions cited by the plaintiffs.  (Am. Compl. ¶ 34.)   Instead, the individual taxpayer is the only person in a position to demonstrate that his or her long distance plan is of a class of services that were excepted from the reach of the communications excise tax by recent decisions, and to demonstrate the amount of excise tax paid which may be properly refunded.

In any event, the Congressionally mandated procedures for the recovery of communications excise taxes are clear and well-recognized, and may not be circumvented by the creative methods proffered by plaintiffs.   The cases are numerous in holding that plaintiffs may not claim an administrative remedy was inadequate if they never properly sought to invoke it.   See, e. g., McGee v. United States, 402 U.S. 479, 483 (1971) (a Selective Service registrant may not complain in court if the registrant "has failed to pursue normal administrative remedies and thus has sidestepped a corrective process which might have cured or rendered moot the very defect later complained of"); Geo. F. Alger Co. v. Peck, 74 S. Ct. 605, 606-607 (1954) (Reed, J., in chambers) (a company may not complain in court when it failed to take advantage of an

---

[10]Form 720 is available at http://www.irs.gov/pub/irs-pdf/f720.pdf and requires only, on the third line of Part I, that the collecting agent report the aggregate amount of excise taxes collected on account of "local telephone service," "toll telephone service," and "teletypewriter exchange service" in any given calendar quarter.

1695587.2

available administrative remedy, even though that remedy may "cause inconvenience and expense"); Sutherland v. Egger, supra, 605 F.Supp. at 31.

> 2.    *28 U.S.C. § 1346(a)(2).*

Under 28 U.S.C § 1346(a)(2), a district court has jurisdiction over "[a]ny **other** civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress[.]" (emphasis added).   By its plain terms, section 1346(a)(2) grants jurisdiction only to those claims which are *other than* a civil action for the recovery of internal-revenue taxes.   As discussed above, plaintiffs' claims for monetary relief are patently claims for the recovery of internal-revenue taxes.   As a result, there is no district court jurisdiction under 28 U.S.C. § 1346(a)(2).

Moreover, the amended complaint does not state any claim founded upon either the Constitution or any Act of Congress.   The only such law identified in the amended complaint (other than 26 U.S.C. § 7422, the federal tax refund statute) is the Fifth Amendment.   In particular, plaintiffs make the conclusory allegations that the collection of communications excise taxes, in their case, are a deprivation of due process and a taking without just compensation.   (Am. Compl. at pp. 24-25.)   But the Due Process Clause is not a "money-mandating" clause of the Constitution; that is, it is not one which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."   United States v. Testan, 424 U.S. 392, 400 (1976).   As a result, it does not provide an independent basis for jurisdiction under the

-18-

"little" Tucker Act, 28 U.S.C. § 1346(a)(2). Accord, Sonnenfeld v. United States, 154 Fed.

Appx. 212 (Fed. Cir. 2005); Murphy v. Internal Revenue Service, 362 F. Supp. 2d 206, 216

(D.D.C. 2005)("Historically, the courts never used the substantive due process clause to

regulate the federal income tax.")(quotes and citations omitted).

     Likewise, the Takings Clause is not an independent basis for recovery in suits for

the recovery of federal taxes.   As explained by this Court, "[c]ourts generally reject the

argument that taxing provisions can be classified as 'taking of property without due

process of law."   Murphy, supra, at 216.   While taxes indeed "take" income and other

monies, they do not do so "in the sense in which the Constitution uses takings."

Coleman v. Comm'r, 791 F.2d 68, 70 (7th Cir. 1986).   Further, Congress' power to levy a

tax also vests that body with the power to set forth the means and methods for making

refunds.   Van Sant v. United States, No. 97-363, 2001 U.S. Dist. LEXIS 22339, at *19

(D.D.C. Dec. 31, 2001).   Because plaintiffs have failed to avail themselves of these means

and methods of seeking recovery of the communications excise tax, they cannot

complain that the tax violates the Takings Clause.   Murphy, supra, at 217.

     Accordingly, the Court lacks jurisdiction over the first, second, third, fourth, and

ninth causes of action, in that they are for the recovery of federal taxes without having

first complied with the jurisdictional prerequisites of 26 U.S.C. §§ 7422(a) and 6532(a)(1).

1695587.2

B.      The Complaint Is Barred by the Anti-Injunction Act.

The Anti-Injunction Act provides that "no suit for the purpose of restraining the

assessment or collection of any tax shall be maintained in any court by any person,

whether or not such person is the person against whom such tax was assessed."

26 U.S.C. § 7421(a).  As the Supreme Court has emphasized, the language of the Act

"could scarcely be more explicit," reflecting its overarching objective of protecting "the

government's need to assess and collect taxes as expeditiously as possible with a

minimum of pre-enforcement judicial interference."  Bob Jones University v. Simon, 416

U.S. 725, 736 (1974).  The Act has two primary objectives: "efficient and expeditious

collection of taxes with a minimum of preenforcement judicial interference, and

protection of the collector from litigation pending a refund suit."  United States v.

American Friends Serv. Comm., 419 U.S. 7, 12 (1974).  The effect of the Act is simple and

obvious:  courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the

assessment or collection of taxes.  See, e.g., Nat'l Taxpayers Union, Inc. v. United States,

68 F.3d 1428, 1435 (D.C. Cir. 1995); Estate of Michael v. Lullo, 173 F.3d 503, 506 (4th Cir.

1999) ("The Anti-Injunction Act withdraws all courts' jurisdiction over suits filed for the

purpose of restraining the assessment or collection of any tax.").

In seeking the recovery of internal-revenue taxes outside of a refund suit,

declaratory relief regarding the government's collection of such taxes, and a writ of

mandamus enjoining the collection of the communications excise tax on all

telecommunications services (Am. Compl. at p. 35) and requiring the Secretary of the

1695587.2

Treasury to promulgate regulations implementing an alternative process for seeking refunds (id. at 35-36), plaintiffs' action is plainly barred by the Anti-Injunction Act.   The statutory exceptions to the Act are not applicable here.[11]   Nor do the judicially-created exceptions to the Anti-Injunction Act, set forth in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962), and South Carolina v. Regan, 465 U.S. 367 (1984), describe plaintiffs' circumstance.

In Williams Packing, 370 U.S. 1, 7, the Court concluded that the Anti-Injunction Act would not apply if (1) when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.   The Williams Packing exception is "stringent" and is to be applied only in "extreme situations."   Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974); Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 6 (D.C. Cir. 1979); Rappaport v. United States, 583 F.2d 298, 301 (7th Cir. 1978).   The burden is on the plaintiffs to demonstrate that the suit falls within the purview of any judicially created exception to the Anti-Injunction Act.   Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970); Vuin v. Burton, 327 F.2d 967, 969 (6th Cir. 1964).   Unless both conditions of the Williams Packing two-part test are met, a suit to enjoin the

---

[11]These are Internal Revenue Code (26 U.S.C.) §§ 6015 (innocent spouse relief), 6212-13  (petition to Tax Court), 6225 (partnership proceedings), 6246 (same), 6330 (collection due process), 6331 (levies during pendency of refund proceeding), 6672 (trust fund recovery after posting of bond), 6694 (recovery of tax preparer penalty after posting of bond), 7426 (wrongful levy), 7429 (jeopardy assessments and levies), and 7436 (determinations of employment status).

1695587.2

assessment or collection of a tax must be dismissed for lack of jurisdiction.   See

Alexander v. "Americans United" Inc., 416 U.S. 752, 758 (1974).

Under the first prong of the Williams Packing test, the government need only

have a good faith basis for its claim or defense in order to obtain dismissal.   Elias v.

Connett, 908 F.2d 521, 525 (9th Cir. 1990).   The question of statutory interpretation –

whether toll calls charged according to a single, averaged, interstate per-minute rate are

described by 26 U.S.C. § 4252(a) or (b) - is one which is open to reasonable debate.[12]

Even in those cases where the courts found for the taxpayer, they were "anything but

dismissive of the question" presented by the government.[13]   The recent loss in one or

more circuit courts of appeal on a legal issue does not a fortiori mean that "under no

circumstances" can the government prevail.  To suggest otherwise would be to "thwart

the development of important questions of law by freezing the first final decision

rendered" in cases involving the government.   United States v. Mendoza, 464 U.S. 154,

160 (1984).

Under the second prong of the Williams Packing test, the plaintiffs must prove,

prior to the exercise of this Court's jurisdiction, that they have "no adequate remedy at

law" and that denial of injunctive relief would cause them "immediate, irreparable

injury."  Sokolow v. United States, 169 F.3d 663, 665 (9th Cir. 1999).   For the reasons

---

[12]Compare OfficeMax, supra, 428 F.3d at 600-605 (Rogers, J., dissenting) and American Bankers Ins. Group v. United States, 308 F. Supp. 2d 1360 (S.D. Fla. 2004) with the cases cited by the plaintiffs at Am. Compl. ¶ 34.

[13]OfficeMax, supra, 428 F.3d at 584.

1695587.2

stated above (see pp. 15-16, supra), the right to file a refund claim and subsequently sue for a refund if that claim is denied constitutes an adequate remedy at law.   Bob Jones Univ., 416 U.S. at 726-27.   Moreover, that right, together with the right to interest on any overpayment while a refund suit is pending, 26 U.S.C. § 6611(a), and the right to seek reasonable litigation costs, including attorneys' fees, in the event plaintiffs "substantially prevail" in an administrative or court proceeding, id. § 7430; 28 U.S.C. § 2412, means that plaintiffs would not suffer "irreparable injury" were their request for injunctive relief to be denied.   Contrary to plaintiffs' assertions, a taxpayer does not show irreparable harm merely by asserting that a claim for refund is not a proper remedy because of the time and money expenditures involved in prosecuting that claim.   Brunwasser v. Jacob, 453 F.Supp. 567, 571 (W.D.Pa. 1978), aff'd, 605 F.2d 1194 (3d Cir. 1979).

In Regan, the Supreme Court stated that the Anti-Injunction Act may not bar relief where the plaintiff can establish that "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax."   465 U.S. at 373.   The circumstances in Regan were unique.   Regan implicated serious constitutional concerns[14] regarding the federal taxation of income from state-issued bonds – concerns which, as a matter of law, the state would otherwise be unable to raise in court.   As a

_____

[14]The concerns were that the tax on state-issued bonds may have violated of the Tenth Amendment and the doctrine of intergovernmental tax immunity.   Id. at 370. Regan explicitly did not decide whether the Court would have jurisdiction, in the same circumstances, to grant declaratory relief.   Id. at 370 n.2.

1695587.2

result, the <u>Regan</u> decision "is a narrow one tailored to the unique factual pattern in that case," and courts construing the <u>Regan</u> exception have strictly limited its applicability. <u>Judicial Watch, Inc. v. Rossotti</u>, 317 F.3d 401, 408 n.3 (4th Cir.) (collecting cases), <u>cert. denied</u>, 540 U.S. 825 (2003).  In particular, "the basis of the <u>Regan</u> exception is not whether a plaintiff has access to a legal remedy for the precise harm that it has allegedly suffered, but whether the plaintiff **has any access at all to judicial review."**  <u>Id.</u> at 408.

Under the statutory scheme relevant here, the plaintiffs may claim a refund for excise taxes by submitting a short statement, signed under penalties of perjury, which describes the telecommunications service plan, the amount of excise taxes paid, and provides some evidence of their entitlement to a refund.[15]  26 U.S.C. § 7422(a).  If the Service either denies their claim, or fails to act within six months, the plaintiffs may file a suit for refund.  <u>Id</u>. § 6532(a)(1).  Taxpayers earn interest on any overpayment while a refund suit is pending, <u>see id</u>. § 6611(a), and may, unless their net worth exceeds the statutory limit, seek reasonable litigation costs, including attorneys' fees, in the event they "substantially prevail" in an administrative or court proceeding.  <u>See id</u>. § 7430; 28 U.S.C. § 2412.   Under <u>Regan</u>, this right of access to judicial review is enough to render inapplicable the narrow exception described therein, whether or not, as a factual matter, such review would be "practical or realistic."  (Am. Compl. ¶ 11).

---

[15]Indeed, each of the plaintiffs in <u>OfficeMax</u>, <u>American Bankers Ins. Group</u>, <u>Amtrak</u>, <u>AOL</u>, <u>Reese Bros</u>., <u>Fortis</u>, etc., did exactly that.

1695587.2

Accordingly, the Court lacks jurisdiction over the entire complaint, and in particular the fifth, sixth, tenth causes of action, because the relief sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

C.    The Complaint Is Barred by the Declaratory Judgment Act.

While United States courts are provided with great flexibility to craft appropriate remedies, including the issuance of declaratory judgments, 28 U.S.C. § 2201(a) specifically prohibits declaratory judgments in controversies with respect to Federal taxes:

> In a case of actual controversy within its jurisdiction, **except with respect to Federal taxes** other than actions brought under section 7428 of the Internal Revenue Code, or a proceeding under section 505 or 1146 of Title 11 . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis added); see also Hobson v. Fischbeck, 758 F.2d 579 (11th Cir. 1985); Church of World Peace v. Internal Revenue Service, 715 F.2d 492 (10th Cir. 1983); Mitchell v. Riddell, 402 F.2d 842, 846 (9th Cir. 1968).   Plaintiffs' suit is patently a "controversy . . . with respect to Federal Taxes."  (See, e.g., Am. Compl. ¶ 22.)   As a result, this Court lacks jurisdiction over this suit, insofar as it seeks a declaratory judgment with respect to the legality or constitutionality of the Service's collection of communications excise taxes.   Flora v. United States, 357 U.S. 63, 75 (1958), aff'd on rehearing, 362 U.S. 145 (1960); Warren v. United States, 874 F.2d 280, 282 (5th Cir. 1989).

-25-

Moreover, in this circuit, the Declaratory Judgment Act's ban on suits with respect to federal taxes is interpreted co-terminously with that of the Anti-Injunction Act. Thus, for the same reasons that plaintiffs cannot establish any judicially-created exception to the Anti-Injunction Act, 26 U.S.C. § 7421(a), <u>see supra</u> pp. 20-23, plaintiffs can neither establish any such exception to the Declaratory Judgment Act.

Accordingly, the Court lacks jurisdiction over the fifth, sixth, tenth causes of action, because the relief sought is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## II.    The Complaint Fails to State a Claim upon Which Relief May Be Granted.

As discussed at length above, the availability of the legal remedy of a refund suit, together with plaintiffs' failure to follow the statutorily prescribed methods for claiming a refund of communications excise taxes, means that, as a matter of law, plaintiffs have failed to state a claim for relief under the Internal Revenue Code, the Anti-Injunction Act, the Declaratory Judgment Act, and the Constitution, and the Court lacks subject matter jurisdiction to order the relief plaintiffs seek thereunder. The same rationale applies with equal force to plaintiffs' claims for mandamus relief and under the Administrative Procedures Act, 5 U.S.C. § 702. Moreover, plaintiffs have failed to allege sufficient facts which, if true, would show that they have paid a tax that was erroneously collected.

A.    The Amended Complaint Fails to State a Claim for Mandamus Relief

In its tenth cause of action, the amended complaint seeks relief in the nature of mandamus, that is, an order by the district court requiring the government, among other things, to promulgate regulations implementing an alternative process for seeking refunds.   The federal mandamus statute, 28 U.S.C. § 1361, provides the district courts with "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  This Circuit has observed that "[n]o separate waiver of sovereign immunity is required to seek a writ of mandamus to compel an official to perform a duty required in his official capacity."  Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005)(citing Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996)).

Mandamus is a drastic remedy, appropriate only in extraordinary circumstances. Allied Chem. Corp. v. Daiflon, Inc., 499 U.S. 33, 34–35 (1980); Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Fornaro, 416 F.3d at 69.  For section 1361 to provide jurisdiction, it must appear from the face of the complaint that: (1) the plaintiff has a clear right to the relief sought; (2) there is a clear and peremptory duty on the government's part to do the act in question; and (3) no other adequate remedy is available.  United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543–44 (1937); Fornaro, supra, 416 F.3d at 69 (D.C. Cir. 2005).  If the party seeking mandamus fails to demonstrate the existence of any of the necessary elements, mandamus is not available.  See. e.g., Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897,

-27-

902–07 (D.C. Cir. 1996) (holding that mandamus was not available where claimants failed to show that officials had duty to disclose documents).

The party invoking a court's mandamus jurisdiction "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.'" Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988)). That party must show that Government officials failed to perform a ministerial duty that was clearly set out in the Constitution or by statute and that was devoid of the exercise of judgment or discretion. Dunn-McCampbell Roualty Interest, Inc. v. Nat'l Park Serv., 112 F.3d 1283, 1288 (5th Cir. 1997). "[T]he courts do not have authority under the mandamus statute to order any government official to perform a discretionary duty." Swan v. Clinton, 100 F.3d 973, 977 (D.C. Cir. 1996) (citing Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

Clearly, the issuance of regulations and the implementation of procedures for the recovery of federal taxes are duties that are far from ministerial. Indeed, the discretion to implement such procedures and regulations is firmly delegated to the Secretary of the Treasury by statute. See 26 U.S.C. § 7422(a) (claim for refund to be filed according to law, and to "regulations of the Secretary established in pursuance thereof.") Further, because each and every named and potential plaintiff has the right to recover, by way of making an administrative claim for refund and filing a subsequent suit, if such claim is denied, any overpayment of communications excise tax which they can prove,

1695587.2

together with interest, plaintiffs have an adequate remedy at law.   Mandamus relief is therefore improper in this case.[16]

B.    The Amended Complaint Fails to State a Claim Under the APA

In counts eight and nine, plaintiffs argue that section 702 of the Administrative Procedure Act, 5 U.S.C., provides a basis for jurisdiction.  Section 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  It continues: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States."  Id.  Accordingly, section 702, the APA's judicial-review provision, waives the Government's sovereign immunity, and thus permits the exercise of jurisdiction, in suits seeking nonmonetary relief with respect to certain agency actions.

In this case, the amended complaint fails to show or allege that plaintiffs were aggrieved in any way by final "agency action within the meaning of a relevant statute." See 5 U.S.C. §§ 551(13), 702, 704.  Moreover, the APA does not apply to agency action that is committed to agency discretion or made unreviewable by statute.  See 5 U.S.C.

---

[16]It is also worth noting that the defendant here is the United States.   Mandamus orders under section 1361 lie, where appropriate, against officials and employees.

1695587.2

§ 701(a); <u>Investment Co. Inst. v. FDIC</u>, 728 F.2d 518, 525–27 (D.C. Cir. 1984) (holding that FDIC's refusal to consider petition was committed to its discretion and thus not reviewable under APA).  As this Circuit has observed, whether a particular agency decision is committed to agency discretion depends on "whether there is law to apply in making and reviewing the decision."  <u>Investment Co. Inst.</u>, 728 F.2d at 526 (citing <u>National Resources Defense Council, Inc. v. SEC</u>, 606 F.2d 1031, 1043 (D.C. Cir. 1979).

In any event, at least to the extent that the amended complaint sought relief with respect to federal taxes, it fell within an exception to the waiver of sovereign immunity provided in section 702, which states that nothing in that provision "affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground" or "confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  5 U.S.C. § 702.  <u>See also</u> 5 U.S.C. § 701(a)(1) (judicial review unavailable under APA if "statutes preclude judicial review"); <u>Fornaro</u>, <u>supra</u>, at 66 (APA excludes from its waiver of sovereign immunity claims for which adequate remedy is available elsewhere and claims seeking relief are forbidden by another statute); <u>Transohio Sav. Bank v. OTS</u>, 967 F.2d 598, 607 (D.C. Cir. 1993) (same); <u>Lee v. Blumenthal</u>, 588 F.2d 1281, 1283 (9th Cir. 1979) (Section 702, "by its own terms, does not affect existing limitations on district court jurisdiction").

In this case, the rule as stated in <u>Fornaro</u> is directly on point.  <u>Fornaro</u>, <u>supra</u>, at 66 (D.C. Cir. 2005).   The APA does not provide an independent basis for jurisdiction

1695587.2

where, as here, plaintiffs have an adequate remedy at law under the federal tax refund statute, 26 U.S.C. § 7422(a).   Moreover, as explained above, see supra, pp. 18-24, the relief plaintiffs seek is explicitly barred by Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).   At least two circuits have held that the APA, as a matter of law, does not provide relief in cases with respect to federal taxes.   Hughes v. United States, 953 F.2d 531, 537 (9th Cir. 1992); Fostvedt v. United States, 978 F.2d 1201, 1203-1204 (10th Cir. 1992).   Accordingly, the plaintiffs have failed to state a claim, and the Court lacks jurisdiction over the seventh and eighth causes of action of the amended complaint.

   C.    The Amended Complaint Fails to State a Claim Under the Federal Communications Excise Tax Statute.

   Finally, with regard to the underlying substance of plaintiffs' tax claim, they allege only that charges for their calls "did not vary by distance."  (Am. Compl. ¶¶ 7-10, 12-17.)   That, alone, does not establish entitlement to a refund of federal taxes.   Many types of communications services, the charge for which does not vary by distance, are nonetheless taxable, even under the opinions of the five circuit court of appeals who have held for the taxpayer.   (Id. ¶ 34.)   In particular, "local" telephone service, 26 U.S.C. § 4252(a)(1), as well as plans where the "local" service is bundled together with long-distance service, id. § 4252(a)(2), and long-distance plans that entitle the caller to an unlimited number of calls to a specified area for a fee, id. § 4252(b)(2), do not involve charges which vary by distance, but are nonetheless subject to the communications excise tax.   The continued viability of the excise tax to these types of plans remains

-31-                                          1695587.2

unaffected by the decisions cited by the plaintiff.   (Am. Compl. ¶ 34.)   Accordingly,

plaintiffs also fail to state a claim under the substantive tax law.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this

action be dismissed, without prejudice to the right of plaintiffs to bring a civil action for

refund of federal taxes at the appropriate time pursuant to 26 U.S.C. §§ 6532 and 7422. .

Dated:        May 15, 2006

Respectfully submitted,


__/s/ Ivan C. Dale_____
IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1695587.2