IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

VIRGINIA SLOAN, et al.,            )
                                   )
                Plaintiffs,        )
                                   )
        v.                         )        No. 1:06-cv-00483 RMU
                                   )
                                   )
UNITED STATES,                     )
                                   )
                Defendant.         )

_____

**MEMORANDUM IN OPPOSITION TO MOTION FOR
CLASS CERTIFICATION AND FOR A PRELIMINARY INJUNCTION**

_____


                        IVAN C. DALE
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        Post Office Box 227
                        Washington, DC 20044
                        Telephone: (202) 307-6615


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

This is an action for, *inter alia*, an order enjoining the collection of communications excise taxes and compelling government officials to promulgate certain regulations and administrative procedures, for recovery of tax overpayments outside of the procedure set forth in the Internal Revenue Code, and other relief.   Because the Court lacks subject-matter jurisdiction to grant any such relief, as the amended complaint does not comply with the terms or conditions of any waiver of the United States' sovereign immunity, because the amended complaint fails to state a claim upon which relief may be granted, and because the relief sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, the United States has moved to dismiss the complaint.

On April 11, 2006, plaintiffs Virginia Sloan, Robert McGranahan and Shari Perlowitz filed a motion for immediate class certification, and for "a preliminary injunction against continued collection of [the federal communications excise tax] from all natural persons in the District of Columbia, Michigan, Ohio, Kentucky, Tennessee, Alabama, Florida and Georgia." (Mem. Supp. Mot. Prelim. Inj. at 1.)  This request may have been rendered moot by the filing of an amended complaint, on May 3, 2006, which includes plaintiffs that are not within the jurisdictions described in the motion.   To the extent that plaintiffs wish to proceed with their motion, however, the United States opposes their request, for the reasons stated in the United States' motion to dismiss, filed contemporaneously herewith, and for those stated herein.

1700555.1

**ARGUMENT**

**I.     The request for a preliminary injunction is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.**

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). As the Supreme Court has emphasized, the language of the Act "could scarcely be more explicit," reflecting its overarching objective of protecting "the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." Bob Jones University v. Simon, 416 U.S. 725, 736 (1974). The Act has two primary objectives: "efficient and expeditious collection of taxes with a minimum of preenforcement judicial interference, and protection of the collector from litigation pending a refund suit." United States v. American Friends Serv. Comm., 419 U.S. 7, 12 (1974). The effect of the Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes. See, e.g., Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995); Estate of Michael v. Lullo, 173 F.3d 503, 506 (4th Cir. 1999) ("The Anti-Injunction Act withdraws all courts' jurisdiction over suits filed for the purpose of restraining the assessment or collection of any tax.").

In seeking an order enjoining the collection of the communications excise tax on certain telecommunications services from persons in seven states and the District of

Columbia, plaintiffs plainly run afoul of the Anti-Injunction Act.[1]  Plaintiffs do not dispute that their motion runs afoul of the Act's general rule; however, they contend that their circumstance falls within the judicially-created exception to the Anti-Injunction Act, set out in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962).

In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Court concluded that the Anti-Injunction Act would not apply if (1) when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.   The Williams Packing exception is "stringent" and is to be applied only in "extreme situations."   Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974); Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 6 (D.C. Cir. 1979); Rappaport v. United States, 583 F.2d 298, 301 (7th Cir. 1978).   The burden is on the plaintiffs to demonstrate that the suit falls within the purview of this judicially created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970); Vuin v. Burton, 327 F.2d 967, 969 (6th Cir. 1964).   Unless both conditions of the Williams Packing two-part test are met, a suit to enjoin the assessment or collection of a tax must be dismissed for lack of jurisdiction.   See Alexander v. "Americans United" Inc., 416 U.S. 752, 758 (1974).

---

[1]Moreover, ordering the relief sought by the motion would require that the administration of the communications excise tax no longer be uniform, as the injunction would apply only within certain judicial districts.

Under the first prong of the <u>Williams Packing</u> test, the government need only have a good faith basis for its claim or defense in order to obtain dismissal.   <u>Elias v. Connett</u>, 908 F.2d 521, 525 (9th Cir. 1990).   The question of statutory interpretation – whether toll calls charged according to a single, averaged, interstate per-minute rate are described by 26 U.S.C. § 4252(a) or (b) - is one which is open to reasonable debate.[2] Even in those cases where the courts found for the taxpayer, they were "anything but dismissive of the question" presented by the government.[3]   The recent loss in one or more circuit courts of appeal on a legal issue does not *a fortiori* mean that "under no circumstances" can the government prevail.  To suggest otherwise would be to "thwart the development of important questions of law by freezing the first final decision rendered" in cases involving the government.   <u>United States v. Mendoza</u>, 464 U.S. 154, 160 (1984).

Under the second prong of the <u>Williams Packing</u> test, the plaintiffs must prove, prior to the exercise of this Court's jurisdiction, that they have "no adequate remedy at law" and that denial of injunctive relief would cause them "immediate, irreparable injury." <u>Sokolow v. United States</u>, 169 F.3d 663, 665 (9th Cir. 1999).  Under the statutory scheme relevant here, plaintiffs may file a proper administrative claim for refund.   In the event the Service denies the claim in whole or in part, or fails to act on the claim

---

[2]<u>Compare</u> <u>OfficeMax</u> v. United States, 428 F.3d 583, 600-605 (Rogers, J., dissenting) <u>and</u> <u>American Bankers Ins. Group v. United States</u>, 308 F. Supp. 2d 1360 (S.D. Fla. 2004) <u>with</u> the cases cited by the plaintiffs at Am. Compl. ¶ 34.

[3]<u>OfficeMax</u>, <u>supra</u>, 428 F.3d at 584.

1700555.1

within six months, the taxpayer may file an action for refund, id. § 7422(a). Taxpayers earn interest on any overpayment while a refund suit is pending, see id. § 6611(a), and may, unless their net worth exceeds the statutory limit, seek reasonable litigation costs, including attorneys' fees, in the event they "substantially prevail" in an administrative or court proceeding. See id. § 7430; 28 U.S.C. § 2412. This right to file a refund claim and subsequently sue for a refund if that claim is denied constitutes an adequate remedy at law. Bob Jones Univ., 416 U.S. at 726-27. Moreover, that right, together with the right to interest on any overpayment to seek reasonable litigation costs, means that plaintiffs would not suffer "irreparable injury" were their request for injunctive relief to be denied.

Contradicting plaintiffs' contention that the claim-for-refund procedures are not an "adequate remedy" is the fact that, in every case cited by plaintiffs for the proposition that the communications excise tax does not apply to their long-distance calls, the taxpayer successfully filed a claim for refund, waited the requisite statutory period before filing suit, and obtained a judgment for a refund, with interest, by way of the lawsuit. See Reese Bros., Inc. v. United States, ___ F.3d ___ (3d Cir. May 9, 2006) (in addition to the cases identified at Am. Compl. ¶ 34).[4] The taxpayers in those cases did not claim the remedy of a refund suit was inadequate in an effort to circumvent the

---

[4]The Solicitor General has not yet decided whether to pursue Supreme Court review of the latest adverse decisions in Reese Bros., OfficeMax, and Fortis. The earliest date on which the time for petitioning for a writ of certiorari would expire occurs in June.

1700555.1

Anti-Injunction Act.   Plaintiffs thus present no compelling case why a judicially-created remedy would be necessary in their circumstance, and their request for otherwise-barred relief should be denied.

## II. The request for immediate class certification should be denied, or at a minimum, deferred until the Court rules on the United States' motion to dismiss.

_____As discussed at length in the United States' motion to dismiss, the plaintiffs have failed to state a claim for relief under the Internal Revenue Code, the Anti-Injunction Act, the Declaratory Judgment Act, or any other federal law, and the Court lacks subject matter jurisdiction to order the relief plaintiffs seek thereunder.   In particular, the Court lacks jurisdiction over refunds sought by any potential class members who have not met the procedural requirements of 26 U.S.C. §§ 6532 and 7422.   Because the potential class members are those who are "similarly situated" to the named plaintiffs – i.e., they have not fulfilled the jurisdictional prerequisites to a suit for refund – dismissal is appropriate as to all plaintiffs.   In any event, any effort by the Court to determine whether any potential plaintiffs exist that have met these procedural requirements would be based upon mere speculation.   Accord, Lipsett v. United States, 37 F.R.D. 549, 552 (S.D.N.Y. 1965); Sutherland v. Egger, 605 F.Supp. 28, 31 (W.D. Pa. 1984).

For the same reasons, plaintiffs cannot satisfy the "numerosity" requirement of Fed. R. Civ. P. 23(a)(1).   Because the only proper plaintiffs in this case are those who have met the procedural requirements of 26 U.S.C. §§ 6532 and 7422, and because the amended complaint does not identify *any* plaintiff who has met those procedural requirements, plaintiffs have not satisfied their burden under Rule 23(a)(1), and the

request for class action certification must be denied.  <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613-14 (1997); <u>Fisher v. United States</u>, 69 Fed. Cl. 193, 196 (2006).

At a minimum, owing to the apparent procedural deficiencies and jurisdictional problems shown in the United States' motion to dismiss, the Court should defer ruling on the plaintiffs' motion for class certification.  In the event that the Court grants the United States' motion to dismiss, the motion for class certification would become moot. The resolution of the jurisdictional issues are central to the resolution of plaintiffs' motion to certify.   In particular, it would be imprudent for the Court to certify an "opt-out" class which may comprise taxpayers who had complied with the claim-for-refund requirements of 26 U.S.C. § 7422(a), thus requiring them to join a lawsuit with these plaintiffs who have shirked the jurisdictional requirements.

//

//

//

//

//

//

//

//

//

//

-8-

## CONCLUSION

For the reasons stated above, and for the reasons more fully stated in the United States' motion to dismiss, filed contemporaneously herewith, the United States respectfully requests that the motion for a preliminary injunction and for class certification be denied or, at a minimum, be deferred until after this Court rules on the jurisdictional defects described in the United States' motion to dismiss.

Dated:    May 15, 2006

Respectfully submitted,


\_\_/s/ Ivan C. Dale_____
IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1700555.1

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VIRGINIA SLOAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-00483 RMU |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

_____IT IS HEREBY CERTIFIED that the foregoing MEMORANDUM IN

OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND FOR A

PRELIMINARY INJUNCTION was caused to be served upon the plaintiffs on the 15th

day of May, 2006, by depositing a copy thereof in the United States mail, postage

prepaid, addressed as follows:

> Jonathan W. Cuneo
> Charles J. LaDuca
> Steven N. Berk
> Cuneo, Gilbert & LaDuca, LLP
> 507 C Street NE
> Washington, DC 20002
>
> Christopher Weld, Jr.
> Todd & Weld LLP
> 28 State Street
> Boston, MA 02109

1700555.1

Robert J. Cynkar
Egan, Fitzpatrick, Malsch & Cynkar, PLLC
8300 Boone Boulevard, Suite 340
Vienna, VA 22182

Professor Charles Tiefer
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block & Boothby, LLC
2001 L Street NW, Suite 900
Washington, DC 20036

Nicholas E. Chimicles
Benjamin F. Johns
Chimicles & Tikellis LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

R. Montgomery Donaldson
Stephen A. Madva
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801


    __/s/ Ivan C. Dale_____
    IVAN C. DALE


1700555.1