# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA SLOAN,<br>2808 Battery Place, NW<br>Washington, DC 2001·, | ) <br> ) <br> ) <br> ) |
| GARY M. SABLE,<br>2 Fox Place, Newton Centre<br>Newton, Massachusetts 02459, | ) <br> ) <br> ) <br> ) |
| ROBERT McGRANAHAN,<br>1604 Chandler Road<br>Ann Arbor, Michigan 48105, | )     **Case No.: 1:06cv00483** <br> ) <br> )     **Judge: Ricardo M. Urbina** <br> ) |
| SHARI PERLOWITZ,<br>23317 Treeline Drive<br>Boca Raton, Florida 33428, | ) <br> ) <br> ) <br> ) |
| REGINALD A. KRASNEY,<br>8 Hickory Lane<br>Chester Springs, Pennsylvania 19425, | ) <br> ) <br> ) <br> ) |
| MARION SACHUK,<br>1067 Weikel Road<br>Lansdale, Pennsylvania 19446, | )     **CLASS ACTION** <br> ) <br> ) <br> ) |
| CAROLYN HRUSOVSKY,<br>1067 Weikel Road<br>Lansdale, Pennsylvania 19446, | ) <br> ) <br> ) <br> ) |
| STACY MARKOWITZ,<br>200 Campbell Circle, Apt. 14<br>Downingtown, Pennsylvania 19335, | ) <br> ) <br> ) <br> ) |
| JOAN DENENBERG,<br>518 Sussex Road<br>Wynnewood, Pennsylvania 19096, | ) <br> ) <br> ) <br> ) |
| CATERING BY DESIGN, INC., a<br>Pennsylvania Corporation,<br>110 East Hector Street<br>Conshohocken, Pennsylvania 19428, | ) <br> ) <br> ) <br> ) |

JAMES GILLINS                                    )
1320 North Broad Street                          )
Jacksonville, FL  32202, and                     )
                                                 )
NCS COMPANIES,                                   )
520 Lancaster Avenue                             )
Frazer, Pennsylvania  19355                      )
                                                 )
on behalf of themselves and                      )
all other similarly situated taxpayers;          )
                                                 )
                        Plaintiffs,              )
                                                 )
vs.                                              )
                                                 )
THE UNITED STATES                                )
OF AMERICA,                                      )
_____Defendant._____)


## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiffs Virginia Sloan, Gary M. Sable, Robert McGranahan, Shari Perlowitz,

Reginald A. Krasney, Marion Sachuk, Carolyn Hrusovsky, Stacy Markowitz, Joan

Denenberg, NCS Companies, Inc., James Gillins, and Catering By Design, Inc.

(collectively "Plaintiffs") hereby move this Court for an Order pursuant to Rule 15(a) of

the Federal Rules of Civil Procedure granting leave to amend Plaintiffs' First Amended

Complaint, filed in this action on May 3, 2006.  This action challenges the improper

collection of money under the guise of the Communications Excise Tax by Defendant,

the United States of America (collectively referred to as "Defendant," "Government,"

and/or "I.R.S."), and seeks the full restitution, in a manner that complies with the

Constitution, of all monies illegally exacted by the Defendant.

### A.    <u>Procedural History</u>.

This action was commenced on March 15, 2006.  On April 11, 2006, Plaintiffs

filed a motion for class certification and for preliminary injunction.  The original

complaint in this action was brought by Plaintiffs Virginia Sloan, Gary M. Sable, Robert

McGranahan, and Shari Perlowitz.  Plaintiffs Reginald A. Krasney, Marion Sachuk,

Carolyn Hrusovsky, Stacy Markowitz, Joan Denenberg and Catering By Design, Inc.

joined in this action after dismissing without prejudice the complaint filed in the Court of

Federal Claims on February 10, 2006.  *Reginald A. Krasney, et. al. v. United States, et.*

*al.*, Docket No. 06-105.  Plaintiff NCS Companies, Inc. filed a separate complaint in this

Court on May 5, 2006.  *NCS Companies, Inc. v. United States, et. al.*, Docket No. 06-

00831.  Plaintiff James Gillins will be added as an additional Plaintiff in the proposed

Second Amended Complaint.  Plaintiffs will shortly be filing a proposed case

- 1 -

management order to formally consolidate the *Sloan* and *NCS* actions.

On April 25, 2006, Defendant filed an unopposed motion for an extension of time to respond to Plaintiffs' class certification and preliminary injunction motion. Plaintiffs filed the First Amended Class Action Complaint ("Amended Complaint") on May 3, 2006. All named Plaintiffs except NCS Companies, Inc. and James Gillins were included in the Amended Complaint. On May 15, 2006, the Government filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction and a memorandum in opposition to Plaintiffs' motion for class certification and preliminary injunction. On May 17, 2006, Plaintiffs filed an unopposed motion for an enlargement of time to reply to Defendant's opposition to class certification and preliminary injunction, as well as to Defendant's motion to dismiss the Amended Complaint.

**B.    Notice 2006-50.**

On May 25, 2006, over two months after the commencement of this action and after five United States Circuit Courts of Appeal rejected the Government's appeals of judgments in favor of taxpayers,[1] the I.R.S. published Notice 2006-50, wherein the Government conceded liability for the illegal imposition and collection of the Communications Excise Tax. Notice 2006-50 was published without any of the notice and comment procedures required by the Administrative Procedure Act. In it, the I.R.S. announced that it would cease its improper collection of the Communications Excise Tax prospectively, and provide only three (3) years' worth of tax refunds. This Notice compels individual taxpayers to either affirmatively accept a "safe harbor" refund (in an

---

[1] *Nat'l Railroad Passenger Corp. v. U.S.*, 431 F.3d 374 (D.C. Cir. 2005); *Fortis, Inc. v. U.S.*, 447 F.3d 190 (2d Cir. 2006); *Reese Bros., Inc. v. U.S.*, 447 F.3d 229 (3d Cir. 2006); *OfficeMax, Inc. v. U.S.*, 428 F.3d 583 (6th Cir. 2005), *rehearing en banc denied*, 428 F.3d 583; *American Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir.2005).

amount to be announced by the Government) on their 2006 income tax returns, or

document the actual amount to which the taxpayer is entitled. Non-individual entity

taxpayers do not have the luxury of electing a "safe harbor" refund amount, but rather

must bear the burden proving the actual amount of taxes that were illegally collected by

the Government over the past three (3) years. Notice 2006-50 sets up a series of barriers

that, in the guise of conferring rights, arbitrarily deny the return of money to which

several large and worthy groups are clearly entitled, particularly low-income seniors and

other taxpayers that would not otherwise file an income tax return, and small businesses

that are left with *nothing* if they cannot document the exact amount of taxes to which they

are undisputedly entitled.

**C.    Necessity of the Second Amended Complaint.**

It can hardly be contested that the issuance of Notice 2006-50 materially changed

the landscape of this case. Indeed, on the same day that the I.R.S. conceded liability in

this Notice, the Defendant filed a Status Report and Change in Litigation Position to

bring the Notice to the Court's attention, to "give notice of a change in its litigation

position in cases involving the federal communications excise tax," and to encourage

Plaintiffs to "withdraw their request for class certification under these changed

circumstances." (Docket Entry No. 15). Immediately after Notice 2006-50 was issued,

Plaintiffs' counsel conferred with the Government's counsel about the impact of Notice

2006-50 on this action and Plaintiffs' counsel's conclusion that Notice 2006-50

necessitated the filing of an amended pleading.

On June 8, the parties jointly submitted a stipulation and proposed order, which

suspended the current briefing schedule and set forth a procedure whereby Plaintiffs

intended to file a Second Amended Complaint either by consent or by motion.  Pursuant
to this order, which was approved by the Court the day after it was submitted (Docket
Entry No. 18), the parties agreed that Plaintiffs would provide the Government's counsel
with a copy of the proposed Second Amended Complaint on or before June 7, and the
Government's counsel would notify Plaintiffs' counsel on or about June 14 as to whether
the Government's counsel would stipulate and agree to the filing of the proposed Second
Amended Complaint.  Absent the Government's consent, Plaintiff's counsel were to file a
motion to amend by June 21.

    Plaintiffs provided Defendant with a 34-page proposed copy of the Second
Amended Complaint on June 7.  (Exhibit A).  After reviewing Plaintiffs' proposed
Second Amended Complaint, counsel for the Government informed Plaintiffs' counsel on
June 15 that the Government was unwilling to stipulate to the Court's grant of leave to
file the proposed amendment that Plaintiffs' counsel had submitted on June 7.  While the
Government counsel acknowledged that the "speediest and most efficient resolution" of
the case in light of Notice 2006-50 "is likely to permit a further amendment to the
complaint," counsel opined that Plaintiffs' proposed Second Amended Complaint ran
afoul of FED. R. CIV. P. Rules 8, 10(b), and 12(f).  Plaintiffs disagree with the
Government's counsel's position, but in order to expedite these proceedings, modified
the proposed Second Amended Complaint to address the Government counsel's
comments.  The Government counsel's comments were non-specific, providing no
example or even a reference to allegations contained in the June 7 version of the
proposed Second Amended Complaint that they believed ran afoul of applicable
procedural rules.  Because the June 9 Schedule Order did not allow for extensive

- 4 -

dialogue between the parties' counsel, Plaintiffs' counsel decided that it was more expeditious to undertake to modify the June 7 version of the Second Amended Complaint in anticipation of the Government's position on specific allegations, as reflected in the current 28-page proposed Second Amended Complaint for which Plaintiffs now seek leave of Court to file. (Exhibit B).

## II.    ARGUMENT

### A.    Leave to Amend the Amended Complaint Should Be Granted.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading has been served; otherwise a party may amend the party's pleading by leave of court. FED. R. CIV. P. 15(a). Rule 15(a) further provides that "leave shall be freely given when justice so requires." *Id.* Plaintiffs seek leave to file an amended complaint because of the substantial factual and legal changes that are apparent from the Government's unilateral act of issuing Notice 2006-50. This amendment is sought before there has been any judicial action by this Court on any dispositive motion addressed to the adequacy of the pleadings or the merits of the case. Under these circumstances, the amendment should be allowed.

The seminal case construing Rule 15 is *Foman v. Davis*, in which the Supreme Court held that "the leave sought should, as the rules require, be 'freely given'" unless the amendment raises a concern of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; or (4) futility of the amendment. 371 U.S. 178, 182-83 (1962); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 425-27 (D.C.Cir. 1996) (identifying the proper bases for denying leave to amend as stated in *Foman v.*

*Davis, supra*); 3 Moore's Federal Practice ¶ 15.41[1] (3d ed. 1998) (stating that "a liberal

pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)" in

order to "ensure that all the issues are before the court."). Leave to amend pursuant to

Rule 15 is "ordinarily liberally granted." *Anderson v. USAir, Inc.*, 818 F.2d 49,

57 (D.C.Cir. 1987). "Generally, under Rule 15(a) the non-movant bears the burden of

persuasion that a motion to amend should be denied." *Nurriddin v. Goldin*, 382

F.Supp.2d 79, 88 (D.D.C. 2005).

Amending the Amended Complaint to include factual allegations and claims

based on material subsequent developments is consistent with the liberal nature of Rule

15. Plaintiffs' amendment raises no concerns of undue delay, bad faith, dilatory motive,

undue prejudice to the Government, or futility. Therefore, Plaintiffs' motion should be

granted.

### 1.    Plaintiffs Did Not Delay In Seeking Leave To Amend The Amended Class Action Complaint.

Plaintiffs seek leave to amend here with all due haste; there has been no undue

delay whatsoever. Plaintiffs' counsel conferred about the need for an amended pleading

with Government counsel within a day of the issuance of Notice 2006-50, and submitted

a proposed Second Amended Complaint to Defense counsel within two (2) weeks of the

publication of Notice 2006-50. This memorandum in support of Plaintiffs' motion for

leave to amend was filed less than one month after the issuance of this Notice, and within

approximately four (4) months of the commencement of this suit. *Cf. Williamsburg Wax

Museum v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C.Cir. 1987) (leave to amend

properly denied where plaintiff sought to allege new facts requiring extensive discovery

several years after complaint was filed); *Doe v. McMillan*, 566 F.2d 713, 720 (D.C.Cir.

1977), *cert. denied,* 435 U.S. 969 (1978) (affirming denial of leave to amend to allege

new theory of case and add defendant 38 months after complaint was filed). As no

dispositive orders have been entered in these proceedings, discovery has not begun, and

the case commenced merely four (4) months ago, this action is still at a very early stage.

    Even if there were some delay (which there is not), mere delay, absent a showing

of prejudice (which is not present here), does not provide a basis for the court to deny

leave to amend a complaint. *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999)

("[W]e have consistently held that delay, without a showing of prejudice, is not a

sufficient ground for denying the motion."). Accordingly, Plaintiffs' prompt request to

amend the Amended Complaint is timely.

**2.    Plaintiffs Seek Leave To Amend The Complaint In Good Faith
And With No Dilatory Motive.**

    Plaintiffs propose amending the Amended Complaint to add facts and refine their

claims in light of Notice 2006-50. Plaintiffs are not seeking this amendment in bad faith,

but rather in response to an event that was beyond their control. *Yellow Bus Lines, Inc. v.*

*Drivers, Chauffeurs & Helpers Local Union*, 883 F.2d 132, 145 (D.C. Cir. 1989) (leave

to amend was appropriate where there was no evidence of prejudice to defendants or of

deliberate delay or bad faith). Thus, Plaintiffs' attempt to amend the Amended

Complaint is a good faith effort to address the changed circumstances as a result of the

unilateral actions of the Government.

**3.    No Undue Prejudice To Defendants Will Result By Granting
Plaintiffs' Motion For Leave To Amend.**

    The amendment will not cause any undue prejudice to the Defendants.[2] While an

---

[2] Opposition to a motion to amend cannot be based on mere prejudice; rather, the necessary showing is
"**undue** prejudice to the opposing party." *Foman*, 371 U.S. at 182, (emphasis added).

- 7 -

amendment is necessary to clarify Plaintiffs' position with respect to the concession of

liability by the Government, many of the substantive legal claims from the Amended

Complaint (*e.g.* takings, due process violation, illegal exaction, unjust enrichment,

refunds, and violations of the Administrative Procedure Act) are substantially the same in

the proposed Second Amended Complaint. Moreover, the amendment will not add any

additional defendant(s), nor require any additional discovery. *See Atchinson v. District of*

*Columbia,* 73 F.3d 418, 426 (D.C. Cir. 1996) ("[W]e have previously given weight to

whether amendment of a complaint would require additional discovery."). To the

contrary, allowing Plaintiffs to file the proposed Second Amended Complaint will save

both the Court and the Government substantial resources, as Plaintiffs have taken steps to

voluntarily consolidate this case with another related case pending before this Court, *NCS*

*Companies, Inc. v. United States, et. al.*, Docket No. 06-00831. Therefore, the

Defendants will suffer no undue prejudice as a result of the amendment.[3]

### 4.    The Proposed Amendment Is Not Futile.

The amendment proposed by Plaintiff states a claim for relief and is not otherwise

futile. "If the underlying facts or circumstances relied upon by a plaintiff may be a

proper subject of relief, he ought to be afforded an opportunity to test his claims *on the*

*merits*." *Foman v. Davis,* 371 U.S. 178 (1962) (emphasis added). Other Circuits have

held that an amendment is not futile "if the plaintiff has at least colorable grounds for

relief." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d

774, 783 (2d Cir. 1984).

---

[3] Indeed, since the conduct of the Defendant affects almost every taxpayer, it would not be difficult to merely file the proposed Second Amended Complaint as an initial complaint with different plaintiffs. That circumstance alone supports the granting of this motion for leave to amend.

- 8 -

Plaintiffs have stated grounds sufficient to survive a motion to dismiss, and, at a minimum, have colorable grounds for relief. Moreover, the legal sufficiency of the allegations in the Amended Complaint has never been tested and, therefore, there are no judicially identified defects in the First Amended Complaint that the Second Amended Complaint fails to correct.[4] The Court should reserve addressing the sufficiency of the proposed amendment, thereby giving Plaintiffs the opportunity to test their claims on the merits.

## III.    CONCLUSION

By this motion, Plaintiffs seek to amend the Amended Complaint by an amendment that is sought in good faith and not for the purpose of delay, will not unduly prejudice the Government, and is not futile. For all of the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and permit Plaintiffs to file the Second Amended Complaint.

DATED: _June 21, 2006_.

CUNEO GILBERT & LADUCA, LLP

By: _Jonathan W. Cuneo_
Jonathan W. Cuneo, Esquire (DC Bar# 939389)
Charles J. LaDuca, Esquire (DC Bar# 476134)
William H. Anderson
507 C Street, NE
Washington, DC 20002
(202) 789-3960

---

[4] While cases from this District have looked to authority from other jurisdictions that suggests that the appropriate standard for determining the futility of an amended complaint is whether "the complaint as amended could not withstand a motion to dismiss," *Graves v. U.S.*, 961 F.Supp. 314, 317 (D.D.C. 1997) (citations omitted), these cases typically arise in a different procedural context (*i.e.* where the court has previously ruled on a motion to dismiss under Rule 12(b), and the proposed amendment does not cure the judicially recognized deficiencies). *Cf. World Wide Minerals LTD. v. Republic of Kazakhstahn*, 116 F.Supp.2d 98 (D.D.C.), *aff'd in part, remanded in part by* 296 F.3d 1154 (D.C.Cir. 2002), *cert. denied*, 537 U.S. 1187 (2003) (improperly conflating FED. R. CIV. P. 12(b) and 15). Accordingly, the Court should wait until any objections by the Government to the proposed Second Amended Complaint under Rules 8, 10 and/or 12(b) are fully briefed before ruling on the merits.

- 9 -

Nicholas E. Chimicles  (admitted pro
hac vice)
Benjamin F. Johns  (admitted pro hac
vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
(610) 642-8500

Robert J. Cynkar, Esquire  (DC Bar#
957845)
EGAN, FITZPATRICK, MALSCH &
CYNKAR, PLLC
8300 Boone Boulevard, Suite 340
Vienna, VA  22182
(703) 891-4050

Henry D. Levine (DC Bar # 952770)
Stephen J. Rosen (DC Bar # 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, D.C.  20036

R. Montgomery Donaldson
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware  19801
(302) 504-7800

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030
(215) 772-1500

Christopher Weld, Jr., Esquire (admitted
pro hac vice)
Kevin T. Peters, Esquire (admitted pro
hac vice)
TODD & WELD LLP
28 State Street
Boston, MA  02109
(617) 720-2626

Professor Charles Tiefer  (DC Bar#
330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD  20815
(301) 951-4239

Andrew N. Friedman (D.C. Bar No.
375595)
Victoria S. Nugent (D.C. Bar No. 470800)
COHEN, MILSTEIN,
HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
(202) 408-4600

David L. Wales (Bar No. 417440)
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

- 11 -