IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

VIRGINIA SLOAN, et al.,       )
                              )
         Plaintiffs,          )
                              )
    v.                        )    Civil Action No.: 1:06-cv-00483 RMU
                              )
UNITED STATES,                )
                              )
         Defendant.           )

**MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23(b)(2)**

Plaintiffs respectfully move this Court for class certification under Fed. R. of Civ. P. 23(b)(2). In support of this Motion, Plaintiffs rely upon the attached Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification Under Fed. R. Civ. P. 23(b)(2).

DATED: July 6, 2006.

CUNEO GILBERT & LADUCA, LLP

By: /s/ Jonathan W. Cuneo
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
David Stanley, Esq. (DC Bar# 174318)
Charles J. LaDuca, Esq. (DC Bar# 476134)
Steven N. Berk, Esq. (DC Bar #432870)
William Anderson, Esq.
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Robert J. Cynkar, Esq. (DC Bar# 957845)
EGAN, FITZPATRICK, MALSCH &
CYNKAR, PLLC
8300 Boone Boulevard, Suite 340
Vienna, VA 22182

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

R. Montgomery Donaldson, Esq.
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva, Esq.
Clifford Scott Meyer, Esq.
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman, Esq. (DC Bar# 375595)
Victoria S. Nugent, Esq. (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales, Esq.
Mark C. Rifkin, Esq.
Martin Restituyo, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIRGINIA SLOAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:06-cv-00483 RMU |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23(b)(2)**

I.   PRELIMINARY STATEMENT

Plaintiffs Virginia Sloan, Gary M. Sable, Robert McGranahan, Shari Perlowitz, Reginald A. Krasney, Marion Sachuk, Carolyn Hrusovsky, Stacy Markowitz, Joan Denenberg, James Gillen, NCS Companies, Inc., and Catering By Design, Inc. (collectively "Plaintiffs") submit this memorandum in support of their motion to certify a Class and two subclasses pursuant to FED. R. CIV. P. 23(a) and (b)(2).[1] Plaintiffs seek class certification on behalf of the following Class and subclasses:

The "Overall Teletax Class"

> All individuals and entities who have paid the Federal communications excise tax for telecommunications services that have been declared to be non-taxable in Notice 2006-50, from January 1, 1997 until August 1, 2006, and whose claims do not exceed $10,000.

---

[1] Plaintiffs reserve the right to supplement this briefing by seeking certification of a (b)(2)/(b)(3) hybrid class(es) for tax refunds after the motion to dismiss the alternative class refund claim has been decided by this Court.

The Subclasses

A. The "Non-Filer Subclass"

All individuals who have paid the communications excise tax for telecommunications services that have been declared to be non-taxable in Notice 2006-50, who will not affirmatively be required to file a 2006 income tax return because they do not meet the minimum income requirements for mandatory income tax filing, and whose claims do not exceed $10,000.

B. The "Small Business/Non-Profit Subclass"

All "entities" (as that term is used in Notice 2006-50) that have paid the communications excise tax for telecommunications services that have been declared to be non-taxable in Notice 2006-50, and whose claims do not exceed $10,000.

## II.  STATEMENT OF FACTS

On March 15, 2006, Virginia Sloan, Gary M. Sable, Robert McGranahan, and Shari Perlowitz filed the instant action to challenge the assessment and collection of the communications excise tax on long-distance services not billed by both time <u>and</u> distance, and to seek the return of all illegally exacted funds. Plaintiffs Reginald A. Krasney, Marion Sachuk, Carolyn Hrusovsky, Stacy Markowitz, Joan Denenberg, and Catering By Design, Inc. joined in this action after dismissing without prejudice their complaint filed in the Court of Federal Claims on February 10, 2006. *Reginald A. Krasney, et. al. v. United States, et. al.*, Docket No. 06-105 (Cl. Ct.). Plaintiff NCS Companies filed a separate complaint in this Court on May 5, 2006. *NCS Companies v. United States, et. al.*, Docket No. 06-00831. Plaintiff James Gillins will be added as an additional Plaintiff in the Second Amended Consolidated Complaint in this case.

On April 11, 2006, Plaintiffs filed their Motion for Class Certification and for a Preliminary Injunction (Docket Entry No. 2). On May 3, 2006 Plaintiffs filed an

amended complaint as of right (Docket Entry No. 9). On May 15, 2006, Defendant simultaneously filed a motion to dismiss the amended complaint, and a brief in opposition to the Motion for Class Certification and for a Preliminary Injunction (Docket Entries 11, 13). Among the primary arguments advanced by the Defendant were: (1) the mere fact that the government had lost in several Courts of Appeal did not "*a fortiori* mean that 'under no circumstances' can the government prevail" (Memo. in Support of Motion to Dismiss, Docket Entry No. 12), at 22), and (2) the existing remedy available to Plaintiffs was exclusive and sufficient (*see id.* at 23).

On May 25, 2006, in a stunning policy reversal, Defendant issued Notice 2006-50, in which the I.R.S. essentially adopts Plaintiffs' litigation position.[2] The I.R.S. announced that it would cease collecting the three percent tax on all service covered by Plaintiffs' Amended Complaint, including all landline and cellular phone long-distance service. The adoption of Plaintiffs' position by the I.R.S. went beyond the rulings of five United States Courts of Appeal, which dealt only with landline service that was not billed based on both time and distance. In Notice 2006-50 the I.R.S. repudiated Form 8849 – which it had previously argued was the exclusive remedy available to the Plaintiffs and the prospective class. Instead, the I.R.S. adopted a completely new system for processing refunds of the federal excise tax on toll telephone calls ("FET") – the primary relief sought by the Plaintiffs.

Unfortunately however, Notice 2006-50 creates a multitude of new problems. While it effectively concedes that the collection of the FET was illegal, ceases the collection of the FET, revokes Notice 2005-79, and purports to establish a method for

---

[2] In issuing Notice 2006-50, Defendant revoked Notice 2005-79, which expressly stated that the I.R.S. would continue to collect communications excise taxes on amounts paid for long-distance services, notwithstanding the adverse court rulings.

consumers to seek refunds, its refund plan is legally flawed and procedurally insufficient. First, the I.R.S. program would provide refunds for only three years and four months. Second, Notice 2006-50 provides that the only method to obtain a refund of the monies illegally collected by Defendant will be through the filing of an income tax return using an I.R.S. Form 1040 or the like.[3] Third, the Notice does not permit an "entity" to elect to receive the safe harbor amount available to individuals,[4] thereby requiring millions of small businesses and non-profit organizations to document, calculate, and verify the precise refund amount to which they are entitled. Fourth, in order to obtain a full and accurate refund, the Notice places the burden of proof on individual and entity taxpayers alike to engage in the time consuming, costly process of obtaining 40 months of telephone bills and proof of payment to compute the full amount of refund due. Plaintiffs contend that the remedy adopted by the United States to rectify this longstanding, illegal and regressive tax falls woefully short of providing taxpayers with a clear and certain constitutional remedy so that Plaintiffs and Class members are restored to their rightful financial position. Upon belief, this Notice sets up a series of barriers that are calculated to provide the Government with a substantial windfall.[5]

On June 21, Plaintiffs filed a Brief in Support of Obtaining Leave to File a Second Amended Complaint. (Docket Entry No. 19.) Plaintiffs now file this renewed Class Certification Motion.

---

[3] Notice 2006-50 also states that the refund will also be available on Forms 1041, 1065, 1120, and 990-T.
[4] The Government has not yet announced the amount of the safe harbor refund, but whatever amount is determined is unlikely to provide full compensation to all Class members. Accordingly, Plaintiffs reserve the right to supplement the briefing based on the amount of (and method to calculate) the safe harbor amount.
[5] The stark inadequacies of the refund scheme described in Notice 2006-50 is discussed in detail in Plaintiffs' Memorandum in Support of their Motion for a Prelim Injunction, filed concurrently.

4

### III. LEGAL ARGUMENT

#### A. Standards and Scope of Class Certification.

Plaintiffs seek certification pursuant to FED. R. CIV. P. 23(b)(2). Class certification is not a ruling on the merits. *In re Veneman*, 309 F.3d 789, 794 (D.C. Cir. 2002) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)); *see also Garcia v. Johanns*, 444 F.3d 625, 633 n. 9 (D.C. Cir. 2006). Rather, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen*, 417 U.S. at 178 (citation omitted).

#### B. The Requirements of FED. R. CIV. P. 23(a) are Plainly Satisfied.

##### 1. Numerosity: The class is so numerous that joinder is impracticable.

Rule 23(a)(1) requires that the Class be so numerous that joinder of all class members is impracticable. "There is no specific threshold that must be surpassed in order to satisfy the numerosity requirement." *Does v. District of Columbia*, 232 F.R.D. 18, 25 (D.D.C. 2005). Rather, Courts must determine, "whether the number of plaintiffs is so large that using the class action mechanism would serve the interests of judicial economy and efficiency." *Freeport Partners v. Allbritton*, 2006 U.S. Dist. LEXIS 9710, *16 (D.D.C. March 13, 2006). A class of at least 40 members has been found to be "sufficiently large" to satisfy the numerosity requirement. *Does v. District of Columbia*, 232 F.R.D. at 26.

Here the "Overall Teletax Class" consists of literally millions of members spread throughout the United States who will be left with no adequate remedy to obtain the full return of all illegally exacted funds. Additionally, the "Non-Filer Subclass" consists of

thousands – if not millions – of Americans who are not required to file an individual income tax return. The "Small Business/Non-Profit Subclass" consists of thousands – if not millions – of business entities and non-profit organizations that will be precluded from seeking the "safe harbor amount" and, as a result, will be left with the unnecessarily onerous and financially infeasible task of gathering and analyzing numerous phone records and offering proof of payment. Additionally, the relatively small claims pressed by individual putative Class members strongly suggest that many putative Class members would never initiate their own action or seek to join this action. In sum, Rule 23(a)(1) is satisfied because the sheer size and geographic dispersion of the proposed class coupled with the relatively small size of individual claims makes joinder impracticable.

### 2. **Commonality**: There are numerous questions of law and fact common to the Classes.

The commonality requirement of Rule 23(a)(2) is satisfied whenever common questions of law or fact are alleged. The threshold for commonality is not high. Rather, as other judges in this District have explained, "[t]he commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Id.* at 26 (brackets in original) (quoting *Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 198 (D.D.C. 2000). Because the requirements may be satisfied by a single common issue, it is "easily met." *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 259 (D.D.C. 2002).

Here, commonality is easily established. Indeed, a single trial will resolve certain central issues at the heart of the Class and Subclass members' claims, including:

(i) Whether the Defendant may unilaterally create a system for the return of illegally collected revenue;

(ii) Whether Notice 2006-50 provides Class members with a constitutional, clear and certain remedy;

(iii) Whether the Defendant violated, *inter alia*, the Administrative Procedure Act by unilaterally creating a legally insufficient remedy without congressional consent and without a public comment period;

(iv) Whether the Government may create a remedy for the illegal exaction of revenue which excludes large numbers of low-income people, senior citizens, small business entities, and non-profit organizations, effectively precluding those groups from recouping the Treasury Department's unlawful gains;

(v) Whether the Government may create a remedy for an illegal exaction which returns less than half the revenue that was illegally exacted; and

(vi) Whether, under these circumstances, the burden should be shifted to the Government to prove the actual amounts of money that each Class member is entitled to receive.

These and other similar issues underlie the claims in this case and are common to all Plaintiffs and putative Class members in the "Overall Teletax Class" and each Subclass, and arise from the I.R.S.'s common course of action regarding the imposition of the FET and subsequent refund program. Accordingly, the commonality requirement of Rule 23(a)(2) is satisfied.

### 3. <u>Typicality</u>: Plaintiffs' claims are typical of the putative Classes' claims.

In summarizing the relationship between all of the requirements under Rule 23(a), the leading commentator on class actions notes:

> The first two prerequisites of Rule 23, joinder impracticality and common questions, focus on the characteristics of the class. Taken as a unit, they form the core of the class-action concept. The second two prerequisites, typicality and adequate representation, focus instead on the desired characteristics of the class representative.

NEWBERG ON CLASS ACTIONS, § 3:13, at 316-17 (4th ed. 2002) (footnotes omitted). Thus, with the discussion of typicality, the focus of Plaintiffs' discussion will change from being centered on the I.R.S. and the putative Classes to one that delves into the named Plaintiffs, their claims, and their counsel.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality is satisfied in a case "if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability." *Pigford v. Glickman*, 182 F.R.D. 341, 349 (D.D.C. 1998) (citations omitted).

Here, Plaintiffs' claims are not simply typical of absent putative Class members' and subclass members' claims, they are identical. While the amounts wrongfully taken may vary from individual to individual, the wrongful conduct is the same, namely, the imposition of an excise tax that was not actually applicable and the subsequent creation of a refund policy that altogether excludes certain Plaintiffs, and fails to make the remainder whole. All Plaintiffs are members of the "Overall Teletax Class."

8

James Gillins ("Gillins") is a typical member of the "Non-Filer Subclass." Mr. Gillins is a 78-year-old man living in Senior Citizen HUD Housing in Jacksonville, Florida. Mr. Gillins survives on approximately $700 per month, comprised entirely of Social Security and Supplemental Security Income. During the class period Mr. Gillins paid for long-distance services that were billed purely on the basis of elapsed time. Like millions of Americans who are low income or senior citizens (or both), Mr. Gillins is exempt from the requirements of filing an income tax return. (*See* Declaration of James Gillins, attached as Exhibit 1). As a typical member of the "Non-Filer Subclass" Mr. Gillins will receive none of his money back from the I.R.S. unless he affirmatively files an income tax return (or other form) as required by Notice 2006-50. The practical result of Notice 2006-50 is quite clear: those who need full restitution most are left with no adequate remedy and no recompense.

Catering By Design, Inc. ("Catering By Design") and NCS Companies ("NCS") are typical members of the "Small Business/Non-Profit Subclass." Catering By Design and NCS are small corporations that have paid for long-distance services billed purely on the basis of elapsed time during the class period. Pursuant to Notice 2006-50, Catering By Design and NCS will be unable to seek the "safe harbor amount" which the I.R.S. offers individuals. (*See* Declarations of Catering By Design and NCS, Exhibits 2 and 3, respectively.) Instead, Catering By Design, NCS, and putative members of the "Small Business/Non-Profit Subclass" from all across the country will be forced to take on the

9

onerous and costly task of collecting and analyzing 40 months of phone bills, many of which may no longer be in their possession, and offering proof of payment.[6]

There is a more than a sufficient nexus between Plaintiffs and absent putative Class members to meet the requirements of typicality where, as here, the claims of the Plaintiffs and putative Class members arise from the same course of events and liability would be predicated on the same or similar legal arguments. Indeed, the claims that Plaintiffs seek to represent are the legal claims that arise from the I.R.S.'s decision to institute a refund policy, which excludes all individuals who do not file a Form 1040 (or similar form) and fails to make any taxpayer whole, by improperly creating a three year, four month statute of limitations for unlawful conduct that has taken place for nearly ten years.

Plaintiffs' claims are typical of the putative Class members' claims, and therefore satisfy Rule 23(a)(3).

### 4. Adequacy: Plaintiffs will fairly and adequately protect the interests of all class members, and have retained experienced and competent class counsel.

Rule 23(a)(4) requires that the named Plaintiffs fairly and adequately protect the interests of the class. There are two prongs to this requirement: (i) Plaintiffs must have common interests with the putative Class members; and (ii) Plaintiffs must be able to vigorously prosecute the interests of the putative Class through qualified counsel. *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575-76 (D.C.Cir. 1997) (quoting *Nat'l Assoc. of Regional Medical Programs v. Matthews*, 551 F.2d 340, 345 (D.C.Cir. 1976).

---

[6] Similarly, it would be extremely burdensome for Plaintiffs Virginia Sloan, Robert McGranahan, Shari Perlowitz, Reginald Krasney, Marion Sachuk, Carolyn Hrusovsky, Stacy Markowitz and Joan Denenberg to calculate the precise amounts of excise taxes paid over the past several years (*see* Exhibits 4-11).

This adequacy inquiry must necessarily contemplate "the adequacy of representation, including the quality of counsel, any disparity of interest between class representatives and members of the class, communication between class counsel and the class and the overall context of the litigation." *Does v. District of Columbia*, 232 F.R.D. at 28 (quoting *Pigford*, 182 F.R.D. at 350).

Here, as previously discussed, Plaintiffs have common interests with the unnamed putative Class members. Plaintiffs seek a declaration from this Court that the proposed refund program is legally insufficient and leaves millions of taxpayers, like Plaintiffs, with either an insufficient remedy or no remedy at all. Finally, Plaintiffs seek to place the burden on the Defendant to account for and return all money illegally collected, not just the inexplicable limited three year, four month period proposed by the Government. Plaintiffs have no interests that are antagonistic to the interests of absent putative Class members because they seek a legal and fair method for the complete return of all money illegally exacted from the Class.

All Plaintiffs and their counsel have and will vigorously represent the "Overall Teletax Class" and sub-classes, and seek the return of all money illegally taken in the simplest and most expeditious manner possible. The Plaintiffs have retained qualified counsel with extensive experience in representing plaintiffs in complex, class action and federal litigation. *See* materials relating to Cuneo Gilbert & LaDuca, LLP; Chimicles & Tikellis LLP; Egan, Fitzpatrick, Malsch & Cynkar, PLLC; Levine, Blaszak, Block and Boothby, LLP; Montgomery, McCracken, Walker & Rhoads, LLP; Todd & Weld LLP; Cohen, Milstein, Hausfeld & Toll, PLLC; Wolf Haldenstein Adler Freeman & Herz LLP; and Professor Charles Tiefer. Exhibits 12-20. Thus, the second prong is also satisfied.

Appointment of the aforementioned attorneys as counsel in this case is also appropriate pursuant to FED. R. CIV. P. 23(g). Class Counsel have and will fairly and adequately represent the claims of the class. Class Counsel will and have already committed significant time and resources to the investigation and development of this action. As the firm resumes reflect, Class Counsel also have extensive experience in the substantive legal issues involved in this case, and have the expertise and resources necessary to adequately represent the Class and serve as Class Counsel. Thus, the requirements of both Rule 23(g) and Rule 23(a)(4) are met.

### C. Class Certification is Proper Under FED. R. CIV. P. 23(b)(2).

In addition to satisfying the requirements of Rule 23(a), Plaintiffs must fulfill the requirements of one of the subdivisions of Rule 23(b). Because Plaintiffs request injunctive and declaratory relief, Plaintiffs seek to maintain class certification under Rule 23(b)(2).

Under Rule 23(b)(2), an action may be maintained as a class action if:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . .

FED. R. CIV. P. 23(b)(2). When this suit was brought, Plaintiffs alleged that the I.R.S. had been on notice since at least 1997 that the collection of the FET was illegal, yet they continued to collect it – and even to this day they continue to mandate its collection.[7] Notwithstanding the fact that the I.R.S. is in the process of revoking the FET, they have proposed a remedy that completely excludes many of those who are most profoundly

---

[7] Notice 2006-50 (section 4(c)) permits the continued collection of the FET until July 31, 2006.

12

affected by this illegal and regressive tax, and that does not provide a clear and certain remedy, or a full refund. Thus, the Defendant refuses to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the putative Class as a whole. Accordingly, the Court may properly certify the Class and subclasses sought by the named Plaintiffs pursuant to Rule 23(b)(2).

Furthermore, notice to all Class members is not mandatory under Rule 23(b)(2). While Rule 23(c)(2) provides that class members must receive notice in an action brought under Rule 23(b)(3), Rule 23 makes no analogous provision for cases brought under (b)(1) or (b)(2). *Eubanks v. Billington*, 110 F.3d 87, 92 (D.C. Cir. 1997). The decision whether to require notice in a Rule 23(b)(2) action rests in the discretion of the trial court. *Pate v. United States*, 328 F.Supp.2d 62, 70 (D.D.C. 2004). In *Woodward v. Rogers*, this Court discussed the factors pertinent to using notice in a (b)(2) action when it stated, "[i]n the particular circumstances of this case ... where the adequacy of the representation of the class interests by the named parties is clear, where no apparent purpose would by served by notice to this wide-ranging class even if notice were at all practicable ... the essential requisites of due process have been met without further notice." 344 F. Supp. 974, 980 n.10 (D.D.C. 1972). *Does v. District of Columbia* also supports this position, noting that the "advisory notes to the 2003 amendments to Rule 23 state that 'the authority to direct notice to class members in a (b)(1) or (b)(2) class action should be exercised with care' in light of the costs associated with giving notice...." 232 F.R.D. at 30 n.17 (brackets omitted) (quoting Fed.R.Civ.P. 23 advisory committee's note (2003 amendments)).

13

In this case, the named Plaintiffs provide more than adequate representation to the putative Class members' interests and there is no reason to require notice. The Plaintiffs in this case seek exactly what any putative Class member would, a lawful refund program that will return to taxpayers all funds illegally collected. All Plaintiffs will adequately represent the "Overall Teletax Class" with Mr. Gillins, Catering by Design and NCS zealously representing the interests of the "Non-Filer" and "Small Business/Non-Profit" subclasses, respectively. Furthermore, the sheer number of individuals at issue makes notice not only impracticable but also inefficient, as individual claims will typically be quite small and the cost of contacting all putative Class members would be enormous and unjustified. In short, the pertinent case law in the D.C. Circuit, when coupled with the relevant advisory committee notes on Rule 23 and common sense, militate against requiring notice in this action.

## CONCLUSION

Wherefore, for all the foregoing reasons and any that may be advanced at a hearing on the Motion, Plaintiffs respectfully request that this Court grant this Motion for Class Certification under Fed. R. Civ. P. 23(a) and (b)(2).

DATED: July 6, 2006.

CUNEO GILBERT & LADUCA, LLP

By: _____
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
David Stanley, Esq. (DC Bar# 174318)
Charles J. LaDuca, Esq. (DC Bar# 476134)
Steven N. Berk, Esq. (DC Bar #432870)
William Anderson, Esq.
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Robert J. Cynkar, Esq. (DC Bar# 957845)
EGAN, FITZPATRICK, MALSCH &
CYNKAR, PLLC
8300 Boone Boulevard, Suite 340
Vienna, VA 22182

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

R. Montgomery Donaldson, Esq.
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva, Esq.
Clifford Scott Meyer, Esq.
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman, Esq. (DC Bar# 375595)
Victoria S. Nugent, Esq. (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales, Esq.
Mark C. Rifkin, Esq.
Martin Restituyo, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016