# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SLOAN, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA, Acting By and Through The INTERNAL REVENUE SERVICE c/o United States Department of Justice,

Defendant.

**Case Number: 1:06CV00483**
**Judge: Ricardo M. Urbina**

**DECLARATION OF SUZANNE KELLY**

SUZANNE KELLY, under penalty of perjury, declares as follows:

1. I, SUZANNE KELLY, am the Controller of NCS Companies ("NCS") and as such am familiar with all of the facts and circumstances herein.

2. NCS is a Delaware Corporation with a principal place of business at 520 Lancaster Avenue in Frazer, Pennsylvania.

3. For well over three years NCS has contracted with Sprint, Verizon and T-Mobile, and each provided NCS with various telephone services (both fixed-line and cellular services).

4. The long distance telephone services purchased by NCS were billed on a per-minute basis for each call made. The distance of each telephone call, however, was not a factor for billing purposes in any of the contracts between NCS and its long distance telephone service providers. As such, none of NCS's bills for long distance telephone

service varied based both on time and distance of telephone calls. Nor did NCS pay a flat rate for an unlimited number of long distance telephone calls.

5. NCS is eligible for a refund of the Communications Excise Tax it paid.

6. In an attempt to recover said refund, on or about April 10, 2006, NCS filed with the I.R.S. a Form 8849 and an accompanying Schedule 6 requesting a refund of the Communications Excise Tax. NCS submitted a detailed refund request with a spreadsheet listing how much Communications Excise Tax was paid on a monthly basis to each of the three telephone services providers that NCS contracted with since April 2003. Attached to its refund application NCS submitted the page of each bill from each telephone carrier for each month from April 2003 to April 2006, and indicated on each bill exactly how much Communications Excise Tax was charged for that month.

7. Despite NCS's efforts to provide the I.R.S. with as much detail as possible, on or about May 8, 2006, the I.R.S. sent a letter to NCS refusing to process its refund claims and requesting additional and more detailed information from NCS.

8. The I.R.S.'s burdensome requirements have thus far kept NCS from obtaining a refund of the Communications Excise Tax.

9. Any proposed refund procedure that requires the further itemization and information for a refund request is far too burdensome.

Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 27, 2006, in Frazer, Pennsylvania.

By: SUZANNE KELLY
Controller NCS Companies