IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA SLOAN, et al., | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:06-cv-00483 RMU |
| | ) |
| UNITED STATES, | ) |
| | ) |
|        Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO
SECOND MOTION FOR PRELIMINARY INJUNCTION**

      IVAN C. DALE
      Trial Attorney, Tax Division
      U.S. Department of Justice
      Post Office Box 227
      Washington, DC 20044
      Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1822859.1

## TABLE OF CONTENTS

Page

ARGUMENTS

I.  PLAINTIFFS CANNOT DEMONSTRATE A SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS OF THEIR INJUNCTION CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  The Court lacks subject-matter jurisdiction over plaintiffs' request for injunctive relief, as it does not compley with the terms and conditions of any waiver of the United States' sovereign immunity .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.  The request for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.  PLAINTIFFS CANNOT DEMONSTRATE THAT THEY WOULD SUFFER IRREPARABLE INJURY IF THE INJUNCTION IS NOT GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III.  PLAINTIFFS CANNOT DEMONSTRATE THAT INJUNCTIVE RELIEF WOULD NOT HARM OTHER TAXPAYERS, NOR THAT THE PUBLIC INTEREST WOULD BE FURTHERED BY THE INJUNCTION . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

Page

Alexander v. "American United" Inc.,
    416 U.S. 752 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bob Jones University v. Simon,
    416 U.S.. 725 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

Bowers v. United States,
    423 F.2D 1207 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Brunwasser v. Jacob,
    453 F.Supp. 567, 571 (W.D.Pa. 1978),
    aff'd, 605 F.2d 1194 (3d Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

Enochs v. Wlliam Packing & Navigation Co.,
    370 U.S. 1 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Estate of Michael v. Lullo,
    173 F.3d 503 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Flora v. United States,
    362 145 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fostvedt v. United States,
    978 F.2d 1201, 1203-1204 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gurrola v. United States,
    Civ. No. 06-3425 SVW (C.D. Cal Jun 26, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Hughes v. United States,
    953 F.2d 531, 537 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Investment Annuity, Inc. Blumenthal,
    609 F.2d 1 (DC cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

McNutt v. General Motors Acceptance Corp.,
    298 U.S. 178, 188 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Mova Pharmaceutical v. Shalala,
    140 F.3d 1060 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Nat'l Taxpayers Union, Inc. v. United States,
    68 F.3d 1428 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Nichols v. United States
    74 U.S. 122 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rappaport v. United States,
    583 F.2d 298 (7th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Reese Bros., Inc. v. United States,
    447 F3d. 229 (3d Cri. May 9, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Simon v. Eastern Ky. Welfare Rights, Org.,
    462 U.S. 26 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sokolow v. United States,
    169 F.3d 663 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tax Analysts v. Internal Revenue Service,
    416 F. Supp. 2d 119 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. American Friends Serv. Comm.,
    419 U.S. 7 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Nordic Village,
    503 U.S. 30, 33-34 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Sherwood,
    312 U.S. 584 (19410 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Vuin v. Burton,
    327 F.2d 967 (6th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **FEDERAL STATUTES**

26 U.S.C. §§ 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

26 U.S.C. § 6511(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26 U.S.C. § 6532(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26 U.S.C. § 6611(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

26 U.S.C. § 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

28 U.S.C. § 2412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Administrative Procedure Act ("APA"),
    5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Declaratory Judgment Act,
    28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Anti-Injunction Acts,
    26 U.S.C. § 7421 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 7

This is an action for, *inter alia*, an order enjoining the implementation of a procedure for refund of communications excise taxes, as proposed in IRS Notice 2006-50, and compelling government officials to provide an accounting of such taxes collected, for recovery of tax overpayments outside of the procedure set forth in the Internal Revenue Code, and for declaratory and other relief. Because the Court lacks subject-matter jurisdiction to grant any such relief, as the amended complaint does not comply with the terms or conditions of any waiver of the United States' sovereign immunity, because the amended complaint fails to state a claim upon which relief may be granted, and because the relief sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, the United States has moved to dismiss the second amended complaint, filed July 6, 2006.

Prior to the filing of the second amended complaint, certain plaintiffs filed a motion for a preliminary injunction, largely to prevent continued collection of the communications excise tax from purchasers of certain long-distance telephone service. (Docket No. 2.) The original request for a preliminary injunction was likely rendered moot by the announcement of IRS Notice 2006-50, which stated that the Internal Revenue Service (the "Service") will follow recent court decisions on the application of 26 U.S.C. § 4251 et seq. to long-distance services, and offers a procedure by which "collectors or taxpayers may request a refund of tax paid under § 4251 on non taxable service that was billed" between February 28, 2003 and August 1, 2006, a period covering at least the applicable statute of limitations on claims for refund of overpayment of tax, taking into account the billing

1822859.1

cycles of long-distance telephone providers. (IRS Notice 2006-50 (Docket No. 15, Ex. 1) at 6.)[1] In any event, plaintiffs' first motion for a preliminary injunction was certainly rendered moot by the filing of a second amended complaint, and of a second motion for a preliminary injunction, filed July 6, 2006.

Plaintiffs' current motion for a preliminary injunction seeks that "Notice 2006-50 be remanded to the I.R.S. to supplement it with a notice-and-comment procedure" as to issues raised in plaintiffs' 31-page brief, and that "Notice 2006-50 be remanded to the I.R.S. to promulgate provisions . . . that assure that [p]laintiffs and all members of the class receive the refunds to which they are untitled *[sic]*." (Second Mot. Prelim. Inj. (Docket No. 25) at 31.) The gravamen of plaintiffs' motion is that utilizing the procedure proposed by Notice 2006-50 for requesting a refund of communications excise taxes obligates the taxpayer to "[comply] with documentation and filing requirements" that plaintiffs perceive as burdensome, at least as to two classes of taxpayers: those otherwise not required by law to file an income tax return, and small businesses. (Id. at 24.)

Plaintiffs' motion, however, misses two important points. First, whether or not the Service were compelled to review or amend its policy announced in Notice 2006-50, applicable statutes and regulations already require taxpayers seeking the return of tax overpayments to make a claim for credit or refund thereof, and to substantiate that taxes were, indeed, overpaid. See 26 U.S.C. §§ 6511, 6402; 26 C.F.R. § 301.6402-2; Flora v. United

---

[1] Claims for refund of overpayment of communications excise taxes that were billed **before** March 1, 2003 will nonetheless be processed in accordance with the Service's usual procedure for processing such claims. (IRS Notice 2006-50 at 14.)

States, 362 U.S. 145 (1959).  Second, Notice 2006-50 does not purport to carry the force of law.  Instead, it is a statement of the Service's policy which offers an alternate means of resolving potential claims for refund in light of recent court decisions.  A taxpayer's rights and remedies are not restricted by that Notice.

As explained herein, and in the United States' motion to dismiss the second amended complaint, filed contemporaneously herewith, the Court lacks subject matter jurisdiction to grant the injunctive relief sought by plaintiffs, the injunction is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the plaintiffs have failed to state a claim for relief.  In addition, plaintiffs have failed to prove the requirements for a preliminary injunction in this judicial circuit.   As a result, the motion for preliminary injunction must be denied.

## ARGUMENT

To demonstrate entitlement to a preliminary injunction, plaintiffs must show "(1) a substantial likelihood of success on the merits, (2) that [they] would not suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction."  Mova Pharmaceutical v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998).  Although all prongs of this circuit's four-part test must be met to obtain a preliminary injunction, in this case, plaintiffs have not met any.  Accordingly, plaintiffs' request for a preliminary injunction is improper, and must be denied.

I. **PLAINTIFFS CANNOT DEMONSTRATE A SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS OF THEIR INJUNCTION CLAIM.**

    A. **The Court lacks subject-matter jurisdiction over plaintiffs' request for injunctive relief, as it does not comply with the terms and conditions of any waiver of the United States' sovereign immunity.**

Pursuant to the doctrine of sovereign immunity, the United States can be sued only when it has expressly consented to suit. See United States v. Sherwood, 312 U.S. 584, 586 (1941) (and cases cited therein). The doctrine is fundamental, applies to every sovereign power, and has long been recognized by the Supreme Court. See, e.g., Nichols v. United States, 74 U.S. 122, 126 (1869). The doctrine is jurisdictional in nature, operating as a complete bar to lawsuits against the government absent an explicit waiver of the immunity. Sherwood, supra, at 586.

A waiver of sovereign immunity must be explicit and is strictly construed in favor of the sovereign. United States v. Nordic Village, 503 U.S. 30, 33-34 (1992). It is a plaintiff's burden to establish the jurisdiction of the Court; thus, plaintiff must allege sufficient facts to show a waiver of sovereign immunity. See, e.g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188 (1936) (party seeking exercise of jurisdiction in his favor must allege sufficient facts essential to show jurisdiction).

The second motion for preliminary injunction contends that the applicable waiver of sovereign immunity is contained in a section of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. (See 2d Mot. Prelim. Inj. at 15.) That section provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to

judicial review thereof" in cases seeking relief other than money damages "provided, that any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance." 5 U.S.C. § 702.   Plaintiffs seek an injunction requiring that IRS Notice 2006-50 be "remanded" to the Service "to promulgate provisions . . . that assure" that plaintiffs receive refunds, and "to supplement it with a notice-and-comment procedure." (Second Mot. Prelim. Inj. at 31.)   But because (a) IRS Notice 2006-50 is not "agency action," (b) plaintiffs have not been aggrieved, within the meaning of either the APA or Article III of the Constitution, by IRS Notice 2006-50, (c) no federal statute or provision of the Constitution obligates federal officials to conduct themselves in the manner proposed by the injunction, and (d) the proposed order does not specify federal officer(s) personally responsible for compliance, plaintiffs' request for preliminary injunctive relief must be denied.

In particular, plaintiffs' motion misunderstands the effect of Notice 2006-50.   An IRS Notice, by definition, is not a "fruit of notice-and-comment rulemaking," and does not carry the force of law.  <u>Tax Analysts v. Internal Revenue Service</u>, 416 F.Supp.2d 119, 126 (D.D.C. 2006).   Nor does Notice 2006-50 purport to bind any taxpayer to its terms, or to restrict or otherwise modify any existing rights.   Instead, it is merely a statement of policy, and that "if the taxpayer requests the credit or refund in the manner prescribed" therein, "[t]he Commissioner agrees to credit or refund the amounts paid for nontaxable service." (IRS Notice 2006-50 at 7.)   Unlike the cases cited by plaintiffs, nothing in the

notice is a "rule" which would prohibit otherwise valid claims, or sanction taxpayers who do not follow the procedure offered therein.[2]

Existing law already requires that "the recovery of any internal revenue tax" may be made only if "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).  26 U.S.C. § 6511(a) sets forth the time limits for filing such a claim for refund or credit.  Further, section 6532(a)(1) provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time."  Such claims must include "appropriate supporting evidence" or "facts sufficient to apprise the Commissioner of the exact basis" of the claim, as is required by the "provisions of law [for filing refund claims], and the regulations of the Secretary established in pursuance thereof." See 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2.  These laws mean that taxpayers are not "entitled" to refunds of overpayment in the absence of a timely-filed claim.  As a result, the Commissioner's offer to resolve potential claims through a simplified procedure does not limit plaintiffs' rights under existing

---

[2]Although Notice 2006-50 does indicate that requests that do not follow the procedure offered in the notice "[w]ill not be processed to the extent they relate to the tax paid on nontaxable service that was billed after February 28, 2003," (IRS Notice 2006-50 at 14), under existing law, the Service has no statutory duty to process refund claims.  The "processing" of a claim is not a predicate to succeeding on an otherwise valid refund claim.   In such circumstances, all a taxpayer needs to do, if, indeed, the Service declines to process his claim, is to wait the requisite six months before filing suit.  26 U.S.C. § 6532(a)(1).

law, and plaintiffs are therefore not "aggrieved" by the IRS Notice within the meaning of either the APA or Article III of the Constitution.  Accord, Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 42-43 (1975)(APA injunction action challenging IRS revenue ruling that "encouraged" hospitals to deny services to indigents dismissed for failure to demonstrate actual injury by challenged conduct).

Finally, the APA does not provide an independent basis for jurisdiction where, as here, plaintiffs have an adequate remedy at law under the federal tax refund statute, 26 U.S.C. § 7422(a).  At least two circuits have held that the APA, as a matter of law, does not provide relief in cases with respect to federal taxes.  Hughes v. United States, 953 F.2d 531, 537 (9th Cir. 1992); Fostvedt v. United States, 978 F.2d 1201, 1203-1204 (10th Cir. 1992).  As explained more fully below, because of Congress' statutory scheme for seeking the recovery of federal tax overpayments, the relief plaintiffs seek – which in essence, is to compel an alternate or parallel scheme – is explicitly barred by Anti-Injunction Act, 26 U.S.C. § 7421(a).

    **B.**    **The request for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.**

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  As the Supreme Court has emphasized, the language of the Act "could scarcely be more explicit," reflecting its overarching objective of protecting "the government's need to assess and collect taxes as expeditiously as possible with a

minimum of pre-enforcement judicial interference." Bob Jones University v. Simon, 416 U.S. 725, 736 (1974). The Act has two primary objectives: "efficient and expeditious collection of taxes with a minimum of preenforcement judicial interference, and protection of the collector from litigation pending a refund suit." United States v. American Friends Serv. Comm., 419 U.S. 7, 12 (1974). The effect of the Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes. See, e.g., Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995); Estate of Michael v. Lullo, 173 F.3d 503, 506 (4th Cir. 1999) ("The Anti-Injunction Act withdraws all courts' jurisdiction over suits filed for the purpose of restraining the assessment or collection of any tax.").

In seeking an order compelling the Service to withdraw its offer to resolve potential claims for refund in the manner indicated by Notice 2006-50, and instead make that offer part of a regulation that would be submitted for notice-and-comment procedure, and to "promulgate provisions . . . that assure that [p]laintiffs and all members of the class receive the refunds" they desire, in the absence of a claim for refund, plaintiffs plainly seek to interfere with the collection of federal taxes and refund of overpayments outside the procedure set forth by Congress, and therefore run afoul of the Anti-Injunction Act. Nor does their circumstance falls within the judicially-created exception to the Anti-Injunction Act, set out in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962).

In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Court concluded that the Anti-Injunction Act would not apply if (1) when the facts and law are

examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  The <u>Williams Packing</u> exception is "stringent" and is to be applied only in "extreme situations."  <u>Bob Jones Univ. v. Simon</u>, 416 U.S. 725, 737 (1974); <u>Investment Annuity, Inc. v. Blumenthal</u>, 609 F.2d 1, 6 (D.C. Cir. 1979); <u>Rappaport v. United States</u>, 583 F.2d 298, 301 (7th Cir. 1978).  The burden is on the plaintiffs to demonstrate that the suit falls within the purview of this judicially created exception to the Anti-Injunction Act.  <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970); <u>Vuin v. Burton</u>, 327 F.2d 967, 969 (6th Cir. 1964).  Unless both conditions of the <u>Williams Packing</u> two-part test are met, a suit to enjoin the assessment or collection of a tax must be dismissed for lack of jurisdiction.  <u>See Alexander v. "Americans United" Inc.</u>, 416 U.S. 752, 758 (1974).

      Under the first prong of the <u>Williams Packing</u> test, the government need only have a good faith basis for its claim or defense in order to obtain dismissal.  <u>Elias v. Connett</u>, 908 F.2d 521, 525 (9th Cir. 1990).  The question here, among others, is whether Notice 2006-50 requires submission for notice-and-comment, and whether implementation of Notice 2006-50 violates any of plaintiff's rights.  As discussed here and elsewhere, taxpayers are not "entitled" to refunds of overpayment in the absence of a timely-filed claim.  Notice 2006-50 does not purport to bind any taxpayer to its terms, or to restrict or otherwise modify any existing rights.  Instead, it proposes an alternative to the existing refund procedure.  In the absence of Notice 2006-50, plaintiffs would still be required, in order to seek a refund, to complete a claim form, to collect records demonstrating the correct liability, to bear the cost of postage (if mailed), and of

litigation if the claims are denied. As a result, the government certainly has a good-faith basis for its contention that the Notice 2006-50 is not required to be submitted for notice-and-comment, and plaintiffs' rights are not violated by its implementation.

Under the second prong of the Williams Packing test, the plaintiffs must prove, prior to the exercise of this Court's jurisdiction, that they have "no adequate remedy at law" and that denial of injunctive relief would cause them "immediate, irreparable injury." Sokolow v. United States, 169 F.3d 663, 665 (9th Cir. 1999). Whether or not the Court were to enjoin the implementation of Notice 2006-50, plaintiffs who seek the recovery of tax overpayments may file a proper administrative claim for refund. In the event the Service denies the claim in whole or in part, or fails to act on the claim within six months, the taxpayer may file an action for refund, id. § 7422(a). Taxpayers earn interest on any overpayment while a refund suit is pending, see id. § 6611(a), and may, unless their net worth exceeds the statutory limit, seek reasonable litigation costs, including attorneys' fees, in the event they "substantially prevail" in an administrative or court proceeding. See id. § 7430; 28 U.S.C. § 2412. This right to file a refund claim and subsequently sue for a refund if that claim is denied constitutes an adequate remedy at law. Bob Jones Univ., 416 U.S. at 726-27. Moreover, that right, together with the right to interest on any overpayment, means that plaintiffs would not suffer "irreparable injury" were their request for injunctive relief to be denied.

Contradicting plaintiffs' contention that the claim-for-refund procedures are not an "adequate remedy" is the fact that, in every case cited for the proposition that the communications excise tax does not apply to plaintiffs' long-distance calls, the taxpayer

successfully filed a claim for refund, waited the requisite statutory period before filing suit, and obtained a judgment for a refund, with interest, by way of the lawsuit. See Reese Bros., Inc. v. United States, 447 F.3d 229 (3d Cir. May 9, 2006) (in addition to the cases identified in Notice 2006-50, at 1). The taxpayers in those cases did not claim the remedy of a refund suit was inadequate in an effort to circumvent the Anti-Injunction Act. Plaintiffs thus present no compelling case why a judicially-created remedy would be necessary in their circumstance, and their request for otherwise-barred relief should be denied.

II.   PLAINTIFFS CANNOT DEMONSTRATE THAT THEY WOULD SUFFER IRREPARABLE INJURY IF THE INJUNCTION IS NOT GRANTED.

The right to file a claim for refund and to sue on that claim if it is denied or not acted upon within six months, together with the right to interest on any overpayment while a refund claim is pending, 26 U.S.C. § 6611(a), and the right to seek reasonable litigation costs, including attorneys' fees, in the event plaintiffs "substantially prevail" in an administrative or court proceeding, id. § 7430; 28 U.S.C. § 2412, means that plaintiffs would not suffer "irreparable injury" were their request for injunctive relief to be denied. Contrary to plaintiffs' assertions, a taxpayer does not show irreparable harm merely by asserting that a claim for refund is not a proper remedy because of the time and money expenditures involved in prosecuting that claim. Brunwasser v. Jacob, 453 F.Supp. 567, 571 (W.D.Pa. 1978), aff'd, 605 F.2d 1194 (3d Cir. 1979).

The issue of "irreparable injury" was recently addressed in an order denying a request for temporary restraining order in Gurrola v. United States, Civ. No. 06-3425-

SVW (C.D. Cal. Jun. 26, 2006) (copy attached as Exhibit 1).  In questioning the propriety of an injunction regarding the collection and refund of communications excise taxes, the court in <u>Gurrola</u> ruled that "[t]he IRS has already announced that taxpayers are not required to pay the TET [telephone excise tax].  Plaintiffs can avoid any continuing financial injury simply by refusing to pay the TET billed on their telephone service statements.  Moreover, the IRS has established an administrative procedure for taxpayers to obtain refunds.  The IRS will also provide a "safe harbor" refund to taxpayers who are unable to provide documentation to demonstrate the amount of unauthorized taxes actually paid.  Nothing stops any aggrieved taxpayers from utilizing those procedures.  It is hard to see how there is risk of irreparable harm in these circumstances."  (Ex. 1 at 7.)

<u>Gurrola</u> therefore held that the Notice, itself, was designed to and did prevent "irreparable harm" to taxpayers who sought the return of communications excise tax overpayments.  In any event, because plaintiffs were already required, by statute, by regulation, and by common sense, to submit a claim for refund before the Service could act on their desire for a return of taxes paid, the implementation of an alternate procedure contained in IRS Notice 2006-50 can hardly be said to have caused them **any** harm.

III.  PLAINTIFFS CANNOT DEMONSTRATE THAT INJUNCTIVE RELIEF WOULD NOT HARM OTHER TAXPAYERS, NOR THAT THE PUBLIC INTEREST WOULD BE FURTHERED BY THE INJUNCTION.

Confounding plaintiffs' request for injunctive relief is the self-evident notion that that many taxpayers may prefer to elect to claim their refund through the procedure

announced in Notice 2006-50, rather than by filing an ordinary claim for refund. In particular, those who are required to, or wish to file a 2006 income tax return may prefer the simplicity of claiming the credit on Form 1040, 1040A or 1040-EZ, rather than by separate administrative process. Likewise, those who do not wish to file a 2006 income tax return may nonetheless prefer to submit Form 1040EZ-T rather than the unannounced alternative contemplated by plaintiffs. (Notice 2006-50, at 9.) Those who are eligible to do so may prefer to elect the "safe harbor" proposed in the Notice to the already-existing requirement that they calculate and substantiate the amount of any overpayment. Requiring taxpayers to submit to another, more cumbersome process, such as class action in which the individual excise tax claims of an entire telephone-using nation are scrutinized on a case-by-case basis, or calculated on an "averaged" basis to deny the full amount of overpayment to those who are not aware of the "opt-out" provision proposed by the plaintiffs, could operate to the detriment of many, and is not in the public interest. Further, many taxpayers may have relied upon the Notice, which was announced in various media outlets, to decide not to file a claim-for-refund but instead to elect to claim the credit on their 2006 tax return. If the guidance contained in the Notice is invalidated, the statute-of-limitations suspended in the Notice (Notice 2006-50, at 8), may cause some otherwise valid claims to expire. Plaintiffs have not proposed a viable alternative. As a result, plaintiffs are unable to demonstrate the latter two prongs of this circuit's test for authorizing a preliminary injunction, and plaintiffs' request for that injunction must be denied.

# CONCLUSION

For the reasons stated above, and for the reasons more fully stated in the United States' motion to dismiss, filed contemporaneously herewith, the United States respectfully requests that the motion for a preliminary injunction and for class certification be denied or, at a minimum, be deferred until after this Court rules on the jurisdictional defects described in the United States' motion to dismiss.

Dated:    July 20, 2006

                                              Respectfully submitted,

                                              __/s/ Ivan C. Dale_____
                                              IVAN C. DALE
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Washington, DC 20044
                                              Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney