# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA SLOAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:06-cv-00483 RMU |
| | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN OPPOSITION TO SECOND MOTION FOR CLASS CERTIFICATION

IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1822007.1

This is an action for, *inter alia*, an order enjoining the implementation of a procedure for refund of communications excise taxes, as proposed in IRS Notice 2006-50, and compelling government officials to provide an accounting of such taxes collected, for recovery of tax overpayments outside of the procedure set forth in the Internal Revenue Code, and for declaratory and other relief.  Because the Court lacks subject-matter jurisdiction to grant any such relief, as the amended complaint does not comply with the terms or conditions of any waiver of the United States' sovereign immunity, because the amended complaint fails to state a claim upon which relief may be granted, and because the relief sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, the United States has moved to dismiss the second amended complaint, filed July 6, 2006.

Prior to the filing of the second amended complaint, certain plaintiffs filed a motion for class certification. (Docket No. 2.)  The original motion for class certification was rendered moot by the filing of the second amended complaint.

On July 6, 2006, the plaintiffs filed a second motion for class certification.  The parties have stipulated, as part of their briefing schedule, that "[n]o class certification motion will be decided until any motion(s) directed to the sufficiency of the [s]econd [a]mended [c]omplaint under Fed. R. Civ. P. 12 or otherwise has been determined." That briefing schedule was, at least in part, approved by the Court by its minute order dated July 6, 2006.  Because the United States is filing its motion to dismiss the second amended complaint contemporaneously herewith, the Court should defer any decision

on plaintiff's second motion for class certification until after the motion to dismiss is decided.

In the interim, the United States opposes plaintiffs' motion for class certification on four grounds. First, the Court lacks jurisdiction with respect to all or most of the proposed class members, either because they have not satisfied the procedural requirements of 26 U.S.C. §§ 6532 and 7422, or because they may involve taxpayers possessing only claims for which the statute of limitations has expired. Second, absent a showing that there are enough potential class members who have satisfied the jurisdictional prerequisites to suit, plaintiffs have failed to demonstrate the "numerosity" requirement of Fed. R. Civ. P. 23(a)(1). Third, because this action is predominantly one for monetary relief, the Court should not certify the class under Fed. R. Civ. P. 23(b)(2). Fourth, members of at least one of the two subclasses proposed by plaintiffs would impossible to identify.

## ARGUMENT

I. THE COURT LACKS JURISDICTION WITH RESPECT TO THE PROPOSED CLASS MEMBERS.

As discussed at length in the United States' motion to dismiss, the plaintiffs have failed to state a claim for relief under the Internal Revenue Code, the Anti-Injunction Act, the Declaratory Judgment Act, or any other federal law, and the Court lacks subject matter jurisdiction to order the relief plaintiffs seek thereunder. In particular, the Court lacks jurisdiction over refunds sought by any potential class members who have not met the procedural requirements of 26 U.S.C. §§ 6532 and 7422. Because the

potential class members are those who are "similarly situated" to the named plaintiffs – i.e., they have not fulfilled the jurisdictional prerequisites to a suit for refund – dismissal is appropriate as to all plaintiffs.

In a class action, the Court must have jurisdiction over the claims of each individual members of the class.  See Califano v. Yamasaki, 442 U.S. 682, 701-02 (1979).  In particular, a class action for a tax refund claim cannot be maintained where "there is no showing that any of the other members of the purported class filed the requisite demands for refund."  Heisler v. United States, 463 F.2d 375 (9th Cir. 1972).  Courts have typically declined to certify classes in refund actions, in part because courts "cannot speculate" whether other class members are jurisdictionally capable of bringing a refund action.  Lipsett v. United States, 37 F.R.D. 549, 552 (S.D.N.Y. 1965); accord, Saunooke v. United States, 8 Cl. Ct. 327, 330 (1985)(noting that refund suits are "particularly ill-suited for class certification" for this reason); Koerner v. United States, 550 F.2d 1362, 1363 n.1 (4th Cir. 1977)(agreeing that it was error to permit refund action to proceed as class action, but reversing lower court decision on other grounds); Sutherland v. Egger, 605 F.Supp. 28, 31 (W.D. Pa. 1984); Agron v. Illinois Bell Telephone Co., 325 F.Supp. 487, 488 (N.D. Ill. 1970).  In the rare circumstance that a class was certified, the class was limited to those plaintiffs who had satisfied the jurisdictional requirements.  Klender v. United States, 218 F.R.D. 551 (E.D. Mich. 2003)(jurisdictional requirements had to be met for all class members); Appoloni v. United States, 218 F.R.D. 556 (W.D. Mich. 2003)(requiring class that meets jursidictional requirements).    Because

the class proposed by plaintiffs almost certainly includes individuals who have not met the requirements of the relevant jurisdictional statutes, it cannot be certified.

In addition, the proposed class is comprised of "all individuals and entities who have paid the Federal communications excise tax for communications services that have been declared to be non-taxable in Notice 2006-50, from January 1, 1997 until August 1, 2006, and whose claims do not exceed $10,000." However, with respect to those individuals and entities who only claim to have overpaid excise taxes beyond the three years preceding the filing of a refund claim, the statute of limitations on claiming a refund or credit of those overpayments has expired. See 26 U.S.C. § 6511(b). As a result, those plaintiffs are not properly plaintiffs in a class action refund suit, and lack standing to challenge any agency action with regard to the distribution of those refunds.

II.    PLAINTIFFS HAVE FAILED TO SATISFY THE "NUMEROSITY" REQUIREMENT OF FED. R. CIV. P. 23(a)(1), BECAUSE THEY HAVE NOT IDENTIFIED PROPOSED CLASS MEMBERS THAT HAVE SATISFIED THE JURISDICTIONAL REQUIREMENTS.

For the same reasons, plaintiffs have not satisfied their burden under Fed. R. Civ. P. 23(a)(1). In particular Fed. R. Civ. P. 23(a)(1) requires plaintiffs to demonstrate that the class is so numerous that joinder of all members is impractical. In particular, there has not been *any* showing of potential class members that have met the procedural requirements, and the request for class action certification must be denied for failure to satisfy the "numerosity" requirement. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Fisher v. United States, 69 Fed. Cl. 193, 196 (2006).

III.     THE COURT SHOULD NOT CERTIFY THE CLASS UNDER FED. R. CIV. P. 23(B)(2).

In addition to the "numerosity," "typicality," "commonality," and "adequacy" elements of Fed. R. Civ. P. 23(a),[1] plaintiffs must also demonstrate that the proposed class action is maintainable under one of the elements of Fed. R. Civ. P. 23(b). But Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Bynum v. District of Columbia, 214 F.R.D. 27, 33 (D.D.C. 2003)(citing Advisory Notes to the 1966 amendment to Rule 23). Plaintiffs' action, which ultimately seeks the recovery of federal tax overpayments, is precisely such a case. Although the Court might adopt a "hybrid" approach, certifying a class for injunctive relief under Fed. R. Civ. P. 23(b)(2), and a class for monetary relief under Fed. R. Civ. P. 23(b)(3), plaintiffs have not attempted to request such an approach here.[2] As a result, the class proposed by plaintiffs may not be certified under Fed. R. Civ. P. 23(b)(2).

---

[1] The United States notes that plaintiffs' ability to prove the "typicality," "commonality," and "adequacy" aspects may be affected by an order dismissing part of plaintiffs' claims in response to the United States motion to dismiss, and will seek to amend its opposition to the class certification, as necessary, if such dismissal occurs prior to the class certification motion.

[2] Indeed, they are unlikely to demonstrate a Rule 23(b)(3) class, because the only issue with regard to monetary damages for persons making a properly-filed claim will be the amount of the overpayment, an issue which is not common to the class, but unique to the purchaser of telecommunications services.

IV.  THE COURT SHOULD NOT CERTIFY PLAINTIFFS' PROPOSED SUBCLASS.

Finally, the first proposed subclass - identified as "all individuals who have paid the communications services that have been declared to be non-taxable in Notice 2006-50, who will not affirmatively be required to file a 2006 income tax return" - will be impossible to administer.  In particular, it will be impossible to identify members of the class.  Determination as to whether taxpayers are "affirmatively required" to file a 2006 income tax return requires, among other factors, an examination of the following:

- the amount of gross income earned during 2006, an amount which cannot be determined until December 31, 2006 and only then upon an examination of every taxpayer's liability;

- whether the taxpayer is married or single;

- whether the taxpayer is 65 or older;

- whether the taxpayer is claimed as a dependent on another's return; and

- whether the taxpayer has children, or is widowed.

See 26 U.S.C. 6012 (and regulations thereunder).  Plaintiffs proposed class, then, would require an audit of every purchaser of long-distance service in the United States to determine the members of the class.  Such an unwieldy result is inadvisable; accordingly, the Court should not certify this proposed subclass.

## CONCLUSION

For the reasons stated above, and for the reasons more fully stated in the United States' motion to dismiss, filed contemporaneously herewith, the United States

respectfully requests that the motion for class certification be denied or, at a minimum, be deferred until after this Court rules on the jurisdictional defects described in the United States' motion to dismiss, at the parties may more fully brief the class certification motion.

Dated:     July 20, 2006

                                                Respectfully submitted,

                                                /s/ Ivan C. Dale
                                               IVAN C. DALE
                                               Trial Attorney, Tax Division
                                               U.S. Department of Justice
                                               Post Office Box 227
                                               Washington, DC 20044
                                               Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney