**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

VIRGINIA SLOAN, et al.,        )
                                       )
             Plaintiffs,         )
                                       )
       v.                    )      No. 1:06-cv-00483 RMU
                                       )
                                       )
UNITED STATES,           )
                                       )
             Defendant.     )

_____

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

_____

IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1822378.1

## TABLE OF CONTENTS

**PAGE**

STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENTS

I.    The Court Lacks Subject-Matter Jurisdiction over the Amended Complaint,
      Because it Does Not Comply with the Terms and Conditions of Any Waiver
      of the United States' Sovereign Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      A.    The Court Lacks Jurisdiction over Plaintiffs' Claims for
            Recovery of Federal Taxes, However Styled, Because the Plaintiffs'
            Have Not Complied with the Jurisdictional Prerequisites to Suit . . . . . . . 10

      B.    The Complaint is Barred by the Anti-Injunction Act . . . . . . . . . . . . . . . . . . 18

      C.    The Complaint is Barred by the Declaratory Judgment Act . . . . . . . . . . . 23

II.   The Complaint Fails to State a Claim upon which Relief May
      Be Granted .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

      A.    The Amended Complaint Fails to State a Claim
            For mandamus Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

      B.    The Amended Complaint to State a Claim Under the APA . . . . . . . . . . . 27

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

1823623.1

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                    **PAGE**

Alexander v. "Americans United" Inc.,
    416 U.S. 752 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Allied Chem. Corp. v. Daiflon, Inc.,
    499 U.S. 33 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Am. Bankers Ins. Group, Inc. v. United States,
    308 F. Supp. 2d 1360 (S.D. fla. 2004), rev'd 408 F.3d 1328 (11th Cir. 2005) . . . . . . . 4

Bob Jones University v. Simon,
    416 U.S. 725 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 18, 19, 21

Bohn v. United States,
    467 F.2d 1278 (8th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Bowers v. United States,
    423 F.2d 1207 (5th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Brunwasser v. Jacob, 453 F. Supp.
    567 (W.D.Pa. 1978), aff'd, 605 F.2d, 1194 (3d Cir. 1979). . . . . . . . . . . . . . . . . . . . . . 11

Church of World Peace v. Internal Revenue Service,
    715 F.2d 579 (10th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Colemanv. Comm'r,
    791 F.2d 68 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Dunn-McCampbell Roualty Interest, Inc. v. Nat'l Park Serv.,
    112 F.3d 1283 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Elias v. Connett,
    908 F.2d 521 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Enochs v. Williams Packing & Navigation Co.,
    370 U.S. 1 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 19-21

Estate of Michael v. Lullo,
    173 F.3d 503 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

1823623.1

Flora v. United States,
    362 U.S. 145 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fornaro v. James,
    416 F.3d 69 (D.C. cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 28

Fostvedt v. United States,
    978 F.2d 1201 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Franklin Savings Corp. v. United States,
    180 F.3d 1124 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Geo. F. Alger Co. v. Peck,
    74 S. Ct. 605 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Gulfstream Aerospace Corp. v. Mayacamas Corp.,
    485 U.S. 271 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Hobson v. Fischbeck,
    758 F.2d 579 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Hughes v. United States,
    953 F.2d 531 (9th Cir. 1992)      7, iii

Ins. Cor. of Ireland v. Compagnie des Bauxites de Guinee,
    456 U.S. 694 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Investment Annuity, Inc. v. Blumenthal,
    609 F.2d 1 (D.C. Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 19

Judicial Watch, Inc. v. Rossotti,
    317 F.2d 401 (4th Cir. ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Krause v. United States,
    No. 95-137, 1996 U.s. Dist. LEXIS 1993 (W.D. Mich. Sept. 18 1996) . . . . . . . . 12-13

Lee v. Blumenthal,
    588 F.2d 1281 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Lipsett v. United States,
    37 F.R.D. 549 (S.D.N.Y. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>McNutt v. General Motors Acceptance Corp.</u>,
    298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>McGee v. United States</u>,
    402 U.S. 479 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>Mitchell v. Riddell</u>,
    402 F.2d 842 (9th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

<u>Murphy v. Internal Revenue Service</u>,
    362 F. Sup. 2d (D.D.C.D 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>National Taxpayers Union, Inc. v. United States</u>,
    68 F.3d 1428 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 18

<u>Nichols v. United States</u>,
    74 U.S. 122 (1869) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Northern States Power Co. v. U.S. Dep't of Energy</u>,
    128 F.3d 754 (D.C. cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

<u>Pittston Coal Group v. Sebben</u>,
    488 U.S. 105 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

<u>Rappaport v. United States</u>,
    583 F.2d 298 (7th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 19

<u>Sokolow v. United States</u>,
    169 F.3d 663 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

<u>Sonnenfeld v. United States</u>,
    154 Fed. Appx. 212 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

South Carolina v. Regan,
      465 U.S. 367 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Sutherland v. Egger,
      605 F. Supp. 28 (W.D. Pa 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

Swan v. Clinton,
      100 F.3d 973 (D.C. Cir. 1996) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

United States v. American Friends Serv. Committee,
      419 U.S. 7 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 18

United States v. Dalm,
      494 U.S. 596 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

United States ex rel. Girard Trust Co. v. Helvering,
      301 U.S. 540 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

United States v. Nordic Village,
      503 U.S. 30 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Sherwood,
      312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Van Sant v. United States,
      No. 97-363, 2001 U.S. Dist. LEXIS 22339 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Vuin v. Burton,
      327 F.2d 967 (6th Cir. 1964)        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Warren v. United State,
      874 F.2d 280 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Washington Legal Found v. U.S. Sentencing Comm'n,
      89 F.3d 897 (D.C. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## FEDERAL STATUTES

26 C.F.R. § 301.6402-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-14

26 U.S.C. § 4251 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

26 U.S.C. §§ 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-14

26 U.S.C. § 6532(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-14

26 U.S.C. § 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-14

Administrative Procedure Act ("APA"), 5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . 27-28

Declaratory Judgment Act, 28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-24

1823623.1

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VIRGINIA SLOAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-00483 RMU |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

This is an action for, *inter alia*, an order enjoining the implementation of a

procedure for refund of communications excise taxes, as proposed in IRS Notice 2006-

50, and compelling government officials to provide an accounting of such taxes

collected, for recovery of tax overpayments outside of the procedure set forth in the

Internal Revenue Code, and for declaratory and other relief.   Because the Court lacks

subject-matter jurisdiction to grant any such relief, as the second amended complaint

does not comply with the terms or conditions of any waiver of the United States'

sovereign immunity, because the second amended complaint fails to state a claim upon

which relief can be granted, and because the relief sought is barred by the Anti-

Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, the

United States has moved to dismiss the second amended complaint.

1822378.1

## STATEMENT

Section 4251(a) of the Internal Revenue Code (26 U.S.C.) imposes a 3% tax on amounts paid for "communications services" and divides "communications services" into three named categories.  Sections 4252(a), (b), and (c) then define the services included in each category.   Taxable services include, *inter alia*, access to a local telephone system,[1] any facility or service provided in connection with access to a local telephone system,[2] phone calls for which the charge varies with the distance and elapsed transmission time of each communication,[3] and services where the subscriber is entitled to an unlimited number of communications to a specified area upon payment of a periodic fee.[4]

The language of the statute imposing a tax on communications services has remained substantially unchanged since 1965, although Congress has re-enacted the 1965 act imposing the tax numerous times.[5]   The statute was traditionally treated by the

---

[1] See 26 U.S.C. § 4252(a)(1).

[2] Id. § 4252(a)(2).

[3] Id. § 4252(b)(1).

[4] Id. § 4252(b)(2).

[5] See, e.g., Revenue & Expenditure Control Act of 1968, Pub. L. No. 90-364, § 105, 82 Stat. 251, 265 (1968); Tax Reform Act of 1969, Pub. L. No. 91-172, § 702, 83 Stat. 487, 660 (1969); Excise, Estate, & Gift Tax Adjustment Act of 1970, Pub. L. No. 91-614, § 201(b), 84 Stat. 1836, 1843 (1970); Omnibus Reconciliation Act of 1980, Pub. L. No. 96-499, § 1151, 94 Stat. 2599, 2694 (1980); Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, § 821, 95 Stat. 172, 351 (1981); Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 282(a), 96 Stat. 324, 568 (1982); Deficit Reduction Act of 1985, Pub. L. No. 98-369, § 26, 98 Stat. 494, 507 (1984); Tax Reform Act of 1986, Pub. L. No. 99-514,

Internal Revenue Service (the "Service"), the telephone service providers and Congress, alike, as imposing a 3% excise tax on *all* local and long-distance telephone service purchased in the United States (other than that specifically excepted by virtue of 26 U.S.C. §§ 4252(d) and 4253).   By all indicators, Congress expected the current tax to raise significant revenues in the future.   For example, in 2000, because there was a budget surplus, Congress voted to repeal the communications excise tax (a measure that was vetoed).   Congress estimated that the revenue loss if the tax were repealed would exceed $55 billion for the years 2000-2010.  S. Rep. No. 106-328, at 4, 7 (2000); H.R. 4516, § 1003; H.R. Doc. 106-306 at 1, 34.

It was only very recently that the universal applicability of the communications excise tax was called into question.   The industry changes that spawned recent challenges to this tax were not "revolutionary" or "technological" at all, however.   (See 2d. Am. Compl. ¶ 31.)  Rather, in 1997, AT&T - which had previously charged a per-minute rate for long-distance calls that depended on the "mileage band" in which the call recipient was located - consolidated these bands into a single, averaged, interstate rate.   MCI followed suit in 2000.  See, e.g., Fortis, Inc. v. United States, No. 03-5137, 2004 U.S. Dist. LEXIS 18686, at *9-10 (S.D.N.Y.  Sept. 16, 2004), aff'd, 447 F.3d 190 (2d Cir. Apr. 27, 2006).

---

§ 1801, 100 Stat. 2085, 2785 (1986); Omnibus Budget Reconciliation Act of 1987, Pub. L. No. 100-203, § 10501, 101 Stat. 1339, 1330-438 (1987); Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508, § 11217(a), 104 Stat. 133, 1338-437 (1990).

1822378.1

As a result of these changes in billing methods, a number of taxpayers brought suits for refund of communications excise taxes, arguing that, because many of the major long-distance service providers no longer charge a rate that varies according to interstate "mileage bands," the services they provide are no longer taxable under 26 U.S.C. § 4252(b)(1) as phone calls for which the charge varies with the distance and elapsed transmission time of each communication. The first case so challenging the communications excise tax in light of this change in industry billing practice was decided on January 29, 2004, in favor of the government. See Am. Bankers Ins. Group, Inc. v. United States, 308 F.Supp.2d 1360 (S.D. Fla. 2004), rev'd, 408 F.3d 1328 (11th Cir. 2005). Since that time, the government lost a number of other cases on the same issue. (IRS Notice 2006-50 (Docket No. 15, Ex. 1), at 1.) In all of the cited cases challenging the imposition of the excise tax on toll calls charged according to a single, averaged, interstate per-minute rate, the taxpayer sought recovery of the excise tax by way of a refund suit under 26 U.S.C. § 7422(a), after first having made a proper, administrative claim for refund and waiting until the claim was denied, or not acted upon for six months. See 26 U.S.C. § 6532(a).

Immediately on the heels of the opinions in three of these cases – OfficeMax, Fortis, and Reese Bros – the Service announced Notice 2006-50, in which the Service stated that it will follow the holdings of the cases, and provided guidance regarding requests for credit or refund of excise taxes paid for services covered therein. (Notice 2006-50 at 1.) In particular, the notice stated that "the Commissioner will authorize the

1822378.1

scheduling of an overassessment under § 6407 to keep the period of limitations open for these requests," (id. at 1-2), and that "if the taxpayer requests the credit or refund in the manner prescribed" therein, "[t]he Commissioner agrees to credit or refund the amounts paid for nontaxable service," (id. at 7).   The Notice announced that "taxpayers are no longer required to pay tax under § 4251 for nontaxable service," including "long distance service" and "bundled service" as those terms are defined therein.   (Id. at 5-6.)

As a result, the parties no longer dispute that long distance service and bundled service are not subject to the communications excise tax.   The only matter in dispute in this case is the procedure by which overpayments of such tax may be refunded to taxpayers.   Notwithstanding the existence of 26 U.S.C. §§ 7422(a), 6511(a) and 6532(a)(1), and 26 C.F.R. § 301.6402-2 governing the procedure for claims for refund, as well as the offer of a simplified method of resolving potential claims announced by Notice 2006-50, plaintiffs seek recovery of communications excise tax overpayments for all consumers in the United States of "cellular," "long distance landline" and "bundled" services by way of a class action to be administered by this Court.   (2d. Am. Compl. ¶ 49.)   In addition, plaintiffs seek, *inter alia*, a writ of mandamus requiring the Government "to provide an accounting of the total amount of the fund illegally collected," an injunction against the implementation of the procedure for refund proposed in Notice 2006-50, as well as declaratory and other relief. (2d. Am. Compl. at

p. 24-25.)   Plaintiffs have also filed a motion for preliminary injunction requesting relief

not prayed for in the second amended complaint.   (See Docket No. 25.)

       With regard to the monetary relief sought, plaintiffs Sloan, Sable, McGranahan

and Perlowitz previously admitted that they did not file refund claims with the Service.

(1st Am. Compl. (Docket No. 9) ¶ 11.)   The second amended complaint does not allege

that plaintiff Gillins filed a refund claim, either.   Plaintiffs Sachuk, Hrusovsky,

Markowitz, Denenberg, and Catering by Design, Inc., allege that they each filed refund

claims with the Service on various dates within five months prior to filing the amended

complaint, but do not allege that the claims have been acted upon, or that they have

waited the requisite period before filing suit.  (2d. Am. Compl. ¶ 23).   Plaintiffs

Krasney, Sachuk, Hrusovsky, Markowitz, Denenberg, and Catering by Design, Inc. each

filed a claim for refund, not on their own behalf, but on behalf of themselves and "all

other similarly situated taxpayers." (2d. Am. Compl. Exs. 2-7.)   Only plaintiffs Krasney

and NCS Companies received a response from the Service, requesting additional

documentation in order to process the claim.    (2d. Am. Compl. Exs. 8, 10.)   Only NCS

Companies' claim indicated an amount to be repaid, but NCS Companies did not set

forth a legal or factual basis for the claim.   (2d. Am. Compl. Ex. 9.)   The second

amended complaint seeks certification of a class of taxpayers "similarly situated" to

these plaintiffs, none of whom has submitted a proper claim for refund, and asks for

relief on behalf of an entire class.

1822378.1

As explained herein, the existence of a legal remedy for individuals seeking a refund of excise taxes, together with the failure of all named plaintiffs to comply with the statutory and regulatory requirements for seeking such a refund, is fatal to all counts of the second amended complaint.   The amended complaint must therefore be dismissed, whether or not plaintiffs' contentions that they have overpaid communications excise taxes, in light of Notice 2006-50, are accurate.

## QUESTIONS PRESENTED

1.       26 U.S.C. § 7422(a) permits suits for recovery of federal excise taxes only if "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."   Such a suit may only be maintained after "the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time."   Id. § 6532(a)(1).   None of the named plaintiffs to this class action have filed a proper claim for refund on their own behalf, or waited the requisite period before filing suit.   Should plaintiffs' complaint be dismissed for lack of subject-matter jurisdiction?

2.       The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," except as authorized under the Internal Revenue Code.   Plaintiff seeks an order enjoining the implementation of a procedure to refund overpayments of communications excise tax to millions of taxpayers, and compelling the government to

take certain administrative actions with the tax.    Is all, or part, of the relief sought

barred by law?

       3.     The Declaratory Judgment Act, 28 U.S.C. § 2201 explicitly excepts from its

terms controversies with respect to federal taxes.   Should plaintiffs' claims for a

declaratory judgment with respect to the legality or constitutionality of the Service's

collection and refund of communications excise taxes be dismissed?

       4.     In order to obtain mandamus relief or relief under the Administrative

Procedures Act ("APA"), 5 U.S.C. § 702, plaintiffs must establish that they are not

seeking relief that has been committed to agency discretion, that their claims are not

otherwise barred, and that they do not have an adequate remedy at law for their

grievance.    But the implementation of procedures for pursuing a refund claim are

firmly delegated to agency discretion, relief which would compel a different procedure

is barred by the Anti-Injunction Act, and the viability of a refund claim is an adequate

remedy at law.   Should plaintiffs' claims for mandamus relief or relief under the APA

be dismissed?

## ARGUMENT

I.     **The Court Lacks Subject-Matter Jurisdiction over the Amended Complaint,
Because It Does Not Comply with the Terms and Conditions of Any Waiver of
the United States' Sovereign Immunity.**

       Pursuant to the doctrine of sovereign immunity, the United States can be sued

only when it has expressly consented to suit.   See United States v. Sherwood, 312 U.S.

584, 586 (1941) (and cases cited therein).   The doctrine is fundamental, applies to every

sovereign power, and has long been recognized by the Supreme Court. <u>See</u>, <u>e.g.</u>, <u>Nichols v. United States</u>, 74 U.S. 122, 126 (1869). The doctrine is jurisdictional in nature, operating as a complete bar to lawsuits against the government absent an explicit waiver of the immunity. <u>Sherwood</u>, <u>supra</u>, at 586.

A waiver of sovereign immunity must be explicit and is strictly construed in favor of the sovereign. <u>United States v. Nordic Village</u>, 503 U.S. 30, 33-34 (1992). It is a plaintiff's burden to establish the jurisdiction of the Court; thus, plaintiff must allege sufficient facts to show a waiver of sovereign immunity. <u>See</u>, <u>e.g.</u>, <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 188 (1936) (party seeking exercise of jurisdiction in his favor must allege sufficient facts essential to show jurisdiction).

The second amended complaint identifies four statutes that it alleges provide the basis for the Court's jurisdiction to order the extraordinary relief plaintiffs seek. (<u>See</u> 2d. Am. Compl. ¶ 11.) The second of these, 28 U.S.C. § 1331, is a general grant of federal jurisdiction over matters of federal law, and does not establish a waiver of the United States' sovereign immunity.[6] The remaining statutes plaintiffs allege vest this Court with jurisdiction over their class-action complaint – The "Little Tucker Act" (28

_____

[6]<u>See</u>, <u>e.g.</u>, <u>Navy, Marshall & Gordon, P.C. v. United States International Development-Cooperation Agency</u>, 557 F. Supp. 484, 488 (D.D.C. 1983) ("Neither 28 U.S.C. § 1331, nor any provision of the Constitution, is a waiver of sovereign immunity[.]"); <u>Daly v. Dep't of Energy</u>, 741 F. Supp. 202, 204 (D. Colo. 1990)("[E]very claim against the United States presents a federal question. Therefore, if § 1331 constituted a waiver of sovereign immunity, every plaintiff with a claim against the United States or one of its agencies could maintain a federal district court action. Clearly this is not the law.")

1822378.1

U.S.C. § 1346), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative

Procedures Act (5 U.S.C. § 702) – will be discussed in turn.   28 U.S.C. § 1346 is discussed

immediately below.   28 U.S.C. § 2201 will be discussed in part I.C. (pps. 23-24), infra.

5 U.S.C. § 702 will be discussed in part II.B. (pps. 27-28), infra.

> A.   The Court Lacks Jurisdiction over Plaintiffs' Claims for Recovery of
> Federal Taxes, However Styled, Because the Plaintiffs' Have Not Complied with
> the Jurisdictional Prerequisites to Suit.

> 1.   28 U.S.C. § 1346(a)(1).

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over a "civil action

against the United States for the recovery of any internal-revenue tax alleged to have

been erroneously or illegally assessed or collected, or any penalty claimed to have been

collected without authority or any sum alleged to have been excessive or in any manner

wrongfully collected under the internal-revenue laws."   Clearly, plaintiffs' claims for

monetary relief are just such a civil action.   This jurisdictional grant, however, "must be

read in conformity with other statutory provisions"  which qualify a taxpayer's right to

bring such a claim upon compliance with certain conditions.   United States v. Dalm,

494 U.S. 596, 601 (1990).

The first of these qualifications is set forth in 26 U.S.C. § 7422(a), which is the

waiver of sovereign immunity that allows taxpayers, generally, to bring a suit for

refund of taxes paid.   Dalm, 494 U.S. at 601.   Section 7422(a) tracks the language of 28

U.S.C. § 1346(a)(1), permitting "the recovery of any internal revenue tax," etc., but only

if "a claim for refund or credit has been duly filed with the Secretary, according to the

1822378.1

provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."   26 U.S.C. § 6511(a) sets forth the time limits for filing such a claim for refund or credit.[7]   Further, section 6532(a)(1) provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time."

Compliance with sections 7422(a), 6511(a) and 6532(a)(1) as a prerequisite to bringing or maintaining a suit for the recovery of a tax or penalty is mandatory.  Bohn v. United States, 467 F.2d 1278 (8th Cir. 1980).  This is a jurisdictional requirement, and therefore, cannot be waived.  See, e.g., Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."); Franklin Savings Corp. v. United States, 180 F.3d 1124, 1129 (10th Cir. 1999) ("Defects in subject matter jurisdiction can never be waived.")  As explained by the Supreme Court --

> the import of these sections is clear: unless a claim for refund of tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been "erroneously," "illegally" or "wrongfully collected," may not be maintained in any court.

United States v. Dalm, 494 U.S. 596, 602 (1990).

Plaintiffs Sloan, Sable, McGranahan and Perlowitz admitted that they did not file tax refund claims (1st Am. Compl. (Docket No. 9) ¶ 11), and the second amended

---

[7]In that regard, to the extent plaintiffs seek recovery of taxes paid prior to the Code's "look-back" period, that recovery would be barred by the statute of limitations.

complaint does not allege that plaintiff Gillins filed such a claim.   Because these plaintiffs have failed to first file claims for refund with the Secretary, their actions are barred by 26 U.S.C. § 7422(a).[8]

In paragraph 23 and 24 of the second amended complaint, plaintiffs Krasney, Sachuk, Hrusovsky, Markowitz, Denenberg, Catering by Design, Inc., and NCS Companies allege that they each filed refund claims with the IRS on various dates between February 9, 2006 and April 10, 2006.   Other than the claim filed by plaintiffs Krasney and NCS, however, plaintiffs do not allege that the claims have been acted upon by the Service.  (2d. Am. Compl. ¶¶ 23-24.)   Because these plaintiffs have failed to wait for a denial, or for at least six months without a response,  their complaint is barred by 26 U.S.C. § 6532(a).

Finally, the only "claims" to have received a response from the Service are those filed by plaintiffs Krasney and NCS.   Krasney's claim was not limited to his own taxes, but was filed on behalf of himself and "all other similarly situated taxpayers." (2d Am. Compl. Ex. 2.)[9]  As indicated in the Service's response to Krasney's claim (2d Am Compl. Ex. 8), Krasney has no standing to assert a claim for refund of money paid by other taxpayers.  See, e.g., Krause v. United States, No. 95-137, 1996 U.S. Dist. LEXIS

_____

[8]In addition, dismissal of Virginia Sloan and any other resident of the District of Columbia as plaintiffs in the case would likewise mean that this action was brought in the improper venue.   28 U.S.C. §§ 1396, 1402(a)(1).

[9]The claims submitted by Sachuk, Hrusovsky, Markowitz, Denenberg, and Catering by Design, Inc. likewise suffer from the same defect.

1822378.1

19933, at *6 (W.D. Mich. Sept. 18, 1996). In addition, neither Krasney's nor NCS's claim includes "appropriate supporting evidence" or "facts sufficient to apprise the Commissioner of the exact basis" of the claim, as is required by the "provisions of law [for filing refund claims], and the regulations of the Secretary established in pursuance thereof." <u>See</u> 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2. In particular, Krasney's claim does not provide any evidence that he, indeed, paid the tax, or a calculation of the amount which he claims he overpaid (which could be shown with invoices and cancelled checks, or an account statement from the communications service provider). NCS' claim does not even state that a tax was erroneously collected, or any legal basis for its claim. 26 C.F.R. § 301.6402-2. As a result, the Service responded to these two plaintiffs by indicating that the claim could not be processed, and requesting additional information. (2d. Am Compl. Exs. 8, 10.)

Moreover, to the extent the filings of Krasney and NCS may be treated as valid "claims" for the purposes of 26 U.S.C. § 7422(a) and 26 C.F.R. § 301.6402-2, and the Service's subsequent responses as denials of those claims, Krasney and NCS have selected an improper venue for a refund suit. Krasney resides in Chester Springs, Pennsylvania. (2d. Am. Compl. ¶ 16.) NCS has a principal place of business in Frazier, Pennsylvania. (2d. Am Compl. ¶ 22) A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought, with respect to individuals, in the judicial district in which the plaintiff resides, or with respect to corporations, in the judicial district in which the corporation's principal place of

-13-

business is located.   See 28 U.S.C. § 1402(a); Saraco v. United States, 61 F.3d 863 (3d Cir.

1995).

Likewise, the Court lacks jurisdiction over refunds sought by any potential class

members who have not met the procedural requirements of §§ 6532 and 7422.   Because

the potential class members are those who are "similarly situated" to the named

plaintiffs – i.e., they have not fulfilled the jurisdictional prerequisites to a suit for refund

– dismissal is appropriate as to all plaintiffs.   In any event, any effort by the Court to

determine whether any potential plaintiffs exist that have met these procedural

requirements would be based upon mere speculation.   Accord, Lipsett v. United States,

37 F.R.D. 549, 552 (S.D.N.Y. 1965); Sutherland v. Egger, 605 F.Supp. 28, 31 (W.D. Pa.

1984).

Plaintiffs appear to contend that the claim-for-refund procedure is "entirely

ineffectual" (Am. Compl. ¶ 36), owing to the "time required" to complete the forms (id.

¶¶ 36, 40) and collect data demonstrating entitlement to a refund (id.), as well the cost

of postage (id.).   But these refund procedures are the same ones used for the most

common tax claims - claims for refund of income taxes.   Every year, tens of millions of

Americans file claims for refund of income taxes, sometimes for nominal amounts, and

are required to complete Forms 1040 and the like, 26 U.S.C. § 6011(a), to collect records

demonstrating the correct liability, id. § 6001, to bear the cost of postage (if mailed), and

of litigation if the claims are denied.   To that extent, some taxpayers may recoup some

of their costs and attorney's fees if they "substantially prevail" in an administrative or

1822378.1

court proceeding.  See id. § 7430; 28 U.S.C. § 2412.    There is no compelling reason to treat plaintiffs' case any differently.    To do so would be to make the exception swallow the rule.

Instead, there are compelling reasons, *particularly with regard to the communications excise tax*, why persons seeking recovery of an overpayment would be required to follow the Congressionally-mandated claim-for-refund procedures.   The telecommunications carriers report excise tax collected on Form 720, which states only the amount of tax collected in the aggregate, whether on account of "local," "toll" or "teletypewriter" services.[10]   Thus, the Service has no way of knowing how much of its collections had been called into question by the recent decisions cited in Notice 2006-50.  Instead, the individual taxpayer is the only person in a position to demonstrate that his or her long distance plan is of a class of services that were excepted from the reach of the communications excise tax by recent decisions, and to demonstrate the amount of excise tax paid which may be properly refunded.

In any event, the Congressionally mandated procedures for the recovery of communications excise taxes are clear and well-recognized, and may not be circumvented by the creative methods proffered by plaintiffs.   The cases are numerous in holding that plaintiffs may not claim an administrative remedy was inadequate if

---

[10]Form 720 is available at http://www.irs.gov/pub/irs-pdf/f720.pdf and requires only, on the third line of Part I, that the collecting agent report the aggregate amount of excise taxes collected on account of "local telephone service," "toll telephone service," and "teletypewriter exchange service" in any given calendar quarter.

1822378.1

they never properly sought to invoke it.   See, e. g., McGee v. United States, 402 U.S. 479, 483 (1971) (a Selective Service registrant may not complain in court if the registrant "has failed to pursue normal administrative remedies and thus has sidestepped a corrective process which might have cured or rendered moot the very defect later complained of"); Geo. F. Alger Co. v. Peck, 74 S. Ct. 605, 606-607 (1954) (Reed, J., in chambers) (a company may not complain in court when it failed to take advantage of an available administrative remedy, even though that remedy may "cause inconvenience and expense"); Sutherland v. Egger, supra, 605 F.Supp. at 31.

    2.    *28 U.S.C. § 1346(a)(2).*

Under 28 U.S.C § 1346(a)(2), a district court has jurisdiction over "[a]ny **other** civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress[.]" (emphasis added).   By its plain terms, section 1346(a)(2) grants jurisdiction only to those claims which are *other than* a civil action for the recovery of internal-revenue taxes.   As discussed above, plaintiffs' claims for monetary relief are patently claims for the recovery of internal-revenue taxes.   As a result, there is no district court jurisdiction under 28 U.S.C. § 1346(a)(2).

Moreover, the amended complaint does not state any claim founded upon either the Constitution or any Act of Congress.   The only such law identified in the second amended complaint (other than 26 U.S.C. § 7422, the federal tax refund statute) is the Fifth Amendment.   In particular, plaintiffs make the conclusory allegations that the

collection of communications excise taxes, in their case, are a deprivation of due process and a taking without just compensation.  (2d. Am. Compl. at pp. 15-18.)  But the Due Process Clause is not a "money-mandating" clause of the Constitution; that is, it is not one which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." United States v. Testan, 424 U.S. 392, 400 (1976).  As a result, it does not provide an independent basis for jurisdiction under the "little" Tucker Act, 28 U.S.C. § 1346(a)(2). Accord, Sonnenfeld v. United States, 154 Fed. Appx. 212 (Fed. Cir. 2005); Murphy v. Internal Revenue Service, 362 F. Supp. 2d 206, 216 (D.D.C. 2005)("Historically, the courts never used the substantive due process clause to regulate the federal income tax.")(quotes and citations omitted).

Likewise, the Takings Clause is not an independent basis for recovery in suits for the recovery of federal taxes.  As explained by this Court, "[c]ourts generally reject the argument that taxing provisions can be classified as 'taking of property without due process of law." Murphy, supra, at 216.  While taxes indeed "take" income and other monies, they do not do so "in the sense in which the Constitution uses takings." Coleman v. Comm'r, 791 F.2d 68, 70 (7th Cir. 1986).  Further, Congress' power to levy a tax also vests that body with the power to set forth the means and methods for making refunds.  Van Sant v. United States, No. 97-363, 2001 U.S. Dist. LEXIS 22339, at *19 (D.D.C. Dec. 31, 2001).  Because plaintiffs have failed to avail themselves of these means and methods of seeking recovery of the communications excise tax, they cannot complain that the tax violates the Takings Clause.  Murphy, supra, at 217.

-17-

Accordingly, the Court lacks jurisdiction over the first, second, third, fourth, eighth, ninth, and tenth causes of action, in that they are for the recovery of federal taxes without having first complied with the jurisdictional prerequisites of 26 U.S.C. §§ 7422(a) and 6532(a)(1).

B.    The Complaint Is Barred by the Anti-Injunction Act.

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). As the Supreme Court has emphasized, the language of the Act "could scarcely be more explicit," reflecting its overarching objective of protecting "the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." Bob Jones University v. Simon, 416 U.S. 725, 736 (1974). The Act has two primary objectives: "efficient and expeditious collection of taxes with a minimum of preenforcement judicial interference, and protection of the collector from litigation pending a refund suit." United States v. American Friends Serv. Comm., 419 U.S. 7, 12 (1974). The effect of the Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes. See, e.g., Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995); Estate of Michael v. Lullo, 173 F.3d 503, 506 (4th Cir. 1999) ("The Anti-Injunction Act withdraws all courts' jurisdiction over suits filed for the purpose of restraining the assessment or collection of any tax.").

-18-                                    1822378.1

In seeking the recovery of internal-revenue taxes outside of a refund suit, declaratory relief regarding the government's collection of such taxes, and a writ of mandamus enjoining the implementation of Notice 2006-50, which proposes a means for resolving potential claims for refund, (2d. Am. Compl. at 25) and requiring the Secretary of the Treasury to provide an accounting of total amount of communications excise tax collected for an undetermined period (id. at 24), plaintiffs' action is plainly barred by the Anti-Injunction Act.   The statutory exceptions to the Act are not applicable here.[11]  Nor do the judicially-created exceptions to the Anti-Injunction Act, set forth in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962), and South Carolina v. Regan, 465 U.S. 367 (1984), describe plaintiffs' circumstance.

In Williams Packing, 370 U.S. 1, 7, the Court concluded that the Anti-Injunction Act would not apply if (1) when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.   The Williams Packing exception is "stringent" and is to be applied only in "extreme situations."   Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974); Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 6 (D.C. Cir. 1979); Rappaport v. United States, 583 F.2d 298, 301 (7th Cir. 1978).   The

---

[11]These are Internal Revenue Code (26 U.S.C.) §§ 6015 (innocent spouse relief), 6212-13  (petition to Tax Court), 6225 (partnership proceedings), 6246 (same), 6330 (collection due process), 6331 (levies during pendency of refund proceeding), 6672 (trust fund recovery after posting of bond), 6694 (recovery of tax preparer penalty after posting of bond), 7426 (wrongful levy), 7429 (jeopardy assessments and levies), and 7436 (determinations of employment status).

burden is on the plaintiffs to demonstrate that the suit falls within the purview of any judicially created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970); Vuin v. Burton, 327 F.2d 967, 969 (6th Cir. 1964).   Unless both conditions of the Williams Packing two-part test are met, a suit to enjoin the assessment or collection of a tax must be dismissed for lack of jurisdiction.  See Alexander v. "Americans United" Inc., 416 U.S. 752, 758 (1974).

Under the first prong of the Williams Packing test, the government need only have a good faith basis for its claim or defense in order to obtain dismissal.   Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990).   The question here, among others, is whether plaintiffs are "entitled" to a refund or credit of excise tax overpayments, and whether implementation of Notice 2006-50 violates any of plaintiff's rights.   As discussed here and elsewhere, taxpayers are not "entitled" to refunds of overpayment in the absence of a timely-filed claim.   Moreover, Notice 2006-50 does not purport to bind any taxpayer to its terms, or to restrict or otherwise modify any existing rights.   Instead, it proposes an alternative to the existing refund procedure.  In the absence of Notice 2006-50, plaintiffs would still be required, in order to seek a refund, to complete a claim form, to collect records demonstrating the correct liability, to bear the cost of postage (if mailed), and of litigation if the claims are denied.   As a result, the government certainly has a good-faith basis for its contention that plaintiffs have not demonstrated jurisdiction over their refund claims, and plaintiffs' rights are not violated by implementation of Notice 2006-50.

1822378.1

Under the second prong of the <u>Williams Packing</u> test, the plaintiffs must prove, prior to the exercise of this Court's jurisdiction, that they have "no adequate remedy at law" and that denial of injunctive relief would cause them "immediate, irreparable injury." <u>Sokolow v. United States</u>, 169 F.3d 663, 665 (9th Cir. 1999). Whether or not the Court were to enjoin the implementation of Notice 2006-50, plaintiffs who seek the recovery of tax overpayments may file a proper administrative claim for refund. In the event the Service denies the claim in whole or in part, or fails to act on the claim within six months, the taxpayer may file an action for refund, <u>id</u>. § 7422(a). Taxpayers earn interest on any overpayment while a refund suit is pending, <u>see id</u>. § 6611(a), and may, unless their net worth exceeds the statutory limit, seek reasonable litigation costs, including attorneys' fees, in the event they "substantially prevail" in an administrative or court proceeding. <u>See id</u>. § 7430; 28 U.S.C. § 2412. This right to file a refund claim and subsequently sue for a refund if that claim is denied constitutes an adequate remedy at law. <u>Bob Jones Univ.</u>, 416 U.S. at 726-27. Moreover, that right, together with the right to interest on any overpayment, means that plaintiffs would not suffer "irreparable injury" were their request for injunctive relief to be denied.

In <u>Regan</u>, the Supreme Court stated that the Anti-Injunction Act may not bar relief where the plaintiff can establish that "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." 465 U.S. at 373. The circumstances in <u>Regan</u> were unique. <u>Regan</u> implicated serious constitutional

concerns[12] regarding the federal taxation of income from state-issued bonds – concerns which, as a matter of law, the state would otherwise be unable to raise in court.  As a result, the Regan decision "is a narrow one tailored to the unique factual pattern in that case," and courts construing the Regan exception have strictly limited its applicability. Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 408 n.3 (4th Cir.) (collecting cases), cert. denied, 540 U.S. 825 (2003).  In particular, "the basis of the Regan exception is not whether a plaintiff has access to a legal remedy for the precise harm that it has allegedly suffered, but whether the plaintiff **has any access at all to judicial review."**  Id. at 408.

Under the statutory scheme relevant here, the plaintiffs may claim a refund for excise taxes by submitting a short statement, signed under penalties of perjury, which describes the telecommunications service plan, the amount of excise taxes paid, and provides some evidence of their entitlement to a refund.[13]  26 U.S.C. § 7422(a).  If the Service either denies their claim, or fails to act within six months, the plaintiffs may file a suit for refund.  Id. § 6532(a)(1).  Taxpayers earn interest on any overpayment while a refund suit is pending, see id. § 6611(a), and may, unless their net worth exceeds the statutory limit, seek reasonable litigation costs, including attorneys' fees, in the event they "substantially prevail" in an administrative or court proceeding.  See id. § 7430; 28

---

[12]The concerns were that the tax on state-issued bonds may have violated of the Tenth Amendment and the doctrine of intergovernmental tax immunity.  Id. at 370. Regan explicitly did not decide whether the Court would have jurisdiction, in the same circumstances, to grant declaratory relief.  Id. at 370 n.2.

[13]Indeed, each of the plaintiffs in OfficeMax, American Bankers Ins. Group, Amtrak, AOL, Reese Bros., Fortis, etc., did exactly that.

1822378.1

U.S.C. § 2412.   Under <u>Regan</u>, this right of access to judicial review is enough to render

inapplicable the narrow exception described therein.

Accordingly, the Court lacks jurisdiction over the entire complaint, and in

particular the fifth, sixth, seventh, and eleventh causes of action, because the relief

sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

C.     <u>The Complaint Is Barred by the Declaratory Judgment Act.</u>

While United States courts are provided with great flexibility to craft appropriate

remedies, including the issuance of declaratory judgments, 28 U.S.C. § 2201(a)

specifically prohibits declaratory judgments in controversies with respect to Federal

taxes:

> In a case of actual controversy within its jurisdiction, **except
> with respect to Federal taxes** other than actions brought
> under section 7428 of the Internal Revenue Code, or a
> proceeding under section 505 or 1146 of Title 11 . . . any
> court of the United States, upon the filing of an appropriate
> pleading, may declare the rights and other legal relations of
> any interested party seeking such declaration, whether or
> not further relief is or could be sought.  Any such declaration
> shall have the force and effect of a final judgment or decree
> and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis added); <u>see also</u> <u>Hobson v. Fischbeck</u>, 758 F.2d 579 (11th Cir.

1985); <u>Church of World Peace v. Internal Revenue Service</u>, 715 F.2d 492 (10th Cir. 1983);

<u>Mitchell v. Riddell</u>, 402 F.2d 842, 846 (9th Cir. 1968).   Plaintiffs' suit is patently a

"controversy . . . with respect to Federal Taxes."   (<u>See</u>, <u>e.g.</u>, 2d. Am. Compl. ¶ 28.)   As a

result, this Court lacks jurisdiction over this suit, insofar as it seeks a declaratory

judgment with respect to the legality or constitutionality of the Service's collection,

refund or credit of communications excise taxes.   Flora v. United States, 357 U.S. 63, 75

(1958), aff'd on rehearing, 362 U.S. 145 (1960); Warren v. United States, 874 F.2d 280, 282

(5th Cir. 1989). Moreover, in this circuit, the Declaratory Judgment Act's ban on suits

with respect to federal taxes is interpreted co-terminously with that of the Anti-

Injunction Act.   Thus, for the same reasons that plaintiffs cannot establish any

judicially-created exception to the Anti-Injunction Act, 26 U.S.C. § 7421(a), see supra pp.

20-23, plaintiffs can neither establish any such exception to the Declaratory Judgment

Act.

       Accordingly, the Court lacks jurisdiction over the twelfth cause of action,

because the relief sought is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

**II.    The Complaint Fails to State a Claim upon Which Relief May Be Granted.**

       As discussed at length above, the availability of the legal remedy of a refund suit,

together with plaintiffs' failure to follow the statutorily prescribed methods for claiming

a refund of communications excise taxes, means that, as a matter of law, plaintiffs have

failed to state a claim for relief under the Internal Revenue Code, the Anti-Injunction

Act, the Declaratory Judgment Act, and the Constitution, and the Court lacks subject

matter jurisdiction to order the relief plaintiffs seek thereunder.   The same rationale

applies with equal force to plaintiffs' claims for mandamus relief and under the

Administrative Procedures Act, 5 U.S.C. § 702.

                                                                    1822378.1

A.    The Amended Complaint Fails to State a Claim for Mandamus Relief

The second amended complaint seeks relief in the nature of mandamus, that is, an order by the district court requiring the government to provide an accounting of communications excise taxes collected, and to prevent the continued implementation of a process for resolving potential refund claims.   The federal mandamus statute, 28 U.S.C. § 1361, provides the district courts with "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  This Circuit has observed that "[n]o separate waiver of sovereign immunity is required to seek a writ of mandamus to compel an official to perform a duty required in his official capacity."  Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005)(citing Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996)).   Mandamus is a drastic remedy, appropriate only in extraordinary circumstances.  Allied Chem. Corp. v. Daiflon, Inc., 499 U.S. 33, 34–35 (1980); Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Fornaro, 416 F.3d at 69.  For section 1361 to provide jurisdiction, it must appear from the face of the complaint that: (1) the plaintiff has a clear right to the relief sought; (2) there is a clear and peremptory duty on the government's part to do the act in question; and (3) no other adequate remedy is available.  United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543–44 (1937); Fornaro, supra, 416 F.3d at 69 (D.C. Cir. 2005).  If the party seeking mandamus fails to demonstrate the existence of any of the necessary elements, mandamus is not available.  See. e.g., Washington Legal Found. v. U.S.

-25-                                                    1822378.1

Sentencing Comm'n, 89 F.3d 897, 902–07 (D.C. Cir. 1996) (holding that mandamus was not available where claimants failed to show that officials had duty to disclose documents).

The party invoking a court's mandamus jurisdiction "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.'" Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988)).  That party must show that Government officials failed to perform a ministerial duty that was clearly set out in the Constitution or by statute and that was devoid of the exercise of judgment or discretion.  Dunn-McCampbell Roualty Interest, Inc. v. Nat'l Park Serv., 112 F.3d 1283, 1288 (5th Cir. 1997).  "[T]he courts do not have authority under the mandamus statute to order any government official to perform a discretionary duty."  Swan v. Clinton, 100 F.3d 973, 977 (D.C. Cir. 1996) (citing Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

Clearly, the implementation of procedures for the resolving potential refund claims is far from ministerial.  Nor does Notice 2006-50 appear to contravene any clearly established right.   Nor do plaintiffs allege that the accounting requested is mandated by law.   Further,  because each and every named and potential plaintiff has the right to recover, by way of making an administrative claim for refund and filing a subsequent suit, if such claim is denied, any overpayment of communications excise tax which they

can prove, together with interest, plaintiffs have an adequate remedy at law.

Mandamus relief is therefore improper in this case.[14]

      B.      The Amended Complaint Fails to State a Claim Under the APA

In counts five, six, and seven, plaintiffs argue that section 702 of the

Administrative Procedure Act, 5 U.S.C., provides a basis for jurisdiction.  Section 702

provides that "[a] person suffering legal wrong because of agency action, or adversely

affected or aggrieved by agency action within the meaning of a relevant statute, is

entitled to judicial review thereof."  5 U.S.C. § 702.  It continues: "An action in a court of

the United States seeking relief other than money damages and stating a claim that an

agency or an officer or employee thereof acted or failed to act in an official capacity or

under color of legal authority shall not be dismissed nor relief therein be denied on the

ground that it is against the United States."  Id.  Accordingly, section 702, the APA's

judicial-review provision, waives the Government's sovereign immunity, and thus

permits the exercise of jurisdiction, in suits seeking nonmonetary relief with respect to

certain agency actions.

As discussed more fully in the United States' memorandum in opposition to

plaintiffs' second motion for preliminary injunction, the amended complaint fails to

show or allege that plaintiffs were aggrieved in any way by final "agency action within

the meaning of a relevant statute."  *See* 5 U.S.C. §§ 551(13), 702, 704.  Moreover, to the

---

    [14]It is also worth noting that the defendant here is the United States.   Mandamus orders under section 1361 lie, where appropriate, against officials and employees.

extent the second amended complaint seeks relief with respect to federal taxes, it falls

within an exception to the waiver of sovereign immunity provided in section 702, which

states that nothing in that provision "affects other limitations on judicial review or the

power or duty of the court to dismiss any action or deny relief on any other appropriate

legal or equitable ground" or "confers authority to grant relief if any other statute that

grants consent to suit expressly or impliedly forbids the relief which is sought." 5

U.S.C. § 702. See also 5 U.S.C. § 701(a)(1) (judicial review unavailable under APA if

"statutes preclude judicial review"); Fornaro, supra, at 66 (APA excludes from its

waiver of sovereign immunity claims for which adequate remedy is available elsewhere

and claims seeking relief are forbidden by another statute); Transohio Sav. Bank v. OTS,

967 F.2d 598, 607 (D.C. Cir. 1993) (same); Lee v. Blumenthal, 588 F.2d 1281, 1283 (9th Cir.

1979) (Section 702, "by its own terms, does not affect existing limitations on district

court jurisdiction").

      In this case, the rule as stated in Fornaro is directly on point. Fornaro, supra, at

66 (D.C. Cir. 2005). The APA does not provide an independent basis for jurisdiction

where, as here, plaintiffs have an adequate remedy at law under the federal tax refund

statute, 26 U.S.C. § 7422(a). Moreover, as explained above, see supra, pp. 19-25, the

relief plaintiffs seek is explicitly barred by Anti-Injunction Act, 26 U.S.C. § 7421(a), and

the Declaratory Judgment Act, 28 U.S.C. § 2201(a). At least two circuits have held that

the APA, as a matter of law, does not provide relief in cases with respect to federal

taxes. Hughes v. United States, 953 F.2d 531, 537 (9th Cir. 1992); Fostvedt v. United

1822378.1

<u>States</u>, 978 F.2d 1201, 1203-1204 (10th Cir. 1992).   Accordingly, the plaintiffs have failed

to state a claim, and the Court lacks jurisdiction over the fifth, sixth, and seventh causes

of action of the amended complaint.

**CONCLUSION**

For the reasons stated above, the United States respectfully requests that this

action be dismissed, without prejudice to the right of plaintiffs to bring a civil action for

refund of federal taxes at the appropriate time pursuant to 26 U.S.C. §§ 6532 and 7422.

Dated:        July 20, 2006

Respectfully submitted,

__/s/ Ivan C. Dale_____
IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney