IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA SLOAN, et. al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No.: 1:06-cv-00483 RMU |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

---

## Table of Contents

**INTRODUCTION**...............................................................................................1

**ARGUMENT**....................................................................................................3

    I. This Court Has Jurisdiction Over the Claims of Proposed Class Members.......3

    II. The Numerosity Requirement of FED. R. CIV. P. 23(a)(1) Is Satisfied
        for Each of the Proposed Classes....................................................3

    III. The Court Should Certify the Proposed Classes Pursuant to
        FED. R. CIV. P. 23(b)(2)..............................................................4

        A. The Monetary Relief Sought by Plaintiffs is Equitable in Nature........5

        B. The Monetary Relief Sought by Plaintiffs is Ancilliary
           to the Injunctive or Declaratory Relief Requested by Plaintiffs...........7

    IV. The Proposed Classes Would be Easy to Administer.............................9

**CONCLUSION**................................................................................................10

# Table of Authorities

**Cases**
*B.F. Goodrich v. U.S.*, 48 F. Supp. 453 (S.D.Cal. 1940) .................................................................. 7
*\*Bowen v. Massachusetts*, 487 U.S. 879 (1988) .................................................................. 5, 6
*Bynum v. District of Columbia*, 214 F.R.D. 27 (D.D.C. 2003) .................................................................. 4
*\*Chang v. U.S.*, 217 F.R.D. 262 (D.D.C. 2003) .................................................................. 7
*\*Coleman v. The Pension Benefit Guaranty Co.*, 196 F.R.D. 193 (D.D.C. 2000) .................. 6, 7
*Curtis v. Loether*, 415 U.S. 189 (1974) .................................................................. 6
*Eubanks v. Billington*, 110 F.3d 87 (D.C. Cir. 1997) .................................................................. 8
*Garcia v. Veneman*, 211 F.R.D. 15 (D.D.C. 2002) .................................................................. 8
*Granfinaciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) .................................................................. 6
*Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894 (7th Cir. 1999) .................................................................. 6
*Larsen v. U.S. Navy*, 346 F. Supp.2d 122 (D.D.C. 2004) .................................................................. 5
*Maryland Dept. of Human Resources v. Dept. of Health and Human Services*, 763 F.2d 1441 (D.C. Cir. 1985) .................................................................. 5
*\*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001) .................. 8
*Tull v. United States*, 481 U.S. 412 (1987) .................................................................. 6
*U.S. v. Phillip Morris*, 273 F. Supp.2d 3 (D.D.C. 2002) .................................................................. 7

**Statutes**
26 U.S.C. § 6532 .................................................................. 2
26 U.S.C. § 7422 .................................................................. 2
28 U.S.C. § 1331 .................................................................. 2
28 U.S.C. § 1346 .................................................................. 2
28 U.S.C. § 2201 .................................................................. 2
5 U.S.C. § 702 .................................................................. 2, 5

**Rules**
FED. R. CIV. P. 12 .................................................................. 1, 3
FED. R. CIV. P. 23 .................................................................. 1, 2, 3, 4, 6, 7, 9, 10

**Treatises**
D. Dobbs, *Handbook on the Law of Remedies* 135 (1973) .................................................................. 5
NEWBERG ON CLASS ACTIONS § 4:13 (4th ed. 2002) .................................................................. 4

## INTRODUCTION

On June 30, 2006, the parties jointly submitted a proposed briefing schedule, wherein they stipulated that "[n]o motion for class certification shall be decided until any motions(s) directed to the sufficiency of the Second Amended Complaint under FED. R. CIV. P. 12 or otherwise has been determined." (Docket Entry No. 22). This briefing schedule was, at least in part, approved by the Court in its minute order dated July 6.

On July 6, Plaintiffs Virginia Sloan, Gary M. Sable, Robert McGranahan, Shari Perlowitz, Reginald A. Krasney, Marion Sachuk, Carolyn Hrusovsky, Stacy Markowitz, Joan Denenberg, James Gillins, NCS Companies, Inc., and Catering By Design, Inc. (collectively, "Plaintiffs") filed, *inter alia*, a renewed Motion for Class Certification, and Memorandum of Points and Authorities in support thereof. (Docket Entry No. 24). Plaintiffs seek to certify one primary Class (the "Overall Teletax Class"[1]), and two Subclasses (the "Non-Filer Subclass"[2] and "Small Business/Non-Profit Subclass"[3]) pursuant to FED. R. CIV. P. 23 (a) and (b)(2).

On July 20, Defendant filed a Memorandum in Opposition to Plaintiffs' Second Motion for Class Certification. (Docket Entry No. 28). As demonstrated below, none of the four bases upon which the Defendant opposes certification has merit:

---

[1] The Overall Teletax Class is defined as "[a]ll individuals and entities who have paid the Federal communications excise tax for telecommunications services that have been declared to be non-taxable in Notice 2006-50, from January 1, 1997 until August 1, 2006, and whose claims do not exceed $10,000."

[2] The Non-Filer Subclass is defined as "[a]ll individuals who have paid the communications excise tax for telecommunications services that have been declared to be non-taxable in Notice 2006-50, who will not affirmatively be required to filed a 2006 income tax return because they do not meet the minimum income requirements for mandatory income tax filing, and whose claims do not exceed $10,000."

[3] The Small Business/Non-Profit Subclass is defined as "all 'entities' (as that term is used in Notice 2006-50) that have paid the communications excise tax for telecommunications services that have been declared to be non-taxable in Notice 2006-50, and whose claims do not exceed $10,000."

(1) Defendant contends that this Court lacks jurisdiction over the claims of all or most of the proposed Class members for failing to satisfy the administrative requirements of 26 U.S.C. § 6532 and 7422. Defendant's Opposition Brief at 3-4. This argument fails because, as discussed at length in Plaintiffs' Second Amended Complaint and Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346; 28 U.S.C. § 1331; 5 U.S.C. § 702; and 28 U.S.C. § 2201.

(2) Second, Defendant's contention that the numerosity requirement of FED. R. CIV. P. 23 (a)(1) is not satisfied, Defendant's Opposition Brief at 5, is flawed because Plaintiffs' proposed Overall Teletax Class and two Subclasses each contain millions of members.

(3) Third, Defendant contends that class certification is inappropriate pursuant to FED. R. CIV. P. 23 (b)(2) because the final relief sought by Plaintiffs "relates exclusively or predominately to money damages." *Id.* at 6. This argument fails because the monetary relief sought by Plaintiffs is equitable in nature, and is ancillary to the injunctive and declaratory relief requested, thereby making it appropriate for this Court to award on behalf of Plaintiffs' proposed Rule 23 (b)(2) Classes.

(4) Finally, Defendant argues that this Court should not certify the Non-Filer Subclass because it would be impossible to administer and to identify the members of that Subclass. *Id.* at 7. This argument must be rejected because this Court can grant the relief requested on behalf of this mandatory class – which is merely a sub-set of the Overall Teletax Class – without the necessity of actually identifying all Class members; Plaintiffs' proposed Class and Subclasses would therefore be easy to administer.

Accordingly, for these reasons and those set out in Plaintiffs' opening memorandum, Plaintiffs' motion for class certification should be granted.

**ARGUMENT**

I. <u>This Court Has Jurisdiction Over the Claims of Proposed Class Members.</u>

As discussed at length in Plaintiffs' Second Amended Complaint and Memorandum in Opposition to Defendants' Motion to Dismiss, this Court has subject matter jurisdiction to grant the relief sought by Plaintiffs on behalf of the proposed Class members. Indeed, the parties have stipulated that this Court should resolve any motion(s) directed to the sufficiency of the Second Amended Complaint under FED. R. CIV. P. 12 before addressing the class certification motion and briefs. By reaching this point, the Court has resolved Defendant's Motion to Dismiss in favor of Plaintiffs, and has necessarily determined that it has subject matter jurisdiction over one or more of Plaintiffs' claims. Accordingly, this Court has jurisdiction over the claims of Plaintiffs and Class members.

II. <u>The Numerosity Requirement of FED. R. CIV. P. 23 (a)(1) Is Satisfied for Each of the Proposed Classes.</u>

For the same reasons stated above, if the Court reaches the merits of the class certification motion and briefs, it will have already determined that Plaintiffs have satisfied the jurisdictional prerequisites for bringing suit in this Court on behalf of one or more of the proposed Classes. All of the Classes that Plaintiffs seek to represent easily satisfy the numerosity requirement of FED. R. CIV. P. 23 (a)(1). Members of each of Plaintiffs' proposed Subclasses number in the millions.[4] The Overall Teletax Class,

---

[4] Statistics cited by Plaintiffs show that in 1999 nearly 13 million people did not file income tax returns; this number roughly corresponds to the number of Class members in the Non-Filer Subclass. Plaintiffs' Renewed Motion for Preliminary Injunction at 9. Plaintiffs also point out that in 2003 there were

- 3 -

which encompasses more than both of Plaintiffs' proposed Subclasses, has even more Class members.[5] Accordingly, numerosity is easily satisfied for each of Plaintiffs' proposed Classes.

III. <u>The Court Should Certify the Proposed Classes Pursuant to FED. R. CIV. P. 23 (b)(2).</u>

Defendant asserts that this Court should refuse to certify Plaintiffs' proposed Classes pursuant to FED. R. CIV. P. 23 (b)(2) because "Rule 23 (b)(2) 'does not extend to cases in which the appropriate final relief relates exclusively or predominately to money *damages.*'" Defendant's Opposition Brief at 6 (emphasis supplied). This argument is based on a fundamental misunderstanding of Plaintiffs' theory of recovery. Since this Court has jurisdiction over Plaintiffs' equitable claim(s), an order for monetary relief may be awarded on behalf of the Rule 23 (b)(2) class so long as the monetary relief is either (1) equitable in nature, or (2) secondary or ancillary to the general scheme of injunctive or declaratory relief sought by the plaintiffs. NEWBERG ON CLASS ACTIONS § 4:13 (4th ed. 2002). Because the relief sought by Plaintiffs – an order requiring Defendant to return in full the money unlawfully taken from Plaintiffs and Class members – falls into both categories, this Court should certify Plaintiffs' proposed Class and Subclasses pursuant to FED. R. CIV. P. 23(b)(2).

---

approximately 3.5 million business entities in the United States that employed four or fewer employees; this figure provides an estimate of the size of the number of members in the Small Business/Non-Profit Subclass. *Id.* at 10.

[5] While Plaintiffs may not be able to pinpoint the precise number of members of each Class, this Court can easily conclude that numerosity is satisfied based on common sense assumptions. *Bynum v. District of Columbia*, 214 F.R.D. 27, 32 (D.D.C. 2003) (precise quantification of class members not necessary where the court may make common sense assumptions to support a finding of numerosity).

A.  The Monetary Relief Sought by Plaintiffs is Equitable in Nature.

In *Bowen v. Massachusetts*, 487 U.S. 879 (1988), the Supreme Court examined the language in the Administrative Procedures Act ("APA") that provides District Courts with jurisdiction to hear certain suits against the federal government for claims "other than monetary damages."[6] The Court noted that this prohibition on bringing monetary claims *does not* extend to all situations where the claim could ultimately result in the payment of money by the federal government. *Id.* at 893. Justice Stevens wrote that the Court had long recognized a distinction between an action at law for damages – which is "intended to provide a victim with monetary compensation for an injury to his person, property, or reputation," *Id.*, as opposed to

> an equitable action for specific relief – which may include an order providing for the reinstatement of an employee with backpay, or for the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions.

*Id.* (emphasis added; citations omitted). In other words, the Court explained that *damages* are a substitute for a specific loss, whereas *specific equitable remedies* "are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled." *Id.* at 895 (*quoting, Maryland Dept. of Human Resources v. Dept. of Health and Human Services*, 763 F.2d 1441, 1446 (D.C. Cir. 1985), D. Dobbs, *Handbook on the Law of Remedies* 135 (1973)).[7] Accordingly, the Supreme Court concluded that a suit could be maintained against the government under the APA for the recovery of money

---

[6] *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.") (emphasis supplied).

[7] *See also, Larsen v. U.S. Navy*, 346 F. Supp.2d 122, 128 (D.D.C. 2004) ("Specific relief...attempt[s] to give the plaintiff the very thing to which he was entitled...[while] [m]oney damages...normally refers to a sum of money used as compensatory relief... to substitute for a suffered loss [.]") (citations omitted).

for "specific remedies...[which] attempt[] to give the plaintiff the very thing to which he was entitled." *Id.*[8]

This Court has permitted a Rule 23 (b)(2) class to recover money that was sought in the nature of restitution, as opposed to damages. For instance, in *Coleman v. The Pension Benefit Guaranty Co.*, 196 F.R.D. 193 (D.D.C. 2000), this Court certified a class pursuant to FED. R. CIV. P. 23 (b)(2) that sought monetary restitution after determining that the monetary claim was equitable in nature. *Id.* at 199. Defendants argued that the payment of money "is a form of relief that is inconsistent with class certification [under Rule 23 (b)(2)]." *Id.* at 199. This Court disagreed, opining that "[a] class certified under Rule 23(b)(2) may recover monetary relief in addition to declaratory and injunctive relief, 'at least where the monetary relief does not predominate.'" *Id.* (internal citations omitted). Significantly, the Court also stated that the plaintiff's request for money was "equitable in nature because it seeks restitution, rather than damages, thus rendering it appropriate for certification under Rule 23(b)(2)." *Id.*, citing, *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 899 (7th Cir. 1999) (distinguishing "monetary *damages*" from "equitable monetary *relief*" for purposes of certification under Rule 23(b)(2)). Accordingly, this Court certified the class pursuant to FED. R. CIV. P. 23(b)(2), and

---

[8]As Justice White observed in his dissent in *Granfinaciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)

> This Court has not accepted the view that "any award of monetary relief must necessarily be 'legal' relief." *Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). We have previously recognized that actions to disgorge improperly gained profits, *Tull v. United States,* 481 U.S. 412, 424, 107 S.Ct. 1831, 1839, 95 L.Ed.2d 365 (1987), to return funds rightfully belonging to another, *Curtis, supra,* 415 U.S., at 197, 94 S.Ct., at 1010, or to submit specific funds wrongfully withheld, *Bowen v. Massachusetts,* 487 U.S. 879, 893-896, 108 S.Ct. 2722, 2731-2733, 101 L.Ed.2d 749 (1988), are all equitable actions-even though the relief they seek is monetary-because they are restitutionary in nature.

Id. at 86 n.9

allowed the plaintiffs to pursue their claims for monetary relief on behalf of this class. *Id.* at 200.

Based on the distinction between equitable and legal relief set forth in *Bowen, supra*, and *Coleman, supra*, the monetary relief sought by Plaintiffs in this case is clearly equitable in nature. The monetary relief that Plaintiffs and Class members seek is not a "substitute" remedy designed to serve as compensation for injuries to property caused by Defendant. To the contrary, Plaintiffs seek the restitution of a specific fund of monies wrongfully exacted by Defendant.[9] Because the monetary relief sought by Plaintiffs is clearly equitable in nature, this Court should permit Plaintiffs to pursue these claims on behalf of a FED. R. CIV. P. 23 (b)(2) class.

### B. The Monetary Relief Sought by Plaintiffs is Ancillary to the Injunctive or Declaratory Relief Requested by Plaintiffs.

This Court also should permit Plaintiffs to recover their requested claim for monetary relief on behalf of a Rule 23 (b)(2) class because their claim is merely ancillary to the requested injunctive and declaratory relief. Monetary relief can be awarded on behalf of a Rule 23 (b)(2) class as long as the monetary relief "does not predominate" over the injunctive or declaratory relief. *Chang v. U.S.*, 217 F.R.D. 262, 273 (D.D.C. 2003) ("[t]he fact that plaintiffs assert claims for money damages does not [defeat certification of a (b)(2) class], as those claims are incidental to their requests for injunctive relief, rendering certification pursuant to (b)(2) appropriate."); *Eubanks v.*

---

[9] The Eighth Cause of Action in the Second Amended Complaint, for example, seeks the equitable remedy of restitution for unjust enrichment. *See, e.g., U.S. v. Phillip Morris*, 273 F. Supp.2d 3, 9 (D.D.C. 2002) ("civil suits to obtain disgorgement of profits or restitution have traditionally and repeatedly been characterized as equitable in nature."). Additionally, courts have concluded that taxpayers are entitled to the return of wrongfully demanded and collected taxes under the equitable remedy of money had and received. *See, e.g., B.F. Goodrich v. U.S.*, 48 F. Supp. 453, 457 (S.D.Cal. 1940), *aff'd*, 135 F.2d 456 (9th Cir. 1943), and *aff'd*, 320 U.S. 722 (1943).

*Billington*, 110 F.3d 87, 92 (D.C. Cir. 1997) ("Courts have generally permitted (b)(2) classes to recover monetary relief in addition to declaratory or injunctive relief, at least where the monetary relief does not predominate."); *Garcia v. Veneman*, 211 F.R.D. 15, 23 (D.D.C. 2002) (same).

The monetary relief sought by Plaintiffs in this case does not predominate over the requested injunctive or declaratory relief. Monetary claims are ancillary to injunctive and declaratory claims where:

> (1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits.

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 164 (2d Cir. 2001).[10]

In this case, Plaintiffs request injunctive and declaratory relief to ensure that the procedures set forth in Notice 2006-50 provide Plaintiffs and Class members with a clear, certain and Constitutional remedy. The injunctive and declaratory relief sought by Plaintiffs will, *inter alia*, enjoin Defendant from returning less than the full amount to which Plaintiffs and Class members are entitled. "Reasonable plaintiffs" would bring such a suit solely to obtain this injunctive and equitable relief, even in the absence of a direct monetary recovery. Furthermore, the equitable and injunctive relief sought by Plaintiffs would be "necessary and appropriate" if Plaintiffs are successful on their challenges to the adequacy of the procedures set forth in Notice 2006-50. Accordingly,

---

[10] While the test for determining when "a claim for monetary relief comes to predominate over a claim for declaratory or injunctive relief has not been decided in the [D.C. Circuit]," *Garcia v. Veneman*, 211 F.R.D. at 23, the dicta from this case strongly suggests that the D.C. Circuit would follow the test above adopted by the Second Circuit. *Id.*, *citing, Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 164 (2d Cir. 2001).

this Court should certify Plaintiffs' proposed Classes pursuant to FED. R. CIV. P. 23 (b)(2).

IV.    <u>The Proposed Classes Would be Easy to Administer.</u>

Defendant argues that this Court should not certify the Non-Filer Subclass because it would be impossible to administer and to identify members of this Subclass. Defendant's Opposition Brief at 7. As described in Plaintiffs' Renewed Motion for Class Certification, the Non-Filer Subclass is merely a sub-set of the Overall Teletax Class. The equitable relief sought by members of the Overall Teletax Class is substantially the same as that sought on behalf of each of the sub-classes. Contrary to Defendant's claims, the FED. R. CIV. P. 23 (b)(2) mandatory Classes sought by Plaintiffs will not require this Court to affirmatively identify the putative members of each Class. Indeed, Defendant's concerns with identifying members of the Non-Filer Class highlight why a Rule 23 (b)(2) class is appropriate in this case: this Court can grant the declaratory and injunctive relief requested by Plaintiff James Gillins on behalf of members of the Non-Filer Subclass without the necessity of actually identifying all Class members.

Indeed, considering the aggregate attributes of the excise tax at issue, a class action is the most efficient and practical way to administer the relief sought by Plaintiffs. The Communications Excise Tax was assessed on Plaintiffs and Class members in small amounts by their communications service providers, and remitted to the I.R.S. as an aggregate figure on Form 720. The characteristics of the Communications Excise Tax are materially different from those of a traditional income tax, which requires a taxpayer to maintain records and calculate his or her individual tax liability, and is paid directly to the I.R.S. by a separate end of the year income tax return filed by each individual

taxpayer. In this case, Plaintiffs and Class members were not required to calculate or document their communications excise tax payments, and therefore are very unlikely to have maintained the comprehensive records associated with the filing of an end of the year income tax return. Additionally, Plaintiffs and Class members did not make their monthly individual excise tax payments directly to the I.R.S.; these monies were first aggregated together by the carriers, and remitted to the I.R.S. as a single fund.

It is only logical, therefore, to return the wrongfully collected monies in the same manner that it was collected – through a system that divides up and returns the aggregate fund through all avenues reasonably available, and in coordination with the telecommunication service providers. Indeed, Notice 2006-50 establishes an aggregate method that attempts to return at least a part of this fund that implicitly recognizes that class wide aggregate treatment is appropriate in this case. Plaintiffs and Class members, who do not have the economic incentive or resources to pursue individually the full amount of their refund by following the procedures set forth by the I.R.S., will be left without a constitutional, clear, and certain remedy in the absence of granting Plaintiffs' requested class wide relief. This class action was designed to provide a more efficient and practical means of relief for these citizens. This Court should therefore certify all of Plaintiffs' proposed Classes.

## CONCLUSION

This Court has subject matter jurisdiction over the claims of Plaintiffs and Class members; each of the proposed Classes is sufficiently large to establish numerosity; the requested relief is appropriate for FED. R. CIV. P. 23 (b)(2) treatment; and certifying Plaintiffs' proposed mandatory Classes will not require this Court to identify all Class

members in order to grant Plaintiffs' proposed remedies. Accordingly, Plaintiffs respectfully request that this Court grant Plaintiffs' Renewed Motion for Class Certification.

DATED: August 3, 2006                           CUNEO GILBERT & LADUCA, LLP

By: _____
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
David Stanley, Esq. (DC Bar# 174318)

Charles J. LaDuca, Esq. (DC Bar# 476134)

Steven N. Berk, Esq. (DC Bar #432870)
William Anderson, Esq.
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Robert J. Cynkar, Esq. (DC Bar# 957845)
EGAN, FITZPATRICK, MALSCH & CYNKAR, PLLC
8300 Boone Boulevard, Suite 340
Vienna, VA 22182

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815
R. Montgomery Donaldson
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman (DC Bar# 375595)
Victoria S. Nugent (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD &
TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016