**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

VIRGINIA SLOAN, et al.,        )
                                    )
            Plaintiffs,       )
                                    )
        v.                 )     No. 1:06-cv-00483 RMU
                                    )
                                    )
UNITED STATES,           )
                                    )
            Defendant.      )

---

**REPLY MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

---

IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1856360.2

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENTS

I.    The Court Lacks Subject-Matter Jurisdiction, and Plaintiffs Have Failed to State
a Claim under the "Little Tucker Act" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.    Plaintiffs' Monetary Claims Are for the Recovery of Federal Taxes. . . . . . 4

     B.    Plaintiffs Have Not Stated a Claim Under the Constitution or Any
Implied Contract.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          1.    The Due Process Clause.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          2.    The Takings Clause.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

          3.    Implied Contract. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     C.    Plaintiffs Are Not Entitled to Injunctive or Declaratory Relief Under
the "Little Tucker Act." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

II.   The Court Lacks Subject-Matter Jurisdiction, and Plaintiffs Have Failed to
State a Claim under the APA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.  The Court Lacks Subject-Matter Jurisdiction under 26 U.S.C. § 7422(a).. . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

1866966.1

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                              **PAGE**

* <u>Agron v. Ill. Bell Tel. Co.</u>, 325 F.Supp. 487 (N.D. Ill. 1970). . . . . . . . . . . . . . . . . . . . . . . . . 19

<u>Am. Bankers Ins. Group, Inc. v. United States</u>,
    308 F. Supp. 2d 1360 (S.D. Fla. 2004), <u>rev'd</u> 408 F.3d 1328 (11th Cir. 2005) . . . . . . . 7

<u>United States v. A. S. Kreider Co.</u>, 313 U.S. 443 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

* <u>Bonin v. United States</u>, No. 04-1274, 2005 U.S. Claims LEXIS 204
    (Ct. Cl. Jun. 27, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Brown v. United States</u>, 35 Fed. Cl. 258 (1996), <u>aff'd</u>, 105 F.3d 621 (Fed. Cir. 1997). . . . . . 9

<u>Cole v. City of LaGrange</u>, 113 U.S. 1 (1885). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Coleman v. Comm'r</u>,
    791 F.2d 68 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

* <u>Compton v. United States</u>, 334 F.2d 212 (4th Cir. 1964). . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>Eisenman v. Continental Airlines</u>, 974 F.Supp. 425 (D.N.J. 1997). . . . . . . . . . . . . . . . . . . . 7

<u>United States v. Emery, Bird, Thayer Realty Co.</u>, 237 U.S. 28 (1915). . . . . . . . . . . . . . . . . . 9

* <u>Flora v. United States</u>,
    362 U.S. 145 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

* <u>Fostvedt v. United States</u>,
    978 F.2d 1201 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

* <u>Hughes v. United States</u>,
    953 F.2d 531 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>United States v. Hvoslef</u>, 237 U.S. 1 (1915). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>United States v. Janis</u>, 428 U.S. 433 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>Johnson v. United States</u>, 54 Fed. Cl. 187 (Ct. Cl. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1866966.1

Kaucky v. Southwest Airlines, 109 F.3d 349 (7th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ins. Cor. of Ireland v. Compagnie des Bauxites de Guinee,
     456 U.S. 694 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

Lehman v. USAIR Group, 930 F. Supp. 912 (S.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . 7

* Merritt v. United States, 267 U.S. 338 (1925).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Mobile County v. Kimball, 102, U.S. 691 (1880). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

* Murphy v. Internal Revenue Service,
     362 F. Supp. 2d 206 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Phillips v. Commissioner, 283 U.S. 589 (1931). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

* Rinaldi v. United States, 30 Fed. Cl. 164 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rith Energy v. United States, 247 F.3d 1355 (Fed. Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 11

* Rosenberg v. United States, __ F.Supp.2d ___ (Ct. Cl. Aug. 3, 2006)
     (copy attached as Exhibit 1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12, 18

Sea Products v. United States, 578 F.Supp. 1485 (W.D. Wash. 1983).. . . . . . . . . . . . . . . . 13

Shelter Island & Greenport Ferry Co. v. United States, 246 F.Supp. 488
     (E.D.N.Y. 1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

Shipley Constr. & Supply Co. v. United States, 7 F. Supp. 492 (Ct. Cl. 1934). . . . . . . . . . 13

* Sigmon v. Southwest Airlines, 110 F.3d 1200 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . 6-7

Tabb Lakes v. United States, 10 F.3d 796 (Fed. Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . 11

* Taylor v. Comm'r, 70 F.2d 619, 621 (2d Cir. 1934), aff'd sub nom,
     Helvering v. Taylor, 293 U.S. 507 (1935). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Testan, 424 U.S. 392 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Van Sant v. United States,
     No. 97-363, 2001 U.S. Dist. LEXIS 22339 (D.D.C. Dec. 31, 2001). . . . . . . . . . . . . . . 10

Werner v. United States Dep't of Interior, 581 F.2d 168 (8th Cir. 1978). . . . . . . . . . . . . . 14

West Publishing Co. Employees' Preferred Stock Ass'n v. United States,
       198 Ct. Cl. 668, 675 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## FEDERAL STATUTES AND REGULATIONS

5 U.S.C. § 702. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15, 18

* 5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

26 C.F.R. § 301.6402-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

26 U.S.C. § 4251. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

* 26 U.S.C. § 6401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

26 U.S.C. § 6415 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

26 U.S.C. §§ 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 18-19

* 26 U.S.C. § 6532(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6, 9, 18-19

* 26 U.S.C. § 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-7, 9, 15, 18-19

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

* 28 U.S.C. § 1346(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 8

* 28 U.S.C. § 1402(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1866966.1

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

VIRGINIA SLOAN, et al.,      )
         )
      Plaintiffs,    )
         )
    v.        )    No. 1:06-cv-00483 RMU
         )
         )
UNITED STATES,      )
         )
      Defendant.   )

**REPLY MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs' second amended complaint seeks three forms of relief.   First, it seeks the recovery of excise taxes alleged to have been collected by long-distance telephone service providers from their customers and paid over to the United States.[1]  Second, it seeks injunctive relief.[2]  Third, it seeks declaratory relief.[3]

---

[1]See 2d Am. Compl. ¶24-25 (prayer for relief parts (d), (e), (f), (g), and (h) request that the Court "[o]rder the prompt return to members of the [c]lass of the full amount of the fund in possession of the Government that was illegally collected as an alleged tax on toll telephone service," and award interest, costs, attorneys' fees and other, unspecified "amounts").

[2]See id. (prayer for relief parts (c) and (i) request that the Court "[o]rder the Government to provide an accounting of the total amount of the fund illegally collected under the guise of the Communications Excise Tax" and "[i]ssue an injunction that prevents the I.R.S. from implementing the illegal and unconstitutional procedures set forth in Notice 2006-50.")

[3]See id. (prayer for relief parts (b) and (j) seek various declarations regarding the constitutionality of the Service's excise tax collection and its offer to reimburse

For plaintiffs' request for monetary relief, plaintiffs identify three potential jurisdictional bases for the Court to provide such relief.

First, they point the Court to the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), which vests the District Courts with jurisdiction to hear claims which are (1) **not** claims for the recovery of internal-revenue taxes, (2) less than $10,000 in amount, and (3) founded upon either the Constitution, any act of Congress, or upon an express or implied contract with the United States.[4]   Specifically, the second amended complaint alleges that the plaintiffs' "Little Tucker Act" claim is founded upon the Fifth Amendment,[5] while plaintiffs' memorandum in opposition to the motion to dismiss contends that their claim is likewise founded upon theories of implied contract.[6] Plaintiffs' "Little Tucker Act" claims will be discussed in part I, infra.

Secondly, plaintiffs identify the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, as a potential jurisdictional basis for plaintiffs' request for monetary relief,[7] notwithstanding that statute's admonition that it is exclusively for actions "seeking

---

telephone users for taxes collected on nontaxable long-distance service during the limitations period, upon the filing of a proper request, as set forth in IRS Notice 2006-50).

[4]See Pls.' Mem. Opp'n Mot. Dismiss at 19-29.

[5]See 2d. Am. Compl. ¶¶ 59-81 (first through fourth causes of action); see also Pls.' Mem. Opp'n Mot. Dismiss at 20-21; 2d. Am. Compl. ¶¶ 103-05 (ninth cause of action).

[6]See Mem. Opp'n Mot. Dismiss at 21-24; see also 2d. Am. Compl. ¶¶ 99-102 (eighth cause of action).

[7]See 2d Am. Compl. ¶¶ 82-98 (fifth through seventh causes of action); Mem. Opp'n Mot. Dismiss at 13-19.

1856360.2

relief other than money damages."   Plaintiffs' APA claims will be discussed in part II, infra.

Thirdly, plaintiffs contend that their claims for monetary relief are authorized by the federal tax refund statute, 26 U.S.C. § 7422.[8]  Plaintiffs' arguments under the federal tax refund statute will be briefly revisited in Part III, infra.

As for plaintiffs' claim for injunctive relief, plaintiffs appear to contend that jurisdiction over their claim is also granted by the "Little Tucker Act" or the APA.[9] Plaintiffs' claim for injunctive relief under the "Little Tucker Act" and/or the APA will be discussed in Part I and II, infra, respectively.

Plaintiffs assert that the Declaratory Judgment Act, 28 U.S.C. § 2201, vests this Court with jurisdiction over their claim for declaratory relief.[10]  The jurisdictional bar to plaintiffs' claim for declaratory relief was fully addressed in the United States' motion to dismiss,[11] and will not be revisited here.[12]

---

[8]See 2d Am. Compl. ¶¶ 106-11 (tenth cause of action); Mem. Opp'n Mot. Dismiss at 35-39.

[9]See 2d Am. Compl. ¶¶ 112-17 (eleventh cause of action); Reply Supp. Mot. Preliminary Inj. at 8.

[10]See 2d Am. Compl. ¶¶ 118-23 (twelfth cause of action); Mem. Opp'n Mot. Dismiss at 29-30.

[11]See Mot. Dismiss at 23-24.

[12]In particular, as shown herein, plaintiffs' request for declaratory relief suffers from the same fatal flaw as their remaining claims – namely, that their claims are "with respect to federal taxes," 28 U.S.C. § 2201(a), and thus must be addressed through the exclusive remedy Congress has provided for recovering taxes of any kind alleged to have been erroneously or illegally collected.

1856360.2

**ARGUMENT**

I.     THE COURT LACKS SUBJECT-MATTER JURISDICTION, AND PLAINTIFFS
HAVE FAILED TO STATE A CLAIM UNDER THE "LITTLE TUCKER ACT."

In order for plaintiffs to establish this Court's jurisdiction under the "Little
Tucker Act," plaintiffs must demonstrate that their claims (1) are **not** claims for the
recovery of internal-revenue taxes, (2) are less than $10,000 in amount, and (3) are
founded upon either the Constitution, upon any act of Congress, or upon an express or
implied contract with the United States.   Because plaintiffs' claims are patently for the
recovery of internal-revenue taxes, and because plaintiffs have failed to state a claim
under the Constitution, any act of Congress, or any express or implied contract, the
"Little Tucker Act" does not provide this Court with jurisdiction to grant any of the
relief plaintiffs seek.

A.     <u>Plaintiffs' Monetary Claims Are for the Recovery of Federal Taxes.</u>

In order to establish jurisdiction under 28 U.S.C. § 1346(a)(2), plaintiffs must
establish that their claims are not for the recovery of internal-revenue taxes or any other
sum alleged to have been erroneously or illegally collected.   This is because suits for the
recovery of internal-revenue taxes or other sums alleged to have been erroneously or
illegally collected by the Secretary are limited by 26 U.S.C. §§ 7422 and 6532, which
collectively provide that no such suit may be maintained unless a claim therefor has
first been filed with the Secretary <u>and</u> either (1) six months has passed since the filing of
the claim or (2) the Secretary has rendered a decision on the claim within those six

1856360.2

months.[13]    Because, as demonstrated in the United States' motion to dismiss, (Mot.

Dismiss at 11-14), and in Part III, infra, plaintiffs have failed to comply with the claim-

for-refund requirements, plaintiffs' action is barred by the limitations contained in the

Internal Revenue Code.    Plaintiffs attempt to circumvent this bar by arguing that the

monetary relief they seek is not an internal-revenue tax or other sum alleged to have

been erroneously or illegally collected.[14]    This argument is without merit.

Plainly, the federal communications excise tax statute, 26 U.S.C. § 4251, under

which the amounts at issue were collected from customers by long distance service

providers, imposes a tax.    The section is entitled "Imposition of Tax" and states that

"there is hereby imposed on amounts paid for communications services a tax[.]"    Id. §

4251(a)(1).    The Internal Revenue Code makes it clear the amounts collected by long-

distance service providers are not to be recharacterized as something other than a "tax .

. . or other sum" simply because they are alleged to have been "excessive" or "without

authority."    See id. § 7422(a).    Indeed, § 6401(c) specifically provides that "[a]n amount

_____

[13]See 26 U.S.C. § 7422(a)("No suit or proceeding shall be maintained in *any* court
for the recovery of *any* internal revenue tax alleged to have been erroneously or illegally
collected . . . or of *any* sum alleged to have been excessive or in any manner wrongfully
collected, until a claim for refund or credit has been duly filed[.]")(emphasis added);
§6532(a)(1)("No suit or proceeding under 7422(a) for the recovery of any internal
revenue tax, penalty, or other sum shall be begun before the expiration of 6 months
from the date of filing the claim required under such section unless the Secretary
renders a decision thereon within that time[.]").    Such suits are also limited by 26 U.S.C.
§ 6511(b)(2), which limits the amount to be recovered to that paid in the three years
preceding the claim for refund, if timely filed.

[14]Mem. Opp'n Mot. Dismiss at 7-13.

1856360.2

paid as a tax shall not be considered not to constitute an overpayment solely by reason of the fact that there was no tax liability in respect of which such amount was paid." But such a rule would be supported by common logic, even if not codified.   The alternative would mean that the limitations of §§ 7422(a) and 6532 could not apply to **any** tax refund action, as an overpayment of tax cannot exist unless it was collected erroneously, illegally, or without authority.

This point was clearly and recently made in a series of class actions involving the temporary expiration of the federal excise tax on air transportation.    Prior to January 1, 1996, section 4261 of the Internal Revenue Code required airline passengers to pay a ten-percent excise tax on amounts paid for domestic air transportation, and airlines to collect the tax.   Sigmon v. Southwest Airlines, 110 F.3d 1200, 1201 (5th Cir. 1997). Although a bill renewing the tax beyond January 1, 1996 was passed by Congress, it was ultimately vetoed.   As a result, the domestic air travel excise tax (temporarily)[15] expired.   In the interim, however, several airlines had collected the tax on tickets purchased prior to January 1, 1996, but for flights departing after that date, when the tax was no longer valid.

A series of class actions were promptly instituted to recover the amounts improperly collected by the airlines.   The plaintiffs in these cases argued that their claims were not governed by the tax refund statute, being claims for breach of contract,

---

[15]The tax was reenacted in another form nearly nine months later, but was not given retroactive application.   Sigmon, 110 F.3d at 1201.   It expired again on December 31, 1996, and was reenacted on February 28, 1997.   Id. n.2.

conversion, unjust enrichment, or otherwise.   The Courts deciding these cases

unanimously held, however, that these "disguised" suits for refund, while seeking

recovery of collections not authorized by any provision of tax law, were nonetheless

governed exclusively by section 7422(a).   See Sigmon, supra, at 1204 ("[T]he Internal

Revenue Code provides the exclusive remedy for the erroneous or illegal collection of

taxes: The taxpayer may file an administrative claim for a refund with the IRS.   If the

IRS does not return the erroneously or illegally collected tax, the taxpayer may then

resort to the courts."); Kaucky v. Southwest Airlines, 109 F.3d 349, 351-52 (7th Cir.

1997); Eisenman v. Continental Airlines, 974 F.Supp. 425, 432 (D.N.J. 1997)(to "conclude

that there must be some tax in existence to invoke the protection of Section 7422 would

undermine the federal tax system."); Lehman v. USAIR Group, 930 F. Supp. 912, 915-16

(S.D.N.Y. 1996).   Because, in this case, the collectors had an even more colorable basis[16]

for collecting the excise tax than in the airline cases, requiring plaintiffs to adhere to

Congress' exclusive remedy for recovering the sums collected is the only proper result.

Plaintiffs' contention that this is not a tax refund action, then, must fail.

---

[16]Indeed, as of early 2004, the only case addressing the issue held that the excise tax collections at issue in this case were proper under 26 U.S.C. § 4251.   See Am. Bankers Ins. Group, Inc. v. United States, 308 F.Supp.2d 1360 (S.D. Fla. 2004), rev'd, 408 F.3d 1328 (11th Cir. 2005).

1856360.2

B.    <u>Plaintiffs Have Not Stated a Claim Under the Constitution or Any Implied Contract.</u>

Even if plaintiffs were able to disguise this action as something other than an action for the recovery of taxes or other sums alleged to have been erroneously or illegally collected, plaintiffs nonetheless, in order to demonstrate jurisdiction under the "Little Tucker Act," must state a claim under either the Constitution, any act of Congress, or an express or implied contract with the United States.   <u>See</u> 28 U.S.C. §1346(a)(2).   Plaintiffs endeavor, but fail, to state claim under two aspects of the Fifth Amendment – the Due Process Clause and the Takings Clause – and under theories of implied contract.

1.    *The Due Process Clause.*   In its motion to dismiss, the United States demonstrated that the Due Process Clause is not a "money-mandating" clause of the Constitution; that is, it is not one which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."   (Mem. Supp. Mot. Dismiss at 17 (<u>citing</u> <u>United States v. Testan</u>, 424 U.S. 392, 400 (1976).)   Plaintiffs respond by arguing that their claim, by contrast, is an "illegal exaction" claim, one which "has the special characteristic of being the unique money-mandating cause of action that arises under the Due Process Clause."   (Pls' Mem. Opp'n Mot. Dismiss at 20.)   In support of this notion, plaintiffs cite to five opinions from the Court of Federal Claims and the court to which appeals therefrom would lie, the United States Court of

Appeals for the Federal Circuit.   (Id. at 21.)   None of these five cases, however,

involved collections by the Internal Revenue Service.

Plaintiffs' failure to find a case in support of their position involving collection by

the Service is unsurprising.   Since the advent of the federal tax refund statute in 1921,

taxpayers have had a "clear and certain" remedy for the recovery of amounts illegally

collected by the Service: they may pay the full amount of the tax, file a claim for refund,

and if that claim is denied, or not acted upon for six months, they may bring their claim

to the courts.[17] Nothing the Service can do will unilaterally abrogate that remedy.   It is

well-established law that the claim-for-refund requirements of 26 U.S.C. §§ 7422(a) and

6532 are constitutionally sound, and do not violate due process.   Phillips v.

Commissioner, 283 U.S. 589, 597 (1931).   As a result, the Court of Federal Claims also

recognizes that "outside of a refund claim for a tax fully paid, the Court of Federal

Claims lacks jurisdiction to adjudicate claims for relief based on an alleged illegal

exaction of property by the IRS."   Bonin v. United States, No. 04-1274, 2005 U.S. Claims

LEXIS 204, at *9 (Ct. Cl. Jun. 27, 2005)(citing Flora v. United States, 362 U.S. 145, 150-51

(1960); Brown v. United States, 35 Fed. Cl. 258, 266 (1996), aff'd, 105 F.3d 621 (Fed. Cir.

1997)).   Indeed, that court reached the very same conclusion, just twelve days ago, in an

opinion dismissing a nearly-identical class action involving the communications excise

---

[17]The few cases permitting "illegal exaction" claims with respect to federal taxes,
e.g., United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28 (1915); United States v.
Hvoslef, 237 U.S. 1, 9-11 (1915), were decided prior to the enactment of 26 U.S.C. § 7422.
See Flora v. United States, 362 U.S. 145, 151 (1960).

1856360.2

tax in light of Notice 2006-50.   See Rosenberg v. United States, __ F.Supp.2d ___ (Ct. Cl. Aug. 3, 2006)(copy attached as Exhibit 1).   As a result, plaintiffs' "illegal exaction" claim, purportedly arising under the Due Process Clause, must fail.

2.      *The Takings Clause.*  As explained in the United States' motion to dismiss, (Mem. Supp. Mot. Dismiss at 17), Congress' constitutional power to institute and operate an excise tax disposes of plaintiffs' takings claim even if it is true that the collection of the tax was wrongful.  Van Sant v. United States, No. 97-363, 2001 U.S. Dist. LEXIS 22339, at *19-20 (D.D.C. Dec. 31, 2001); accord, Coleman v. Comm'r, 791 F.2d 68, 70 (7th Cir. 1986); Murphy v. Internal Revenue Service, 362 F. Supp. 2d 206, 216 (D.D.C. 2005).  The Court of Federal Claim's opinion in Rosenberg is particularly instructive on this point:

> It is well established that the collection of a tax does not constitute a taking within the meaning of the Fifth Amendment.  See Cole v. City of LaGrange, 113 U.S. 1, 8 (1885)("[T]he taking of property by taxation requires no other compensation than the taxpayer receives in being protected by the government to the support of which he contributes[.]"); see also Mobile County v. Kimball, 102 U.S. 691, 703 (1880)("Neither is taxation for a public purpose, however great, the taking of private property for public use in the sense of the Constitution.")[.]

Rosenberg, supra, __ F.Supp.2d ___ (Exhibit 1 at 9).   In their response, plaintiffs have cited to several cases not involving tax collection, but do not identify a single case against the tax collector which would compel a different result.  (Pls' Mem. Opp'n Mot. Dismiss at 24-27.)

1856360.2

Moreover, as the Rosenberg opinion correctly notes, "an uncompensated taking and an unlawful government action constitute 'two separate wrongs [that] give rise to two separate causes of action[.]'" Rith Energy v. United States, 247 F.3d 1355, 1365 (Fed. Cir. 2001).   As a result, plaintiffs proceeding under the Tucker Act or the "Little Tucker Act" must "concede the validity of the government action which is the basis of the taking claim to bring suit" thereunder.   Tabb Lakes v. United States, 10 F.3d 796, 802 (Fed. Cir. 1993).   Otherwise, plaintiffs must avail themselves of the procedure for challenging an unlawful action by the Service in collecting a tax set forth in the Internal Revenue Code.  Because plaintiffs' claim is that the Service acted without authority, either in the collection or the retention of communications excise taxes, their claim is not that the Service has made a lawful "taking" which would require just compensation. Rosenberg, supra, __ F.Supp.2d ___ (Exhibit 1 at 9).    Thus, plaintiffs likewise fail to state a claim under the Takings Clause.

3.    *Implied Contract*.  Although not well-pleaded in the second amended complaint, plaintiffs also contend that their "Little Tucker Act" claim arises out of an implied contract with the United States.   (Pls' Mem. Opp'n Mot. Dismiss at 21-24.)   To demonstrate the existence of an implied contract, however, "plaintiffs must show mutuality of intent, unambiguous offer and acceptance, consideration, and actual or implied authority on the part of the IRS to bind the government to the alleged contract." Rinaldi v. United States, 30 Fed. Cl. 164, 167 (1993)(citing numerous cases).   Plaintiffs

1856360.2

do not allege any of these elements in the second amended complaint, nor do they

indicate they can or will prove them at trial.

Instead, they point the Court only to IRS Notice 2006-50, and contend the Notice

creates an implied contract.    But Notice 2006-50 lacks the elements described above

necessary to prove the existence of an implied contract.    Accord, Rosenberg, supra, __

F.Supp.2d ___ (Exhibit 1 at 12).    At most, Notice 2006-50 represents an offer to resolve

potential claims for refund if, and only if, the offeree follows the procedures described

in the Notice.    See IRS Notice 2006-50 at 7 ("The Commissioner agrees to credit or

refund the amounts paid for nontaxable service *if* the taxpayer requests the credit or

refund in the manner prescribed in this Notice.")(emphasis added).    Taxpayers can

proceed under the Notice by filing a 2006 federal income tax return beginning in

January 2007.  Id. at 7, 9.  But plaintiffs' entire lawsuit is predicated on the premise that

plaintiffs do not wish to accept, and be bound by, the terms of the Commissioner's

"offer" at any time.    As a result, no contract, actual or implied, exists upon which

plaintiffs may sue.

Plaintiffs cite to Shelter Island & Greenport Ferry Co. v. United States, 246

F.Supp. 488, 494 (E.D.N.Y. 1965), for the proposition that, notwithstanding the

deficiencies in their "implied contract" claim, theirs is "an action to compel an implied

promise of repayment" that is within the jurisdictional purview of the "Little Tucker

Act."  (Pls' Mem. Opp'n Mot. Dismiss at 10.)    But as the Court of Federal Claims has

noted, Shelter Island is premised on "a mistaken belief that the Tucker Act allows

recovery under a quasi-contract theory where the government wrongly or mistakenly has exacted money from a plaintiff." Rinaldi, supra, 30 Fed. Cl. at 167.   Instead, however, the "well-established precedent" is that courts may not employ legal fiction to create the elements of a Tucker Act contract claim where the elements do not exist.   Id. at 168.   As stated by the Supreme Court, "the Tucker Act does *not* give a right of action against the United States in those cases where, if the transaction were between private parties, recovery could be had upon a contract implied in law." Merritt v. United States, 267 U.S. 338, 341 (1925)(emphasis added).   Shelter Island is therefore considered an "aberration," Sea Products v. United States, 578 F.Supp. 1485, 1487 (W.D. Wash. 1983), has not been followed by any subsequent court, and does not provide a basis for determining that plaintiffs have alleged a claim under the "Little Tucker Act."

For the same reason, plaintiffs' argument that Notice 2006-50 is an "account stated" must fail.   "To establish an account stated, respondent must show that a balance was struck 'in such circumstances as to import a promise of payment on the one side and acceptance on the other.'" United States v. A. S. Kreider Co., 313 U.S. 443, 448 (1941).   Plaintiffs' manifest intent is they do not wish to follow Notice 2006-50 and be bound by its terms.   Accordingly, there is no acceptance.   Moreover, nowhere in Notice 2006-50 is there a "definite amount" or "fixed sum" that the United States has promised to repay, as is required by the law governing claims for an "account stated." West Publishing Co. Employees' Preferred Stock Ass'n v. United States, 198 Ct. Cl. 668, 675 (1972); Shipley Constr. & Supply Co. v. United States, 7 F. Supp. 492, 495-96 (Ct. Cl.

-13-                                        1856360.2

1934).   The United States does not know how much nontaxable service was purchased by any particular taxpayer, or how much excise tax that taxpayer paid, until the amounts are claimed and substantiated by the taxpayer.   (See Mem. Supp. Mot. Dismiss at 15.)   Finally, actions for an "account stated" with regard to taxes collected are nonetheless still subject to the operative refund claim statute.   Johnson v. United States, 54 Fed. Cl. 187, 196 (Ct. Cl. 2002).   Accordingly, plaintiffs' resort to this nuance of federal tax law is likewise to no avail.

      C.    <u>Plaintiffs Are Not Entitled to Injunctive or Declaratory Relief Under the "Little Tucker Act."</u>

Because plaintiffs have not established that their claims are other than for the recovery of federal taxes or other sums collected, nor have they stated a claim under the Fifth Amendment or theories of implied contract, the "Little Tucker Act" provides no jurisdictional basis for plaintiffs' claims for monetary relief.   Denial of plaintiffs' monetary claims under the "Little Tucker Act" necessarily must include denial of plaintiffs' injunctive and declaratory claims thereunder, which are permitted only "in aid of or incidental to" such monetary claims.   Werner v. United States Dep't of Interior, 581 F.2d 168, 171 (8th Cir. 1978).

II.    THE COURT LACKS SUBJECT-MATTER JURISDICTION, AND PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE APA.

The government's primary contentions with regard to plaintiffs' claims under the Administrative Procedures Act are set forth in the United States' motion to dismiss, (Mem. Supp. Mot. Dismiss at 27-29), as well as in its opposition to plaintiffs' motion for

1856360.2

a preliminary injunction, (Mem. Opp'n Mot. Prelim. Inj. at 4-7), and will only briefly be revisited here in light of plaintiffs' opposition to the motion to dismiss.

First, plaintiffs state that "[s]overeign immunity is waived by the APA, and jurisdiction arises under 28 U.S.C. § 1331." (Pls' Mem. Opp'n Mot. Dismiss at 13.)  But even under 28 U.S.C. § 1331, plaintiffs must allege some violation of the Constitution, laws, or treaties of the United States.  As discussed in Part I, <u>infra</u>, plaintiffs have not stated a claim under those laws they have identified – namely, the Fifth Amendment and contract law – and, as a result, have not established this Court's jurisdiction under 28 U.S.C. § 1331.

Second, under the APA, only "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  5 U.S.C. § 704.   Where, as here, plaintiffs claim that monies were collected by the Service that should be returned, the plaintiffs have, as a matter of law, an adequate remedy – a claim for refund and suit for recovery of taxes when that claim is denied, either expressly or by the passage of time, under the Internal Revenue Code. 26 U.S.C. §§ 7422(a).   As a result, at least two circuits have held that the APA, as a matter of law, does not provide relief in cases with respect to federal taxes.   <u>Hughes v. United States</u>, 953 F.2d 531, 537 (9th Cir. 1992); <u>Fostvedt v. United States</u>, 978 F.2d 1201, 1203-1204 (10th Cir. 1992).   Plaintiffs have cited to no case in which the claim-for-refund remedy in the Internal Revenue Code was available, whether or not such remedy was cumbersome, but the court nonetheless permitted review of a taxpayer's

claim under the APA.   As a result, the Court has no authority under the APA to grant the relief plaintiffs seek.

Third, plaintiffs' APA claim is premised on a misunderstanding, or a misstatement, of the purpose and effect of Notice 2006-50, and of the law governing claims for the recovery of federal taxes.   It is fundamental, hornbook, federal tax law, not only that a claim for refund must precede a suit for the recovery thereof, but that the claimant bears the burden of establishing the exact amount he is entitled to be repaid.   Compton v. United States, 334 F.2d 212, 216 (4th Cir. 1964).   The Supreme Court has long since held that "[i]n a refund suit the taxpayer bears the burden of proving the amount he is entitled to recover.   It is not enough for him to demonstrate that the assessment of the tax for which refund is sought was erroneous in some respects." United States v. Janis, 428 U.S. 433, 440 (1976)(citations omitted).   As stated by Judge Learned Hand, the "reason for this is obvious: a plaintiff, seeking an affirmative judgment measured in dollars, must prove how much is due.   His claim is for money paid and he must show that every dollar he recovers is unjustly withheld." Taylor v. Comm'r, 70 F.2d 619, 621 (2d Cir. 1934), aff'd sub nom, Helvering v. Taylor, 293 U.S. 507 (1935).   In short, the law has long held that, in order for plaintiffs to recover income, excise, or other taxes illegally collected, not only must they ask for it, but they must prove the precise amount they are owed.   Such is the state of the law whether or not the Service ever published Notice 2006-50.

-16-

The gravamen of plaintiffs' complaint is that they, and perhaps many others like them, either due to neglect, ignorance, expense, or otherwise, will not claim or substantiate the amounts they allege the government has overcollected from them.   (2d. Am. Compl. ¶¶ 35, 38-40.)   But that purported grievance has nothing to do with Notice 2006-50.   Instead, it is a challenge to the legal and statutory framework governing claims for the recovery of federal taxes erroneously or illegally collected.

Speculation that low-income, elderly, or other groups may be less likely to avail themselves of their legal remedies, while unfortunate if true, does not obviate the necessity of courts to limit relief to these remedies.   For example, every year, billions of dollars in potential federal income tax refunds go unpaid, because taxpayers fail to claim them.   See IR-2006-31 (Feb. 21, 2006)(unclaimed refunds totaling more than $2 billion with respect to 2002 returns); IR-2005-13 (Feb. 8, 2005)($2 billion with respect to 2001 returns); IR-2004-18(Feb. 9, 2004)($2.5 billion with respect to 2000 returns).   Every year, though it is not required to do so, the Service seeks to notify these potential claimants, as it has in Notice 2006-50, of their right to claim a refund.   Id.   That the potential claimants are unwilling, or unable, to do so does not create a cause of action where none exists, else on April 16 of every year, these same plaintiffs would be able to maintain a class action for recovery of the unclaimed and erroneously collected "fund," and compel a second, parallel, procedure for the refund or credit of taxes overcollected to be administered by the courts.

1856360.2

Notice 2006-50, therefore, does not deprive plaintiffs of anything they are entitled to under existing law.   Nor does any "final agency action" occur until the denial, either expressly or by lapse of time, of a taxpayer's claim.   As a result, plaintiffs are not "aggrieved" by any "final agency action" in the publication of Notice 2006-50.  5 U.S.C. § 702.

For these reasons, and for those stated in the United States' prior memoranda, plaintiffs have failed to state a claim for, and the Courts lack subject-matter jurisdiction over, any cause of action under the APA.

III.    THE COURT LACKS SUBJECT-MATTER JURISDICTION UNDER 26 U.S.C. § 7422(a).

Finally, the government's primary contentions with regard to plaintiffs' failure to comply with the statutes and regulations governing claims for refund, e.g., 26 U.S.C. §§ 7422(a), 6511(a) and 6532(a)(1), and 26 C.F.R. § 301.6402-2, were previously discussed at length in the United States' motion to dismiss.  (Mem. Supp. Mot. Dismiss at 10-16).  Only two aspects of plaintiffs' response to that discussion merit a response.

First, plaintiffs respond by arguing that instructions contained in Internal Revenue Service tax forms and publications have rendered the claim-for-refund procedure so confusing as to obviate the requirement of compliance with 26 U.S.C. §§ 7422(a), 6511(a) and 6532(a)(1), and 26 C.F.R. § 301.6402-2.[18]   These statutes are

---

[18]Plaintiffs' description of these instructions, however, appears to misunderstand their effect.   For the most part, the admonitions not to use the forms described appear to relate to those circumstances where the claim for refund or credit already been made, or will be made, by the telecommunications provider under 26 U.S.C. § 6415.   See, e.g.,

1856360.2

jursidictional, however, and cannot be waived by either the Service or the Court. Rosenberg, supra, __ F.Supp.2d ___ (Exhibit 1 at 7), citing Ins. Corp. Of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (1982)("No action of the parties can confer subject-matter jurisdiction upon a federal court.")  Thus, nothing the Service can write in its tax form instructions can obviate the requirements of 26 U.S.C. §§7422(a), 6511(a) and 6532(a)(1), and 26 C.F.R. § 301.6402-2.  Accordingly, plaintiffs' argument to the contrary is without merit.

Second, plaintiffs claim that 26 U.S.C. § 7422(a) has been satisfied, as to all plaintiffs,[19] by the submission of an "aggregate" refund claim, on behalf of plaintiffs and "all similarly situated taxpayers."  (Pls' Mem. Opp'n Mot. Dismiss at 37-39.)  In support of that argument, plaintiffs cite to the fact that the excise tax is collected in the aggregate by the telecommunications carriers.  Indeed, although plaintiffs do not mention it, telecommunications carriers are authorized to seek refunds in the aggregate on behalf of their customers, so long as they have first repaid to their customers the tax to be refunded, or obtained their customers' consent.  26 U.S.C. § 6415(a); see also Notice 2006-50, at 7 ("[C]ollectors may repay to taxpayers the tax on nontaxable service . . . [and] request a refund . . . subject to the provisions of § 6415[.]")  Just because the collecting agent may request a refund in the aggregate, however, does not mean that

---

Pls' Mem. Opp'n Mot. Dismiss at 32, n. 28.

[19]By their silence, plaintiffs appear to concede that, if all plaintiffs are dismissed but Krasney and NCS Companies, that the case should be dismissed for improper venue under 28 U.S.C. § 1402(a).  (See Mem. Supp. Mot. Dismiss at 13-14.)

1856360.2

Reginald Krasney, or any other plaintiff in this case, may do so.   "[A]n unauthorized agent may not claim an unspecified refund for unknown principals." <u>Agron v. Ill. Bell Tel. Co.</u>, 325 F.Supp. 487 (N.D. Ill. 1970)(quotation omitted); <u>cf.</u> <u>United States v.Williams</u>, 514 U.S. 527, 539-40 (1995)(general rule is that taxpayers may not challenge the tax liability of another).    Any alternative would offend basic principles of standing, and due process.   Consequently, plaintiffs' claim that §7422(a) has been satisfied in the "aggregate" must fail.

## CONCLUSION

For the reasons previously stated, the United States respectfully requests that this action be dismissed, without prejudice to the right of plaintiffs to bring a civil action for refund of federal taxes at the appropriate time pursuant to 26 U.S.C. §§ 6532 and 7422.

Dated:          August 15, 2006

Respectfully submitted,

___/s/ Ivan C. Dale_____
IVAN C. DALE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6615

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

-20-                                                    1856360.2