# In the United States Court of Federal Claims

No. 05-1272T

Filed August 3, 2006

**TO BE PUBLISHED**

*************************************

| | | |
|---|---|---|
| LINDA ROSENBERG, | * | Excise Tax, 26 U.S.C. §§ 4251, 4252; |
| | * | Illegal Exaction; |
| Plaintiff, | * | Implied Contract; |
| | * | Motion to Dismiss, RCFC 12(b)(1); |
| v. | * | RESTATEMENT (SECOND) OF CONTRACTS, |
| | * |     § 346 cmt. 2; |
| THE UNITED STATES, | * | Takings Clause, |
| | * |     U.S. CONST. amend V; |
| Defendant. | * | Uniformity Clause, |
| | * |     U.S. CONST. art I, § 8, cl. 1. |

*************************************

**Sheldon H. Sloan**, Lewis, Brisbois, Bisgarrd & Smith, San Diego, California, counsel for Plaintiff. **R. Gaylord**, Lewis, Brisbois, Bisgarrd & Smith, San Diego, California; **Richard F. Scruggs** and **Sydney A. Backstrom**, Scruggs Law Firm, P.A., Oxford, Mississippi; **Mark Griffin**, Law Offices of Mark Griffin, Orange, Ohio; **Randy J. Hart**, Cleveland, Ohio; **R. Eric Kennedy** and **Daniel P. Goetz**, Weisman, Kennedy & Berris Co., L.P.A., Cleveland, Ohio; and **Michael Moore**, Phelps Dunbar LLP, Jackson, Mississippi, of counsel.

**Benjamin C. King, Jr.**, United States Department of Justice, Tax Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge

## I.  BACKGROUND.

In 1898, Congress imposed the first tax on telephone service. *See Officemax, Inc.* v. *United States*, 428 F.3d 583, 585 (6th Cir. 2005) (discussing 26 U.S.C. § 4251, the statute at issue in this case). This excise tax[1] ("tax" or "excise tax") was imposed to reduce the federal budget deficit from the Spanish-American War. *See Officemax*, 428 F.3d at 585. It was repealed in 1902. *Id.* The tax

---

[1]An excise tax is an indirect tax on an activity related to property, including a tax on services. *See Union Elec. Co. v. United States*, 363 F.3d 1292, 1303-04 (Fed. Cir. 2004) ("[T]he EPACT tax is an excise tax because its incidence falls on *particular activity related to property* – here the *purchase of enrichment services* or enriched uranium – as *opposed to the mere ownership of property*." (emphasis added)).

was re-instituted during World War I and repealed again in 1916. *Id.* The tax returned a third time during the Great Depression and has been viable ever since. *Id.*; *see also* 42 U.S.C. § 4251.

Section 4251 of Title 26 of the United States Code authorizes the Internal Revenue Service ("IRS") to collect taxes on toll telephone service:

> (a) Tax imposed
>> (1) *There is hereby imposed on amounts paid for communications services a tax* equal to the applicable percentage of amounts so paid.
>> (2) Payment of tax. The tax imposed in this section shall be paid by the person paying for such services.
> (b) Definitions. For the purposes of subsection (a)--
>> (1) Communications services. The term "communications services" means–
>>> (A) local telephone service;
>>> (B) *toll telephone service*; and
>>> (C) teletypewriter exchange service.
>> (2) Applicable percentage. The term "applicable percentage" means 3 percent.

26 U.S.C. § 4251 (emphasis added).

Congress defined "toll telephone service" as:

> (1) A telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance *and* elapsed transmission time of each individual communication and (B) the charge is paid within the United States . . ..

26 U.S.C. § 4252(b) (emphasis added).

When Congress enacted section 4252 in 1965, American Telephone and Telegraph Company ("AT & T"), the only provider of long distance telephone service, charged a toll on long distance calls based on both time and distance. *See Officemax*, 428 F.3d at 596. Subsequent deregulation resulted in the entry of new long distance telephone service providers. *Id.* By the 1990's, AT & T and some of the new providers began to charge a flat, per-minute toll for long distance telephone service that did not include a distance factor. *Id.*

In recent years, a number of corporations have successfully argued that the IRS does not have authority under 26 U.S.C. § 4251 to collect taxes on toll telephone service billed solely on the basis of time, instead of elapsed time *and* distance. *See, e.g., Reese Bros., Inc.* v. *United States*, 447 F.3d 229 (3rd Cir. 2006) (upholding the trial court's grant of summary judgment against the IRS, because the definition of "toll telephone service" in 26 U.S.C. § 4252 only applies to toll telephone service charged on elapsed time and distance, not elapsed time alone); *Fortis, Inc.* v. *United States*, 447 F. 3d 190 (2d Cir. 2006) (same); *Officemax,* 428 F.3d 583 (same); *National R.R. Passenger Corp.* v.

*United States*, 431 F. 3d 374 (D.C. Cir. 2005) (same); *Am. Bankers Ins. Group* v. *United States*, 408 F.3d 1328 (11th Cir. 2005) (reversing the district court's grant of summary judgment in favor of the IRS on the same grounds); *Hewlett-Packard Co.* v. *United States*, No. C-04-03832 RMW, 2005 WL 1865419, 2005 U.S. Dist. LEXIS 19972 (N.D. Cal. August 5, 2005) (granting summary judgment against the IRS on the same grounds); *Am. Online* v. *United States*, 64 Fed. Cl. 571(2005) (same); *Honeywell Int'l, Inc.* v. *United States*, 64 Fed. Cl. 188 (2005) (same).

On October 20, 2005, in response to the United States Court of Appeals for the Eleventh Circuit's decision in *American Bankers*, the IRS released a Notice announcing that:

> The government did not seek review by the United States Supreme Court in *American Bankers Insurance Group*. Nevertheless, the government will continue to litigate this important issue. The government is prosecuting appeals in five different circuits.
>
> * * *
>
> *This notice confirms that the Service will continue to assess and collect the tax under* [*26 U.S.C.*] *§ 4252 on all taxable communications services, including communications services similar to those at issue in the cases*. Collectors should continue to collect the tax, including from taxpayers within the jurisdiction of the United States Court of Appeals for the Eleventh Circuit.
>
> * * *
>
> *Taxpayers may preserve any claims for overpayments by filing administrative claims for refund with the Service pursuant to* [*26 U.S.C.*] *§ 6511. Taxpayers are advised, however, that these claims, including claims for which appellate venue would lie in the United States Court of Appeals for the Eleventh Circuit, will not be processed while there are pending cases in other United States Courts of Appeals.*

Internal Revenue Service Notice 2005-79, 2005 WL 2671273, 2005 IRB LEXIS 407 (October 20, 2005) (emphasis added).

**II.  RELEVANT FACTS AND PROCEDURAL HISTORY.**[2]

During the past six years, Plaintiff has paid the excise tax collected on long distance toll telephone service, pursuant to 26 U.S.C. § 4251.  *See* Compl. ¶¶ 15, 16.  Plaintiff, however, has not filed a claim for a refund of this tax from the IRS.  *Id.* ¶ 102.  Nevertheless, on December 19, 2005, Plaintiff filed a Complaint, on behalf of herself and of a putative class, in the United States Court of Federal Claims seeking a refund.  The Complaint challenges both the IRS's authority to tax toll telephone service billed solely on the basis of time and the IRS's decision to continue collecting this excise tax despite the decision in *American Bankers*.  *See* Compl. ¶ 11

The Complaint alleges four claims against the United States ("the Government").  *Id.* ¶¶ 80-103.  Claim I alleges that the excise tax at issue was an unlawful taking under the Fifth Amendment to the United States Constitution.  *Id.* ¶¶ 81-82.  Claim II alleges that the tax violates Article I, Section 8, of the United States Constitution.  *Id.* ¶ 90.  Claim III alleges that the IRS's collection of the excise tax was an illegal exaction.  *Id.* ¶ 94.  Claim III also alleges that the IRS breached an implied contract with Plaintiff.  *Id.* ¶¶ 94-95.  Claim IV does not actually allege a cause of action, but it asserts that the IRS's prospective refusal to process refund claims, while appellate litigation is pending, is tantamount to a waiver of the jurisdictional requirement that taxpayers must file for a refund with the IRS prior to filing suit in the United States Court of Federal Claims.  *Id.* ¶¶ 100-01.

On February 17, 2006, the Government filed a Motion to Dismiss Claims I, II, and III, pursuant to RCFC 12(b)(6), and Claim IV, pursuant to RCFC 12(b)(1).  *See* Gov't Mot. Dis.[3]  On March 31, 2006, Plaintiff filed a Memorandum Contra Defendant's Motion to Dismiss and Cross-Motion for Partial Summary Judgement as to Liability.  *See* Pl. Resp.  On April 27, 2006, the Government filed a Reply that did not respond to Plaintiff's Cross Motion for Partial Summary Judgment.  *See* Gov't Reply.  On May 12, 2006, the Government filed a Motion to Strike or in the Alternative [to] Stay, Plaintiff's Cross-Motion for Partial Summary Judgment.  *See* Gov't Mot. Strike.

---

[2] The relevant facts recited herein were derived from: the December 9, 2005 Complaint ("Compl."); the Government's February 2, 2006 Motion to Dismiss ("Gov't Mot. Dis."); Plaintiff's March 21, 2006 Memorandum Contra Defendant's Motion to Dismiss and Cross-Motion for Partial Summary Judgment as to Liability ("Pl. Resp."); the Government's April 27, 2006 Reply Brief to Plaintiff's Opposition of Defendant's Motion to Dismiss ("Gov't Reply"); the Government's May 12, 2006 Motion to Strike or in the Alternative for a Stay ("Gov't Mot. Strike"); and the Government's May 25, 2006 Status Report and Notice of Change of Position ("Gov't Status Rep.").

[3] Although the Government's Motion to Dismiss only moves to Dismiss Claim IV for lack of jurisdiction, the Government argues that the court lacks jurisdiction over all four claims.  *See* Gov't Resp. 14 ("[T]his Court clearly lacks jurisdiction to consider the claims raised in the complaint").  Nevertheless, the court considers the Government's Motion as filed under RCFC 12 (b)(1) as to all four of Plaintiff's claims.

On May 26, 2006, the IRS released Notice 2006-50, which stated that the definition in 26 U.S.C. § 4252 does not include communications services for which a toll is charged based only on elapsed time, and not distance. *See* Internal Revenue Service Notice 2006-50, 2006 WL 1452787, 2006 IRB LEXIS 228 (May 26, 2006) ("[A]mounts paid for time-only service are not subject to the tax imposed by [26 U.S.C.] § 4251"). On May 25, 2006, the Government filed a "Status Report and Notice of Change of Position," advising the court that if jurisdiction is exercised in this case, the Government intends to proceed in accordance with Notice 2006-50. *See* Gov't Status Rep. at 1.

### III. DISCUSSION.

#### A. Jurisdiction.

The United States Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States* v. *Testan*, 424 U.S. 392, 398 (1976). Therefore, in order to pursue a substantive right, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages for the court to have jurisdiction. *See Todd* v. *United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act."); *see also Roth* v. *United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) ("Because the Tucker Act itself does not provide a substantive cause of action, however, a plaintiff must find elsewhere a money-mandating source upon which to base a suit."); *Kahn* v. *United States,* 201 F.3d 1375, 1378 (Fed. Cir. 2000) ("[T]he plaintiff 'must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.'" (quoting *James* v. *Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998))).

Before the United States Court of Federal Claims can exercise jurisdiction over a tax refund claim, however, the plaintiff must first file a tax refund claim with the IRS:

> *No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax* alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added).

### B. Standard Of Review.

The court's consideration of motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim is "necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer* v. *Rhodes,* 416 U.S. 232, 236 (1974); *see also Fisher* v. *United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal – the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act."); *see also* RCFC 12(b)(1). Moreover, it is well established that, "in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer* v. *Rhodes*, 416 U.S. 232, 236 (1974). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds* v. *Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

### C. The Court's Resolution Of The Government's Motion to Dismiss.

#### 1. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Illegal Exaction Claim.

##### a. The Government's Argument.

The Government argues that the court does not have subject matter jurisdiction, because Plaintiff has not filed a claim for a refund with the IRS as required by section 7422(a) of Title 26 of the United States Code. *See* Gov't Reply at 7. Additionally, the Government argues that the IRS does not have the power to waive the jurisdictional requirements of section 7422(a). *See* Gov't Mot. Dis. at 7. Moreover, the Government argues that even if the IRS could waive the requirements of section 7422(a), it has not done so. *Id.* at 7 ("Notice [2006-50] does not contain any waiver. The Notice expressly provides that taxpayers who want to contest the IRS position, and recover a refund of [26 U.S.C.] § 4251 excise tax paid, 'should file a claim for refund.'").

##### b. Plaintiff's Response.

Plaintiff responds that section 7422(a) does not prevent the court from exercising jurisdiction over the illegal exaction claim, because the IRS waived the requirement that plaintiff file a claim for a refund by refusing to process refund claims based on section 4251. *See* Pl. Resp. at 36 ("Courts have recognized a futility exception where an agency like the IRS has announced, and followed, a policy of judicial non-acquiescence.").

In addition, Plaintiff argues that section 7422(a) does not apply either to the Takings Clause claim or the Uniformity Clause claim, because they are causes of action that can be pursued "independent of the tax refund statute." *See* Pl. Resp. at 27-29 (citing *Cyprus Amax Coal Co.* v. *United States*, 205 F.3d 1369 (Fed. Cir. 2000)).

### c. The Court's Resolution.

#### i. 26 U.S.C. § 7422(a) Precludes The United States Court Of Federal Claims From Exercising Jurisdiction Over Plaintiff's Illegal Exaction Claim.

The United States Court of Federal Claims has jurisdiction over tax refund claims where an internal revenue tax is alleged to have been erroneously collected. *See* 28 U.S.C. § 1491(a)(1). Section 7422(a) of Title 26 of the United States Code, however, requires that a plaintiff seeking a tax refund in the United States Court of Federal Claims first file a claim for a refund with the IRS before the court has jurisdiction under 28 U.S.C. § 1491(a)(1). *See* 26 U.S.C. § 7422(a). Plaintiff failed to file such a refund claim with the IRS.

Contrary to Plaintiff's argument, this jurisdictional requirement cannot be waived by either the IRS or the court. *See Ins. Corp. of Ir.* v. *Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982) ("No action of the parties can confer subject-matter jurisdiction upon a federal court."). The court, therefore, does not have jurisdiction over Plaintiff's illegal exaction claim.

#### ii. 26 U.S.C. § 7422(a) Does Not Preclude The United States Court of Federal Claims From Exercising Jurisdiction Over Plaintiff's Takings Claim, Uniformity Clause Claim, Or Contract Claim.

Section 7422(a), however, does not preclude the United States Court of Federal Claims from exercising jurisdiction over a cause of action that is independent and self-executing, regardless of whether the plaintiff filed a refund with the IRS before initiating suit. *See Cyprus Amax*, 205 F.3d at 1376 (holding that plaintiffs were not required to file a claim for a refund with the IRS before pursuing an independent and self-executing claim based on the Export Clause of the United States Constitution);[4] *Hatter* v. *United States*, 953 F.2d 626 (Fed. Cir. 1992) (holding that plaintiffs were not required to file a claim for a refund with the IRS before pursuing a claim based on the Judge's Compensation Clause of the United States Constitution).[5]

---

[4] The Export Clause of the United States Constitution provides: "no Tax or Duty shall be laid on Article exported from any state." U.S. CONST. art I, § 9, cl. 5.

[5] The Judges' Compensation Clause of the United States Constitution provides: "The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behavior, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during

Section 7422(a) does not preclude jurisdiction over Plaintiff's takings claim, because the Takings Clause of the United States Constitution is money-mandating in its own right and, therefore, provides an independent and self-executing cause of action. *See Elkins* v. *United States*, 229 Ct. Cl. 607, 608 (1981) (holding that the Takings Clause of the Fifth Amendment is money-mandating). Likewise, assuming *arguendo* that the Uniformity Clause is money-mandating, section 7422(a) does not preclude jurisdiction over Plaintiff's claim thereunder, because it would provide an independent and self-executing cause of action. Moreover, section 7422(a) does not preclude jurisdiction over Plaintiff's contract claim, because inherent in every breach of contract claim is an independent right to money damages. *See* RESTATEMENT (SECOND) OF CONTRACTS § 346 cmt. a (1981) (providing that a "breach of contract gives the injured party a right to damages against the party in breach"); *see also Chevron U.S.A., Inc.* v. *United States*, 71 Fed. Cl. 236, 256-63 (Fed. Cl. 2006) (holding that contract claims are inherently money-mandating)

### 2. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Fifth Amendment Takings Claim.

#### a. The Government's Argument.

The Government argues that the court does not have jurisdiction over Plaintiff's takings claim, because Plaintiff has not conceded that the IRS was authorized to collect the tax. *See* Gov't Mot. Dis. at 3 ("Since the complaint alleges that the IRS'[s] collection of the tax was not valid, it fails to set forth a cause of action based on a Fifth Amendment Taking."). The Government asserts that Plaintiff's takings claim is actually a Due Process Clause claim, over which the court does not have jurisdiction because the Due Process Clause is not money-mandating. *See* Gov't Reply at 3 ("[T]he language quoted in plaintiff's opposition only refers to a violation of due process, not a taking.").

#### b. Plaintiff's Response.

Plaintiff responds that the excise tax "will constitute a taking if 'the act complained of was so arbitrary as to constrain to the conclusion that it was not the exertion of taxation but a confiscation of property, that is, a taking of the same in violation of the Fifth Amendment, or what is equivalent thereto, was so wanting in basis for classification as to produce such a gross and patent inequality as to inevitably lead to the same conclusion.'" Pl. Resp., 16 (quoting *Brushaber* v. *Union Pac. RR*, 240 U.S. 1, 24-25 (1916)); *see also* Compl. ¶ 83 ("The IRS'[s] classification of services and taxpayers is arbitrary and capricious such that its collection of the 3% Excise Tax from Plaintiff and the Class did not constitute the exertion of taxation but a confiscation of property.").

---

their Continuance in Office." U.S. CONST. art. III, § 1.

### c. The Court's Resolution.

The United States Court of Federal Claims has jurisdiction over claims alleged under the Fifth Amendment Takings Clause. *See Murray* v. *United States*, 817 F.2d 1580, 1583-84 (Fed. Cir. 1987) ("Although the Claims Court has jurisdiction over a taking claim, the more difficult question is whether the [plaintiff] [has] stated such a claim[.]"). To invoke the court's jurisdiction over a takings claim, however, the plaintiff must admit that the Government had authority to take the property. *See Rith Energy, Inc.* v. *United States*, 247 F.3d 1355, 1365 (Fed. Cir. 2001) (explaining that "an uncompensated [t]aking and an unlawful government action constitute 'two separate wrongs [that] give rise to two separate causes of action,' and that a property owner is free either to sue in district court for asserted improprieties committed in the course of the challenged action or to sue for an uncompensated [t]aking in the [United States] Court of Federal Claims" (quoting *Del-Rio Drilling Programs, Inc.* v. *United States*, 146 F.3d 1358, 1346 (Fed. Cir. 1998)); *Tabb Lakes, Ltd.* v. *United States*, 10 F.3d 796, 802 (Fed. Cir. 1993) ("[C]laimant must concede the validity of the government action which is the basis of the [t]aking claim to bring suit under the Tucker Act.").

It is well established that the collection of a tax does not constitute a taking within the meaning of the Fifth Amendment. *See Cole* v. *City of LaGrange*, 113 U.S. 1, 8 (1885) ("[T]he taking of property by taxation requires no other compensation than the taxpayer receives in being protected by the government to the support of which he contributes[.]"); *see also Mobile County* v. *Kimball*, 102 U.S. 691, 703 (1880) ("Neither is taxation for a public purpose, however great, the taking of private property for public use in the sense of the Constitution."); *Branch* v. *United States* 69 F.3d 1571, 1576 (Fed. Cir. 1995) ("Even though taxes or special municipal assessments indisputably 'take' money from individuals or businesses, assessments of that kind are not treated as *per se* takings.").

In this case, Plaintiff has not admitted that the IRS's collection of excise tax on her toll telephone service was authorized. *See* Compl. ¶¶ 6, 35, 95. Therefore, Plaintiff has failed to invoke the court's jurisdiction over the takings claim. *See Rith*, 247 F.3d at 1365. Assuming *arguendo*, that Plaintiff admitted the IRS's actions were authorized, a tax is not a taking. *See Cole*, 113 U.S. at 8.

The court, therefore, does not have jurisdiction over Plaintiff's Takings Clause claim.

### 3. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Uniformity Clause Claim.

#### a. The Government's Argument.

The Government argues that Plaintiff's Uniformity Clause claim should be dismissed, because the Uniformity Clause applies to the actions of Congress in passing a statute, not to the actions of the IRS in administering a statute. *See* Gov't Mot. Dis. at 5.

b. **Plaintiff's Response.**

Plaintiff responds that the court has jurisdiction over the claim, because "the Uniform Excise Tax Clause is a money-mandating provision." Pl. Resp. at 29. Plaintiff argues that the Uniformity Clause claim should be treated in same manner that the United States Court of Appeals for the Federal Circuit treated the Export Clause claim in *Cyprus Amax*, 205 F.3d at 1373 (holding that the Export Clause is a money-mandating clause of the United States Constitution).

c. **The Court's Resolution.**

To invoke the jurisdiction of the United States Court of Federal Claims, a plaintiff must identify and plead a separate source of substantive law, *i.e.*, a contract, constitutional provision, federal statute, or regulation, that provides a substantive right to money damages. *See Todd*, 386 F.3d at 1094 ("Jurisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act."). The plaintiff also must demonstrate that the source of substantive law "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Mitchell II*, 463 U.S. at 216; *see also Testan*, 424 U.S. at 400.[6] "In the parlance of the Tucker Act cases, that source must be 'money-mandating.'" *Id.*

To determine whether a provision is money-mandating, "the court should entertain and decide the jurisdictional and merits test in a single step in which the trial court determines both the question of whether the provision provides the predicate for its jurisdiction, and lays to rest the question of whether the statute on its merits provides a money-mandating remedy." *Wopsock* v. *Natchees*, No. 05-1494, __ F.3d __ , 2006 WL 1889917, at 3 (Fed. Cir. July 11, 2006) (citing *Fisher*, 402 F.3d at 1172). "If the court's conclusion is that the source *as alleged and pleaded* is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal– the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Id.*1173 (emphasis added).

---

[6] In discussing the money-mandating requirement of the Tucker Act, the United States Supreme Court has held that: "This 'fair interpretation' rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity. . . . It is enough, then, that a statute creating a Tucker Act right be *reasonably amendable* to the reading that it mandates a right of recovery in damages. While predicate acts to establish a Tucker Act claim will not be 'lightly inferred' . . . a *fair inference* will do." *United States* v. *White Mountain Apache Tribe*, 537 U.S. 465, 472-73 (2003). The United States Court of Appeals for the Federal Circuit has recognized, but not resolved whether the United States Supreme Court, in restating the money-mandating test, has made it less stringent. *See Fisher*, 402 F.3d at 1173-74 (quoting *White Mountain*, 537 U.S. 465). For the purposes of this case, however, it is clear that, under either the new or old formulation, the court does not have jurisdiction.

10

In this case, the Complaint alleges that the Uniformity Clause mandates the payment of money for the alleged *ultra vires* and nonuniform enforcement of 26 U.S.C. § 4251. *See* Compl. ¶¶ 87-91.

Article I, Section 8, Clause 1 of the United States Constitution provides:

> *The Congress* shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; *but all Duties, Imposts and excises shall be uniform throughout the United States*[.]

U.S. CONST. art. I, § 8, cl. 1 (emphasis added). The Uniformity Clause, therefore, is a limitation on legislative, not executive, action. *See United States* v. *Ptasynski*, 462 U.S. 74, 80 (1983) ("The Uniformity Clause conditions *Congress'* power to impose indirect taxes." (emphasis added)).

No court has resolved the issue of whether the Uniformity Clause is money-mandating. Indeed the Supreme Court's treatment of the Uniformity Clause has been limited. *See* Nelson Lund, Comment, *The Uniformity Clause*, 51 U. CHI. L. REV. 1193, 1193 (1984) ("The nature and extent of the limitation placed on [Congress' power to tax] by the [U]niformity [C]lause has only been infrequently considered by the Supreme Court; in no case has the clause been relied upon to invalidate a statute."). Arguably, the Uniformity Clause is money-mandating, because it contains language directly related to a pecuniary interest. *See* U.S. CONST. art. I, § 9, cl. 3. In that respect the Uniformity Clause is like the Export Clause and the Judges' Compensation Clause, which were held by the United States Court of Appeals for the Federal Circuit to be money-mandating, in part, because they contained such language. *See Cyprus Amax*, 205 F.3d at 1374-75 ("both [the Export Clause and the Judges' Compensation clause] speak in absolute and unconditional terms and both protect pecuniary interests"). On the other hand, unlike the Export Clause and the Judges' Compensation Clause, the Uniformity Clause is a limitation on a broad grant of power, rather than a prohibition tied to a specific pecuniary interest.

The issue before the court is not whether the Uniformity Clause mandates the payment of money when Congress, in fact, violates the Uniformity Clause. Rather, the issue before the court is whether the Uniformity Clause, "as alleged and pleaded," is money-mandating. *See Fisher*, 402 F.3d at 1173 ("If the court's conclusion is that the source as *alleged and pleaded* is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction[.]" (emphasis added)).

The Complaint alleges that the IRS's *ultra vires* and nonuniform collection of the tax proscribed in section 4251 violates the Uniformity Clause. *See* Compl. ¶ 90. The Complaint, however, has not alleged or plead that Congress violated the Uniformity Clause. Accordingly, the court has determined that the Uniformity Clause is not money-mandating as alleged and pled in this case. Therefore, the court does not have jurisdiction over Plaintiff's Uniformity Clause claim.

      **4.      The United States Court of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Implied Contract Claim In Count Three.**

          **a.      The Government's Argument.**

The Government argues that Plaintiff's contract claim must be dismissed, because the Complaint does not allege evidence of the existence of "mutual intent to contract[,] including an offer and acceptance, [and] consideration[.]" *See* Gov't Mot. Dismiss, 6 (quoting *Hunsaker* v. *United States*, 66 Fed. Cl. 129, 133 (2005), *aff'd,* 2006 WL 1965066, 2006 U.S. App. LEXIS 17887 (Fed. Cir. July 13, 2006)).

          **b.      Plaintiff's Response.**

Plaintiff offers no response to the Government's argument regarding the need to plead the elements of an implied contract.

          **c.      The Court's Resolution.**

To invoke the jurisdiction of the United States Court of Federal Claims to adjudicate an implied contract claim, the plaintiff must allege facts evidencing: "mutual intent to contract[,] including offer and acceptance, consideration, and a Government Representative who has actual authority to bind the Government." *Trauma Service Group* v. *United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997). The Complaint, in this case, fails to allege facts evidencing that the Government intended to enter into any contract with Plaintiff. Nor does the Complaint allege facts evidencing an offer, acceptance, or consideration on the part of either party. The court, therefore, lacks jurisdiction over Plaintiff's implied contract claim.

**IV.      CONCLUSION**

For the aforementioned reasons, the Government's Motion to Dismiss is **GRANTED**, without prejudice. In the event that the jurisdictional requirement of section 7422(a) is met, Plaintiff may refile. Accordingly, Plaintiff's Motion for Summary Judgment and the Government's Motion to Strike are **DENIED**, as moot.

      **IT IS SO ORDERED.**

                        /s Susan G. Braden
                        **SUSAN G. BRADEN**
                        **Judge**