IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

VIRGINIA SLOAN, et al.,                    )
                                           )
                    Plaintiffs,            )
                                           )
        v.                                 )        Civil Action No.: 1:06-cv-00483 RMU
                                           )
UNITED STATES,                             )
                                           )
                    Defendant.             )

**PLAINTIFFS' MOTION FOR AN IMMEDIATE INITIAL
STATUS CONFERENCE AND THE SCHEDULING OF
ORAL ARGUMENT AND/OR EVIDENTARY HEARING**

Plaintiffs Virginia Sloan, Gary M. Sable, Robert McGranahan, Shari Perlowitz, Reginald

A. Krasney, Marion Sachuk, Carolyn Hrusovsky, Stacy Markowitz, Joan Denenberg, James

Gillen, NCS Companies, Inc., and Catering By Design, Inc. (collectively "Plaintiffs")

respectfully request the immediate scheduling of an initial status conference pursuant to section 7

of the Court's Standing Order for Civil Cases.  The primary purpose of this conference would be

to set a date and establish the parameters for oral argument and/or an evidentiary hearing on the

Plaintiffs' pending motion for a preliminary injunction.  Plaintiffs' motion for a preliminary

injunction, as well as its motion for class certification and Defendant's motion to dismiss, are

now fully briefed.

Time is of the essence with respect to the Plaintiffs' motion for a preliminary injunction.

The I.R.S. currently is formulating plans to implement Notice 2006-50 in conjunction with 2006

income tax returns, but must be given (and no doubt will claim to need) "lead time" to

incorporate the notice and comment rulemaking procedures that the law requires and which

Plaintiffs request.  Unless the motion is heard expeditiously, this critical aspect of the case could

be bypassed by the implementation of the new program.  Millions of low income Americans,

particularly seniors, small businesses, and non-profit entities, will be irreparably damaged if the I.R.S. proceeds as planned.

Contrary to the mandates of the Administrative Procedures Act, the I.R.S. continues to formulate policy behind closed doors with little or no input from interested parties. Moreover, it continues to withhold information from the public, despite promises to provide critical details of the I.R.S.'s proposed refund scheme. Perhaps the single most important aspect from the perspective of most Americans who file income tax returns is the determination of the so-called "safe harbor amount," referenced obliquely in Notice 2006-50 § 5(a)(3)(c). After the I.R.S. published Notice 2006-50, Defendant filed the United States' Status Report & Notice in this case on May 25, 2006, in which it advised the Court, the parties, and the public that the safe harbor "amount will be announced by July 31, 2006." (Docket No. 15). It is now August 25, 2006, and no safe harbor amount has been announced, nor has the I.R.S. offered any explanation for the delay. The safe harbor amount is a key component of the Defendant's program because it is the only way for individuals to get a refund without undergoing extremely onerous documentation requirements.

In addition, the I.R.S. has provided no directives regarding the procedures to be followed by "entities" as that important term is used but nowhere defined in Notice 2006-50 §5(d)(2). Unlike individuals, entities will not be entitled to claim the safe harbor amount. *Id.*

Pursuant to section 8 of the Court's Standing Order for Civil Cases, Plaintiffs have solicited the Defendant's views about possible resolution of the claim. Plaintiffs understand that the Defendant will not be prepared to discuss settlement until after a judicial determination denying the motion to dismiss is rendered. Plaintiffs' counsel conferred with Defendant's counsel through an exchange of voice mails on August 24. Defendant's position is that

the motion for a preliminary injunction hinges on questions of law, and sees no purpose in an oral argument or evidentiary hearing on the preliminary injunction. However, Defendant will not likely support or oppose the request for an oral argument or evidentiary hearing.

Accordingly, Plaintiffs respectfully request this Court to issue an order scheduling an initial status conference, at a time convenient to all interested parties.

DATED: August 25, 2006.

CUNEO GILBERT & LADUCA, LLP

By: _____ BFJ
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
David Stanley, Esq. (DC Bar# 174318)

Charles J. LaDuca, Esq. (DC Bar# 476134)

Steven N. Berk, Esq. (DC Bar #432870)
William Anderson, Esq.
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND BOOTHBY,
LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Robert J. Cynkar, Esq. (DC Bar# 957845)
EGAN, FITZPATRICK, MALSCH & CYNKAR,
PLLC
8300 Boone Boulevard, Suite 340
Vienna, VA 22182

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

R. Montgomery Donaldson
MONTGOMERY, McCRACKEN, WALKER &
RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN, WALKER &
RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman (DC Bar# 375595)
Victoria S. Nugent (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD & TOLL,
PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP
270 Madison Avenue
New York, New York 10016