# EXHIBIT B

No. 06-21 T
Honorable Lawrence J. Block

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SITEL CORPORATION,

                              Plaintiff,

v.

THE UNITED STATES,

                              Defendant.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT

The United States opposes plaintiff's motion to amend its complaint to add six new quarters – ended June 30, 2004 through September 30, 2005, to its claims for the refund of federal excise taxes. Discovery for the quarters already at issue has ended. Allowing the amendment would delay the resolution of the quarters already before the Court and would unfairly prejudice defendant. In addition, Notice 2006-50 provides plaintiff with an administrative remedy for the additional quarters, making litigation unnecessary and an easily avoidable burden on the Court and defendant. Finally, allowing this amendment would place us on a slippery slope toward further amendments, adding still more quarters, and causing even more delay.

## BACKGROUND

On January 6, 2006, plaintiff filed this suit for the refund of federal communications excise taxes for the quarters ending March 31, 2001 through March 31, 2004. In the Joint Preliminary Status Report, filed on April 28, 2006, the parties requested a discovery period of 90 days, and the Court subsequently ordered that discovery be completed by August 14, 2006. On June 20, 2006, not having received any documents pursuant to RCFC 26 initial disclosures from plaintiff, defendant formally requested production of plaintiff's telecommunication contracts with its providers and invoices showing the amount of federal excise taxes for its telephone services. Defendant received documents from plaintiff on July 28, 2006, and thoroughly reviewed them. Discovery closed on August 14, 2006. Throughout this period, plaintiff did not advise the Court or defendant that it had filed claims for refund for additional quarters or that it would seek to add those quarters to this litigation.[1]

On May 25, 2006, defendant advised plaintiff and the Court of the issuance of Notice 2006-50, 2006-25 I.R.B. 1141. The Notice announced the Government's change of position with respect to the litigation of certain cases involving the federal excise tax under 26 U.S.C. § 4251. The Notice establishes procedures for taxpayers to receive excise tax refunds for services billed after February 28, 2003 and before August 1, 2006. Taxpayers need only claim a refund on their 2006 income tax return and, for corporate taxpayers, provide substantiation for the amounts claimed. For most corporate taxpayers, the 2006 income tax return is due on or before March 15, 2007. *See* I.R.C. § 6072(b); Treas. Reg. § 1.6072-2.

---

[1] Had plaintiff been more forthcoming, the Court could have decided earlier whether it would be appropriate to delay the case so that discovery could proceed cost effectively in one stage, rather than two. Instead, we now are faced with *both* delay and piecemeal discovery.

-2-

Plaintiff did not file its motion to amend its complaint until August 2, 2006. Plaintiff's motion seeks to include claims for the refund of excise taxes for six additional quarters, ended June 30, 2004 through September 30, 2005. Since the excise tax was collected by the IRS until about July 2006, plaintiff, in addition to these new claims, can be expected to make additional claims in the future for periods beyond September 30, 2005.

## ARGUMENT

The Court has discretion whether to allow a motion to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). In ruling on a motion to amend under RCFC 15(a), a court must consider the following factors: undue delay, bad faith or dilatory motive on the part of the movant, futility of the proposed amendment, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In applying this permissive standard for amending a pleading, the Supreme Court has placed a particular emphasis on the element of prejudice to the opposing party. *See United States v. Hougham*, 364 U.S. 310, 316 (1960) ("Rule 15 of the Federal Rules of Civil Procedure ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.").

Defendant would be prejudiced if new quarters are added to the litigation at this late date. Plaintiff filed its motion less than two weeks before the close of discovery. Discovery is now closed. Several circuit courts have held that allowing amendment after the close of discovery creates significant prejudice. *See Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986); *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir 1979); *see also Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999); *MacDraw, Inc. v. CIT Group Equip.*

*Financing, Inc.*, 157 F.3d 956 (2d Cir. 1998); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir. 1993); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3rd Cir. 1989).

Indeed, defendant would be unduly prejudiced if the new quarters are added to the litigation. Discovery has been completed, and the case is now ready for resolution. If the new quarters are allowed to be inserted into the case, its resolution will obviously be delayed. In addition, discovery will have to be reopened, so that defendant will have an opportunity to investigate the new claims. Thus, defendant will be unreasonably burdened with discovery in two costly, inefficient stages; first as to the initial quarters, and, in the future, as to the six new quarters.

What's more, allowing plaintiff's motion is not likely to end the matter. Since taxes were collected until July 2006 (when the Notice conceded they should no longer be collected), it seems likely that plaintiff will be seeking refunds for the four quarters after September 30, 2005 (the last quarter that is the subject of plaintiff's motion). If plaintiff has filed claims for refund for these additional quarters, it may be waiting six months since their filing dates to request leave to add them to this litigation, just as it did before filing the pending motion to add quarters. Granting plaintiff's motion threatens defendant with even more prejudice, and more delay.

Conversely, plaintiff will suffer no prejudice if its motion is denied. Notice 2006-50 provides an adequate remedy by which plaintiff may receive refunds, not only for the additional quarters it now seeks to amend, but for all periods up to the time the IRS ceased collection of the excise tax in July 2006. Plaintiff may file refund claims for all these periods on its 2006 federal income tax return. Assuming that plaintiff's taxable year is the calendar year, its return is due to be filed by March 15, 2007. Thus, plaintiff can present its refund claims to the IRS, and the IRS

will likely resolve them sooner than is possible in litigation.[2] The Notice thus provides a fair, expeditious alternative to litigation over the quarters plaintiff seeks to add to this case.

## CONCLUSION

For the reasons expressed, plaintiff's motion to filed an amended complaint should be denied.

                    Respectfully submitted,

                    s/Jacob Christensen
                    JACOB E. CHRISTENSEN
                    Attorney of Record
                    U.S. Department of Justice
                    Tax Division
                    Court of Federal Claims Section
                    Post Office Box 26
                    Ben Franklin Post Office
                    Washington, D.C. 20044
                    Voice: (202) 307-0878
                    Fax: (202) 514-9440
                    Email: jacob.e.christensen@usdoj.gov

                    EILEEN J. O'CONNOR
                      Assistant Attorney General
                    DAVID GUSTAFSON
                      Chief, Court of Federal Claims Section
                    STEVEN I. FRAHM
                      Assistant Chief

August 21, 2006          s/Steven Frahm
                    Of Counsel

---

[2] The Notice provides that the IRS is conceding that time-only long distance telephone service is not subject to the excise tax imposed by § 4251. Generously, Notice 2006-50 also provides that bundled services will no longer be considered taxable. Thus, it appears that taxpayers like plaintiff will receive refunds so long as they can substantiate the cost of services the IRS concedes are nontaxable.