These comments are submitted on behalf of Catering By Design, Inc. ("CBD"), a small business corporation organized under the laws of Pennsylvania, and NCS Companies ("NCS"), a small business corporation organized under the laws of Delaware, in response to the official news release issued by the Internal Revenue Service (the "IRS") on August 31, 2006 (IR-2006-137) (*).

## COMMENTS REGARDING THE "REFUND PROCESS" FOR BUSINESSES AND NONPROFITS

1. **Preliminary Comments Regarding the Remedial Scheme Described in Notice 2006-50.**

   Notice 2006-50 establishes the foundation upon which IR-2006-137 seeks to build. That foundation is substantively and procedurally flawed, not only with respect to the remedy envisioned for business and nonprofit entities, but also for individuals who are now entitled to recover the improperly collected federal excise tax (the "FET"). These deficiencies were described at length in the submissions filed by CBD, NCS and other representative plaintiffs in *Sloan v. U.S.*, No. 1:06cv00483, which is pending in the United States District Court for the District of Columbia. CBD and NCS incorporate in these comments and make part of the administrative record each of the following, which are attached:

   - Class Action – Second Amended Complaint (attached at Tab A);

   - Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction (Tab B);

   - Reply Brief in Further Support of Plaintiffs' Motion for Preliminary Injunction (Tab C); and

   - Supplemental Memorandum in Further Support of Plaintiffs' Motion for an Immediate Initial Status Conference and the Scheduling of Oral Argument and/or Evidentiary Hearing (Tab D).

2. **Comments Regarding Alternative Approaches to Compensating Small Businesses, Nonprofits, and Charitable Entities.**

   - **The "Reverse Engineering" Approach:** As discussed in the court filings referenced above, CBD and NCS believe that the "income tax approach" contemplated by Notice 2006-50 and carried forward in IR-2006-137 is problematic and unfairly burdensome to small businesses, nonprofits and charitable entities. An alternative approach would be (simply stated) to utilize the data and resources used to *collect* the FET to effect the *return* of amounts improperly collected. Data in the possession of the telecommunications providers which collected the FET could be utilized to determine with precision the amount that should be returned, which amount could either be communicated to customers and/or the IRS or, for existing customers, used to effect a return through invoice credits. Such an approach would, of course, be particularly

beneficial to entities that do not file tax returns. More generally, it would produce a more accurate return of the taxes illegally collected and remove the remedial burden from the victims of the FET.

- **The "Safe Harbor" Approach:** While CBD and NCS believe that serious consideration should be given to a "non-income tax approach," such as the one described above, a safe harbor approach akin to that envisioned by IR-2006-137 for individuals could be considered for small businesses, nonprofits and charitable entities if the income tax approach is retained. One possibility would be to base safe harbor amounts on a percentage of gross business income (the available data indicates that for small businesses phone usage varies linearly with business size). Another alternative would be to base a safe harbor amount on the number of phone lines dedicated to business use. In either event, the safe harbor amount could be claimed by individual proprietorships on Schedule C to income tax returns (this would be in addition to the personal safe harbor available to the filer in his or her individual capacity). A similar credit could be used for small business entities that file separate returns. With respect to non-profit business entities, serious consideration should be given to the establishment of a safe harbor amount (presumably based on an institutions annual budget) that could be sent to those that are registered with the IRS, have a phone, but do not file annual tax returns.

- **The "Exemplar Amount" Approach:** An alternative to the safe harbor approach would be to encourage taxpayers to claim an amount based on telephone usage for a set period, *e.g.*, three-months. A number of analytic constructs (such as months 1, 4 and 12 averaged over a three-year period) could be utilized to produce a reasonably accurate "refund" figure based on actual taxpayer usage. Usage data readily can be supplied by the telecommunications carriers. This method would produce a uniform, stream-lined and "real-world" approximation of the amount due to any given user based on hard usage data.

- **A Simplified Filing System:** Form 8913 is not yet available. Preliminarily, however, CBD and NCS note that, as currently envisioned by the IRS, Form 8913 will require identification of the actual amount of the FET improperly paid. This requirement should be relaxed in favor of one of the methodologies described above.

- **Cost of Data Retrieval from Telecommunications Providers should be Borne by the Government, not Taxpayers:** At a minimum, any costs incurred in connection with the retrieval of data by or from telecommunications providers should be borne by the government. These reimbursements could take the form of a direct payment by the government to the telecommunications providers, or, where appropriate, they could be added to the "refund" amount paid to the taxpayer.

- **An Accounting is Necessary for any Approach Ultimately Adopted:** The portion of the FET that has been improperly collected and is subject to the remedial program under consideration constitutes a "fund" in the government's possession. The amount of this fund has not been made public. Regardless of which remedial approach ultimately is utilized, the amount of the FET fund must be determined, published, and any

disagreement over the amount of the fund must be resolved through the comment process prior to the implementation of any remedial program. Failure to do this on a pre-remedy basis may result in, among other inefficiencies, piecemeal recoveries and the need to re-implement remedial measures to meet compensation shortfalls.

## COMMENTS REGARDING THE
## ADMINISTRATIVE PROCESS TO DATE AND MOVING FORWARD

3.   **Noncompliance with the Administrative Procedures Act, 5 U.S.C. § 553** *et seq.*

CBD and NCS are concerned by the absence of a discernable administrative process giving rise to Notice 2006-50 and the limited solicitation of comments by IR-2006-137, and that the "deliberative process" to date has fallen short of what minimally is required by the Administrative Procedures Act, 5 U.S.C. § 553 *et seq.* Particular areas of concern with respect to IR-2006-137 include the following:

- **The solicitation of comments through IR-2006-137 is untimely.** The notice and comment procedure required by the Administrative Procedures Act should have been commenced long ago, prior to the issuance of Notice 2006-50 on May 25, 2006. Material substantive and procedural decisions already have been made by the government without critical input from interested parties. In light of the imminence of the anticipated process by which a portion of the FET will be returned, CBD and NCS are concerned that IR-2006-137 may not provide ample time for meaningful public commentary and meaningful consideration of that commentary by the agency.

- **The scope of the commentary solicited by IR-2006-137 is too narrow.** IR-2006-137 concerns only a small part of an important and very complex scheme by which the government now intends to return a portion of the FET improperly collected for at least an eight-year period. Numerous, critical aspects of the scheme (among them, by way of example, is the selection of February 28, 2003 as the compensation cut-off date) are not covered by IR-2006-137, which seeks commentary only as to "simplifying the refund process." Consequently, CBD and NCS believe that potentially millions of interested parties are not advised by IR-2006-137 – nor have they otherwise been advised – of their right to be heard vis-à-vis a notice and comment process as to issues that impact them and other payers of the FET.

- **The information provided is inadequate, and thus does not permit meaningful comment on key issues.** IR-2006-137 is a conclusory announcement that advocates the safe harbor "refund" scheme available to individual (*i.e.*, non-business organization) taxpayers, from whom no comments have been solicited. The announcement does not provide any objective information that would assist business entity commentators to in evaluating the remedial scheme at large or to provide meaningful comments on how the

scheme (or an alternative scheme) may best effectuate the return of illegally collected funds to these enterprises. By way of example:

- IR-2006-137 states that the "IRS is considering an estimation method businesses and nonprofits may use for figuring the tax paid." Details regarding the method or methods under consideration must be provided and subject to the comment process.

- IR-2006-137 quotes IRS Commissioner Mark W. Everson as stating, "'Businesses and nonprofits generally have more varied usage patterns than individuals do.'" The basis for this statement, including any underlying usage data, must be provided and subject to the comment process.

- IR-2006-137 quotes Commissioner Everson as stating, "'We've met with a number of business and nonprofit groups to understand their concerns, and we plan to continue to work with them to come up with a reasonable method for estimating telephone excise tax refund amounts.'" The business and nonprofit groups should be identified, and all pertinent details regarding the meetings – including "concerns" expressed by the business and nonprofit groups – should be provided and subject to the comment process.

- No description of or data regarding the supposed "varied [telephone] usage" patterns of businesses and nonprofits is provided. While IR-2006-137 references non-public meetings between the government and "a number of [unidentified] business and nonprofit groups," the substance of those discussions, and in particular the "concerns" already conveyed to the government by those unidentified groups, are not identified.

- **Interested parties have been omitted from the notice and comment process.** While IR-2006-137 acknowledges the government's obligation to undertake a notice and comment program in connection with the remedial scheme provided by Notice 2006-50, no comments have been solicited by or on behalf of aggrieved *individuals* who are entitled to recover under Notice 2006-50.

**CONTACT INFORMATION**

Any questions concerning or responses to these Comments may be directed to:

Nicholas E. Chimicles
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
Nick@Chimicles.com

Jonathan W. Cuneo
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813
JonC@cuneolaw.com

### (*) RESERVATION OF RIGHTS

CBD and NCS expressly reserve any right to relief or recovery at law or equity in connection with the Federal Excise Tax ("FET") that is the subject of IR-2006-137, including without limitation any claims asserted or which may in the future be asserted in the litigation pending in The United States District Court for the District of Columbia under the caption, *Sloan v. U.S.*, No. 1:06cv00483 (D.C. Distr.), assigned to The Hon. Ricardo M. Urbina.

Additionally, neither the submission of these comments nor the provision of any future comments, guidance or information on behalf of CBD or NCS is intended to waive, in whole or in part, the protections of the attorney-client privilege, the attorney work product doctrine or any other confidentiality or privilege that may be asserted by any of the plaintiffs or their counsel in the *Sloan* case or in any other judicial or administrative proceeding. On the contrary, the attorney-client privilege, the attorney work product doctrine and all other confidentialities and privileges are expressly preserved.

cc:  Ivan C. Dale, Esq.
     US Department of Justice, Tax Division
     PO Box 27
     Washington, DC 20044