IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA SLOAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 1:06-cv-00483 RMU |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PRAECIPE AND SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs submit this praecipe and supplemental memorandum to bring to the Court's attention a News Release ("IR-2006-179") published by the IRS on November 16, 2006. As discussed below, IR-2006-179—which announces the formula by which some businesses and tax-exempt organizations may calculate the return of a portion of the improperly collected FET[1]—relates directly to the subject matter of Plaintiffs' pending motion for preliminary injunctive relief (Entry No. 25), but neither moots the motion nor diminishes the need for the relief it seeks.[2]

---

[1] The nomenclature in this submission is the same as that used in Plaintiffs' prior briefing in support of their motion for preliminary injunctive relief. Thus, "FET" refers to the Federal Communications Excise Tax that is the subject of this suit and the pending motion.

[2] In the motion, Plaintiffs demonstrate a right to injunctive relief because the refund-constraining scheme previously announced by the IRS in its Notice 2006-50—which effectively denies a remedy to millions of low-income Americans (particularly low-income senior citizens), small businesses, individual proprietors and nonprofit entities—violates the procedural and substantive provisions of the APA, constitutes an unconstitutional taking by failing to provide full restitution, and fails to provide a clear and certain post deprivation remedy as required by the Constitution. Accordingly, the Plaintiffs seek to compel the IRS to: (a) comply with the APA's notice-and-comment procedures and critically evaluate the remedy spelled out in the Notice to correct its procedural and substantive defects; or (b) create a record that will permit meaningful judicial review if the agency elects not to correct those defects.

1

**IR-2006-179**

The calculation described in IR-2006-179 and the accompanying "Questions and Answers for Businesses and Tax-Exempt Organizations" (true and correct copies of which are attached hereto as Exhibit A) is as follows:

> To use the formula, businesses and tax-exempt organizations follow these steps:
>
> 1. Take the April 2006 phone bill (this is the bill with an April 2006 statement date) and divide the total federal telephone excise tax by the total phone bill (including federal telephone excise taxes) to arrive at the percentage of the bill attributable to federal telephone excise tax. If you have more than one type of service or service provider (land line, fax, cell, local, long distance, bundled, etc.), combine all bills dated in April before making this computation. For this purpose, there is no need to separate the taxes paid on long-distance service from those paid on local service. April is a representative month during which the government was still collecting the excise tax on long-distance service.
>
> 2. Take the September 2006 phone bill and divide the total federal excise tax by the total phone bill to arrive at the percentage of that bill attributable to federal telephone excise tax. The percentage should be lower because the government was only collecting the federal excise tax on local telephone service.
>
> 3. Subtract the September percentage from the April percentage to arrive at the percentage that represents the federal long-distance tax. This is the percentage businesses and tax-exempt organizations will use to figure their refunds (capped as discussed below).
>
> 4. Multiply the long-distance tax percentage by the total phone expenses shown on telephone bills dated after Feb. 28, 2003 and before Aug. 1, 2006. The refund is capped at 2 percent of phone expenses for small businesses, those with 250 or fewer employees, and one percent for large businesses, those with more than 250 employees. Use the number of employees for the pay period that included Jun. 12, 2006. This is the number reported on Line 1, Form 941 (Employer's Quarterly Federal Tax Return) for the second calendar quarter of 2006. Interest is added to the refund amount.

   *   *   *   *   *

*Telephone Tax Refunds: Questions and Answers for Businesses and Tax-Exempt Organizations*, released by the IRS on November 16, 2006 http://www.irs.gov/newsroom/article/0,,id=164310,00.html. [3]

### IR-2006-179 Has No Impact on the Pending Preliminary Injunction Motion

IR-2006-179 is noteworthy principally for what it does *not* do:

First, it does not extend the truncated recovery period (a maximum of 41-months) announced by the IRS in Notice 2006-50 and imposes arbitrary "caps" on the amount that can be recovered. Thus, IR-2006-179 does not cure a critical defect identified in Plaintiffs' Motion for Preliminary Injunction — the IRS's failure to provide full restitution for almost a decade of illegal FET collection, as required by the Constitution.

Second, IR-2006-179 does absolutely nothing for non-filing individuals (mostly the elderly and indigent) who, as Plaintiffs demonstrated in their brief, are effectively denied any remedy under the government's program. Moreover, IR-2006-179 does nothing for non-filing nonprofits, which cannot avail themselves of the refund formula because, again as discussed in the brief, they do not file Form 990-T.

Third, IR-2006-179 fails to cure the administrative deficiencies that continue to plague the IRS's remedial program. To the contrary, IR-2006-179—cobbled together

---

[3] Plaintiffs note that, consistent with the erratic, moving-target approach taken by the IRS to date, the calculation described in IR-2006-179 materially differs from the one delineated and filed of record last month—on October 18—in *RadioShack Corporation v. United States*, 1:06-cv-00028-MCW (Court of Federal Claims). The *RadioShack* calculation was based on choosing any six consecutive months in the refund period, and multiplying the average monthly FET paid on non-taxable service during that period by 41. It is not difficult to see how the now abandoned *RadioShack* methodology produces refund figures higher than those calculated under IR-2006-179.

behind closed doors without proper notice, comment from all affected taxpayers, and the creation of a meaningful record—itself provides another example of the IRS's unwavering disregard for the procedural safeguards mandated by the APA.

Indeed, the substantial differences between the [tentative] estimation methodology filed by the IRS in the *RadioShack* case a month ago and the [final] estimation methodology announced in IR-2006-179 underscores the agency's uncertainty about estimation methodology. Taken together with the substantive shortcomings of the remedy program, they vividly illustrate that only the APA's rulemaking procedures will give the IRS and *all* affected taxpayers the opportunity to evaluate and validate the proposed estimation methods.

### Conclusion

For these reasons and the reasons set forth in their brief, Plaintiffs respectfully request that their request for preliminary injunctive relief be granted. Plaintiffs reiterate their request for a status conference to expedite this litigation.

DATED: November 28, 2006.

CUNEO GILBERT & LADUCA, LLP

By: /s/ Jonathan W. Cuneo
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
David Stanley, Esq. (DC Bar# 174318)
Charles J. LaDuca, Esq. (DC Bar# 476134)
Steven N. Berk, Esq. (DC Bar #432870)
William Anderson, Esq.
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

4

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Andrew N. Friedman (DC Bar# 375595)
Victoria S. Nugent (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD &
TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

Robert J. Cynkar, Esq. (DC Bar# 957845)
EGAN, FITZPATRICK, MALSCH &
CYNKAR, PLLC
8300 Boone Boulevard, Suite 340
Vienna, VA 22182

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

R. Montgomery Donaldson
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

5

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

David L. Wales
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016