BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL DOCKET NO. 1798 |

*SLOAN* PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO
VACATE CONDITIONAL TRANSFER ORDER (CTO-1) THAT
INCLUDES THE *BELLONI* ACTION IN MDL-1798

## I.   Introduction.

On December 28, 2006, the Judicial Panel on Multidistrict Litigation (the "Panel") issued an order transferring two (2) cases pending in district courts – *Neiland Cohen v. United States of America*, Docket No. 2:05-1237, formerly pending in the Eastern District of Wisconsin ("*Cohen*"), and *Oscar Gurrola, et al. v. United States of America, et al.*, Docket No. 2:06-3425, formerly pending in the Central District of California ("*Gurrola*") – to be coordinated or consolidated with *Sloan, et. al. v. United States*, Docket No. 1:06-cv-483 ("*Sloan*"), pending in the District Court for the District of Columbia before the Honorable Ricardo M. Urbina. *In re Long-Distance Telephone Service Federal Excise Tax Refund Litig.*, 2006 WL 3848729, *2 (Dec. 28, 2006 J.P.M.L.).[1] The three (3) cases, as transferred by the Panel, involve claims solely against the federal government related to its collection and administration of the Communications Excise Tax ("FET"), 26 U.S.C. § 4251, *et. seq.* Of these three (3) cases, however, the *Gurrola* case also asserted a claim against various

---

[1] The Panel also considered but did not transfer a fourth case pending in the Court of Federal Claims. *RadioShack Corp. v. United States of America*, Fed. Cl., C.A. No. 1:06-28. *See id.* at *2.

- 1 -

telecommunications carriers related to their role in collecting and remitting the FET.[2] Recognizing the materially different character of claims against carriers from those asserted against the federal government under the circumstances of this case, the Panel expressly declined to include the claims asserted against the carriers in the *Gurrola* case in its order transferring the cases. *See id.* at *2 ("The Panel is persuaded, however, that the single California state law claim brought against the telecommunication provider defendants in the Central District of California action <u>is unique and therefore should not be included in the MDL-1798 proceedings at the present time.</u>") (emphasis supplied). Instead, the Panel separated and remanded the claims asserted against the carriers in that case to the Central District of California, while simultaneously transferring the remaining cases and claims to the District of Columbia pursuant to section 1407. *Id.*

On January 16, 2007, the Panel issued a Conditional Transfer Order (CTO-1) that addressed another case related to the FET, *Anthony Belloni, et al. v. Verizon Communications, Inc., et al.*, S.D. New York, C.A. No. 1:06-11459 ("*Belloni*"). Unlike the other cases that were included in the Panel's December 28, 2006 order, however, the *Belloni* complaint <u>only</u> asserts claims against telecommunications carriers; the federal government is not named as a defendant in that action. The Panel nonetheless preliminarily transferred this action to the District of Columbia to be included in MDL-1798, "for the reasons stated in the order of December 28, 2006." A true and correct copy of Conditional Transfer Order (CTO-1) is attached as Exhibit 1.

---

[2] Plaintiffs in the *Gurrola* case originally asserted a claim under the California Business & Professions Code § 17200, *et. seq.*, along with unjust enrichment, conversion, tax refund, claims, against the telecommunications carriers. On July 13, 2006 – before the MDL-1798 proceedings were initiated – the plaintiffs in the *Gurrola* case voluntarily dismissed all of their claims against the telecommunications carriers with the exception of the single claim for violations of the California Business & Professions Code § 17200, *et. seq.*

It is the position of the Plaintiffs in the *Sloan* case (collectively, "*Sloan* Plaintiffs"),[3] that *Belloni* should not be part of MDL-1798, for the reasons explained by the Panel in its December 28, 2006 order. If the Panel has not altered its view about not including the *Gurrola* claims against the telecommunication carriers in MDL-1798, then CTO-1 should be vacated.

## II.     Argument.

The *Sloan* Plaintiffs respectfully request that the Panel decline to transfer the *Belloni* action to the District Court for the District of Columbia for coordinated or consolidated pretrial proceedings with the other cases currently pending before Judge Urbina in MDL-1798. Transferring this case for coordinated or consolidated pretrial proceedings with the cases that were transferred to the District of Columbia would not be consistent with the "reasons stated" in the Panel's December 28, 2006 order. To the contrary, the Panel explicitly recognized the materially different nature of those claims asserted against the federal government from those asserted against the telecommunication carriers in this order when it separated and remanded the claims against the carriers in the *Gurrola* case. The claims asserted only against the telecommunication carriers in the *Belloni* case are likewise unique and therefore should not be included in the MDL-1798 proceedings.

In sum, transferring a case that **only** seeks relief from telecommunications carriers for coordinated or consolidated pretrial proceedings with cases that **only** assert claims against the federal government is inconsistent with the Panel's December 28, 2006 order that explicitly excluded similar claims against telecommunications carriers from the

---

[3] Plaintiffs in *Sloan* include Virginia Sloan, Gary M. Sable, Robert McGranahan, Shari Perlowitz, Reginald A. Krasney, Marion Sachuk, Carolyn Hrusovsky, Stacy Markowitz, Joan Denenberg, James Gillins, NCS Companies, and Catering By Design, Inc.

MDL-1798 proceedings. Consistent with its December 28 order, Plaintiffs in *Sloan* respectfully submit that the *Belloni* case should not be included in MDL-1798, and request that the Panel vacate Conditional Transfer Order (CTO-1).

DATED: January 30, 2007.

By: /s/ Nicholas E. Chimicles
Nicholas E. Chimicles
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633

Jonathan W. Cuneo, Esq.
David Stanley, Esq.
Charles J. LaDuca, Esq.
Robert J. Cynkar, Esq.
William Anderson, Esq.
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

Henry D. Levine, Esq.
Stephen J. Rosen, Esq.
LEVINE, BLASZAK, BLOCK AND BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Christopher Weld, Jr., Esq.
Kevin Peters, Esq.
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

R. Montgomery Donaldson
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman
Victoria S. Nugent
COHEN, MILSTEIN, HAUSFELD &
TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

# EXHIBIT 1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 16 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 1798

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION

*Anthony Belloni, et al. v. Verizon Communications, Inc., et al.,* S.D. New York, C.A. No. 1:06-11459

### CONDITIONAL TRANSFER ORDER (CTO-1)

On December 28, 2006, the Panel transferred two civil actions to the United States District Court for the District of District of Columbia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2006). With the consent of that court, all such actions have been assigned to the Honorable Ricardo M. Urbina.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the District of District of Columbia and assigned to Judge Urbina.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the District of District of Columbia for the reasons stated in the order of December 28, 2006, and, with the consent of that court, assigned to the Honorable Ricardo M. Urbina.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of District of Columbia. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel