IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| : | MDL No. 1798 |
| IN RE: LONG-DISTANCE TELEPHONE : | |
| SERVICE FEDERAL EXCISE TAX : | Judge Ricardo M. Urbina |
| REFUND LITIGATION : | |
| : | Docket No. 1:07-mc-00014-RMU |
| : | |

BRIEF IN SUPPORT OF ENTRY OF
[PROPOSED] CASE MANAGEMENT ORDER NO. 2

I.    Introduction.

On December 28, 2006, the Judicial Panel on Multidistrict Litigation ("JPML")

issued an order pursuant to 28 U.S.C. § 1407 that, *inter alia*, transferred an action

pending in the Central District of California, *Oscar Gurrola, et al. v. United States, et al.*,

Docket No. 2:06-3425 ("*Gurrola*") and an action pending in the Eastern District of

Wisconsin, *Neiland Cohen v. United States*, Docket No. 2:05-1237 ("*Cohen*") to this

Court for coordinated or consolidated pretrial proceedings with *Sloan, et. al. v. United*

*States*, Docket No. 1:06-cv-483 ("*Sloan*").[1]  *In re Long-Distance Telephone Service*

*Federal Excise Tax Refund Litig.*, 2006 WL 3848729, *2 (Dec. 28, 2006 J.P.M.L.).  All

three (3) of these cases that were coordinated or consolidated pursuant to the Panel's

order involve claims against the federal government related to its collection and

administration of the Communications Excise Tax ("FET"), 26 U.S.C. § 4251, *et. seq.*[2]

---

[1] Unless specified otherwise, Plaintiffs' Counsel in the *Sloan, Gurrola,* and *Cohen* cases shall be
collectively referred to herein as the "MDL Plaintiffs' Counsel."

[2] Plaintiffs in the *Gurrola* case originally asserted a claim under the California Business & Professions
Code § 17200, *et. seq.*, along with unjust enrichment, conversion, and tax refund claims, against the
telecommunications carriers.  The plaintiffs in that case have since voluntarily dismissed all of their claims
against the telecommunications carriers.

- 2 -

On January 16, 2007, the Panel issued a Conditional Transfer Order (CTO-1) that addressed another case related to the FET, *Anthony Belloni, et al. v. Verizon Communications, Inc., et al.*, S.D. New York, C.A. No. 1:06-11459 ("*Belloni*"). Unlike any of the other cases that were included in the Panel's December 28, 2006 order, however, the *Belloni* complaint only asserts claims against telecommunications carriers. The federal government is not named as a defendant *Belloni*. The Panel nonetheless preliminarily transferred this action to the District of Columbia to be included in MDL-1798, "for the reasons stated in the order of December 28, 2006." *In re Long-Distance Telephone Service Federal Excise Tax Refund Litig.*, 2006 WL 3848729, *2 (Dec. 28, 2006 J.P.M.L.). Plaintiffs' counsel in both the *Sloan* case and the *Belloni* case have filed objections with the JPML, wherein they seek to vacate CTO-1.[3]

II.    The MDL Plaintiffs Agree on a Case Organization and Leadership Structure.

On January 22, 2007, Plaintiffs' counsel in *Sloan* filed a Praecipe informing this Court that they had invited Plaintiffs' counsel in the *Cohen* and *Gurrola* cases to attend a meeting of all Plaintiffs' counsel on January 10, 2007 (Docket Entry No. 6). In this Praecipe, Plaintiffs' Counsel in the *Sloan* case also informed this Court that, after conferring in good faith and on several occasions, the MDL Plaintiffs' Counsel were unable to come to an agreement on case management and organization.

On January 29, this Court entered an Order Establishing the Governing Practice and Procedure Upon Transfer Pursuant to 28 U.S.C. § 1407(a) (Docket Entry No. 8). In footnote 1 of page 9 of this Order, this Court ordered the MDL Plaintiffs' Counsel to again meet and confer, and endeavor to resolve their intra-party conflicts without judicial

---

[3] These objections are still pending; the JPML announced on February 14, 2007 that it would resolve them without oral argument.

- 2 -

- 3 -

involvement. Toward that end, Plaintiffs' Counsel in the *Sloan*, *Cohen* and *Gurrola*

cases promptly scheduled and held several meetings to negotiate a mutually agreeable

leadership structure of plaintiffs' counsel.[4] On February 26, after numerous sessions over

the course of intervening weeks, the MDL Plaintiffs' Counsel reached an agreement in

principle on the leadership organization of plaintiffs' counsel. Immediately thereafter,

MDL Plaintiffs' Counsel memorialized the terms of their agreement, which are contained

in the [Proposed] Case Management Order No. 2, submitted herewith.

III.    The Tag-Along Provision in the [Proposed] Case Management Order No. 2.

Section III of [Proposed] Case Management Order No. 2 contains a tag-along

provision, which is consistent with the guidelines set forth in the Manual for Complex

Litigation.[5] Section III of [Proposed] Case Management Order No. 2 provides that the

organization of Plaintiffs' Counsel set forth therein shall apply to any subsequently filed

or transferred case(s), including the *Belloni* case (in the event that that case is not

remanded to the Southern District of New York). Specifically, this section provides that

Plaintiffs' Counsel in a subsequently filed or transferred case (including *Belloni*) shall not

be added to the Plaintiffs' Executive Committee and/or Liaison Counsel established by

that Order, but rather will be added to the Plaintiffs' Counsel Committee.

Plaintiffs' Counsel in the *Sloan*, *Cohen* and *Gurrola* cases agree that this

provision is necessary to ensure the prompt and efficient resolution of these cases. As

mentioned above, MDL Plaintiffs' Counsel have reached an agreement on case

---

[4] In response to the invitation extended by Plaintiffs' counsel in the *Sloan* case, Plaintiffs' Counsel in *Belloni* participated in the first such meeting, which was held via telephone in early February 2007. This was the only discussion about case management and leadership structure in which the *Belloni* Plaintiffs' Counsel participated.

[5] *See,* Manual for Complex Litigation § 20.132, at 222 (4th Ed.2004) ("The transferee judge's management plan for the litigation should include provisions for handling tag-along actions transferred by the Panel after the initial transfer.").

management and leadership, and are submitting it for this Court for immediate approval.

If, however, the objections to the JPML's CTO-1 (which alone could take several months

to be resolved[6]), which conditionally transferred *Belloni* to these proceedings, are

overruled, and there is no Court-approved case management order that addresses how

subsequently transferred actions will be incorporated into these MDL proceedings, it will

only serve to unnecessarily delay the resolution of the cases by disrupting the case

organization.[7]  Indeed, in the absence of a tag-along provision like Section III of

[Proposed] Case Management Order No. 2, Plaintiffs' Counsel will need to go back to the

drawing board every time that a new case is added to these proceedings.  The tag-along

provision of [Proposed] Case Management Order No. 2 will prevent this from happening

by setting forth a framework that provides how any subsequently transferred cases will be

incorporated into these proceedings.

Moreover, approving the tag-along provision of [Proposed] Case Management

Order No. 2 will not serve to prejudice Plaintiffs' Counsel in *Belloni*.[8]  Plaintiffs'

Counsel in *Belloni* does not want to be included in these MDL proceedings, as is evident

from their brief submitted in opposition to CTO-1 (Exhibit 1).  Aside from the initial

---

[6] Indeed, the JPML has noted that
> …there is a <u>lag time of at least three or four months</u> from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order…

*In re Asbestos Products Liability Litig.*, 170 F.Supp.2d 1348, 1349 n.1 (J.P.M.L. 2001).

[7] The absence of such a tag-along provision would particularly be of concern if and when a case as different as *Belloni* – which only asserts claims against telecommunication carriers, and not against the federal government – is included in these MDL proceedings.  One of the major reasons that Plaintiff's Counsel in *Sloan, Cohen* and *Gurrola* were able to reach a consensus on leadership structure was because Plaintiffs' Counsel in those cases agreed that they were generally all on the same page with respect to the substantive claims being asserted against the government in those cases.  On the other hand, MDL Plaintiffs' Counsel would be reluctant to embrace the merits of a case that only asserts claims against the telecommunications carriers.

[8] Likewise, the tag-along provision of [Proposed] Case Management Order No. 2 will not have any prejudicial affect on the Defendant, which shares an interest with the Plaintiffs in ensuring that this litigation is resolved in an effective and judicious manner.

- 5 -

teleconference initiated by the MDL Plaintiffs' Counsel immediately after this Court's January 29 Order, the lawyers representing the *Belloni* plaintiffs were not involved in any of the negotiations or discussions among the MDL Plaintiffs' Counsel.[9] As such, Plaintiffs' Counsel in *Belloni* have not had the benefit of participating in the several weeks of constructive dialogue regarding case management and organization that has been conducted among the Plaintiffs' Counsel in *Sloan*, *Cohen* and *Gurrola*. If Plaintiffs' Counsel in *Belloni* were concerned about the potential impact that a tag-along provision might have on their case, they have had ample opportunity to make their voice heard.

IV.    Conclusion.

Since the tag-along provision of [Proposed] Case Management Order No. 2 is consistent with the guidelines set forth in the Manual for Complex Litigation; designed to further the prompt and judicial resolution of these proceedings; will prevent the disruption of the proceedings by any subsequently filed or transferred case(s); supported by Plaintiffs' Counsel in the *Sloan*, *Cohen* and *Gurrola* cases; and its entry will not cause any prejudice to either the Defendant or Plaintiffs' Counsel in *Belloni*, the MDL Plaintiffs respectfully request that this Court grant [Proposed] Case Management Order No. 2 in its entirety.

---

[9] In fact, Plaintiffs' Counsel in *Belloni* told MDL Plaintiffs' Counsel that they did not want to get "deeply involved" in the case management discussions while their objection to the Conditional Transfer Order was pending.

DATED: March 1, 2007.

By: _____
Nicholas E. Chimicles (pro hac vice)
Benjamin F. Johns (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041


CUNEO GILBERT & LADUCA, LLP
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
Robert J. Cynkar, Esq. (DC Bar# 957845)
William Anderson, Esq. (admitted 1/8/07;
DC Bar # Pending)
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813


Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

R. Montgomery Donaldson
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman (DC Bar# 375595)
Victoria S. Nugent (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD &
TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

*Plaintiffs' Counsel in Sloan*

DATED: March 1, 2007.          FOLEY & LARDNER, LLP

By:_____/s/_____
Michael Bowen
Foley & Lardner, LLP
777 E Wisconsin Avenue
Milwaukee, WI 53202

*Plaintiffs' Counsel in Cohen*

DATED: March 1, 2007.                          LEWIS BRISBOIS BISGAARD & SMITH


                                               By: _____/s/_____
                                               R. Gaylord Smith, Esquire
                                               Lewis Brisbois Bisgaard & Smith
                                               550 West C Street, Suite 800
                                               San Diego, CA 92101

                                               Randy Hart, Esquire
                                               200 Public Square
                                               Suite 3300
                                               Cleveland, OH 44113

                                               Eric Kennedy, Esquire
                                               Weisman, Kennedy & Berris Co., L.P.A.
                                               1600 Midland Building
                                               101 Prospect Avenue, West
                                               Cleveland, OH 44115
                                               Mark Griffin, Esquire
                                               Law Offices of Mark Griffin
                                               175 Honeybelle Oval
                                               Orange, OH 44022

                                               Richard F. Scruggs, Esquire
                                               Scruggs Law Firm
                                               120A Courthouse Square
                                               P.O. Box 1136
                                               Oxford, MS 38655

                                               *Plaintiffs' Counsel in Gurrola*