IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br>**ALL CASES** | Master File: 1:07-mc-00014-RMU<br><br>Member Cases:<br>06-cv-483: *Sloan et al. v. United States*<br>07-cv-050: *Gurrola v. United States*<br>07-cv-051: *Cohen v. United States*<br>06-cv-11459: *Belloni v. Verizon Commc'ns*<br><br>MDL Docket No.: 1798 |

### THE *SLOAN, GURROLA,* AND *COHEN* PLAINTIFFS' RESPONSE TO THE COURT'S ORDER DIRECTING INTERESTED PARTIES TO SHOW CAUSE WHY CONSENT FOR TRANSFER SHOULD NOT BE GRANTED

**I.     Introduction.**

On January 16, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional transfer order ("CTO-1") that transferred a case whose plaintiffs only seek relief from various telecommunications carriers, *Anthony Belloni, et al. v. Verizon Communications, Inc., et al.*, S.D. New York, C.A. No. 1:06-11459 ("*Belloni*"), for coordinated or consolidated pretrial proceedings with the *Sloan*,[1] *Gurrola*,[2] and *Cohen*[3] cases – the operative complaints in all of which only assert claims against the federal government.[4] *See* Exhibit 1. The JPML transferred the *Belloni* action to the "District

---

[1] *Sloan, et al. v. United States*, Docket No. 1:06-cv-483, which was originally filed in this Court on March 15, 2006 ("*Sloan*").
[2] *Oscar Gurrola, et al. v. United States*, Docket No. 1:06-3425, formerly pending in the Central District of California ("*Gurrola*").
[3] *Neiland Cohen v. United States*, Docket No. 2:05-1237, formerly pending in the Eastern District of Wisconsin ("*Cohen*").
[4] The claim that was asserted by the *Gurrola* plaintiffs pursuant to the California Business & Professions Code § 17200, *et seq.*, against various telecommunications carriers was found by the JPML to be "unique and therefore should not be included in the MDL-1798 proceedings at the present time." *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2006). This claim was accordingly separated and remanded to the Central District of California, where it was subsequently voluntarily dismissed by the *Gurrola* plaintiffs. Thus, up until the inclusion of the *Belloni* action, all of the cases in MDL-1798 proceedings asserted claims against the federal government only.

Court for the District of Columbia for the reasons stated in the order of December 28, 2006, and, with the consent of that court, assigned [it] to the Honorable Ricardo M. Urbina." CTO-1 provided that it would become effective when it is filed in the Office of the Clerk of this Court but, in the event that any party filed a timely notice of opposition to CTO-1, the transmittal of CTO-1 to the Clerk of this Court would be stayed until further order of the JPML. *Id.*

On January 30, plaintiffs in the *Sloan* case filed with this Court and with the JPML an objection to CTO-1. *See* Docket Entry No. 11. The *Sloan* Plaintiffs objected to the inclusion of the *Belloni* action in the MDL-1798 proceedings on the grounds that transferring a case that seeks relief solely from telecommunications carriers for coordinated or consolidated pretrial proceedings with cases that only assert claims against the federal government would be inconsistent with the JPML's December 28, 2006 order, which explicitly excluded similar claims asserted by the *Gurrola* plaintiffs against telecommunications carriers from the MDL-1798 proceedings. *See id.* The plaintiffs in the *Belloni* action also filed an objection to CTO-1.

On April 19, the JPML issued an order that rejected the objections to CTO-1 that were raised by the *Sloan* and *Belloni* plaintiffs. *See* Exhibit 2. This order further provided that the *Belloni* action is transferred to the "District of Columbia and, with the consent of that court, assigned to the Honorable Ricardo M. Urbina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket." *Id.* This order became effective on April 19. *See* Docket Entry No. 29 (letter from the Clerk's Office of this Court to the Clerk of the Southern District of New York which provides that the JPML's April 19 order "became effective on 4/19/07.") *See also,* 28

U.S.C. § 1407(c) ("Orders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the district court of the transferee district and shall be effective when thus filed."); *accord*, *Manual for Complex Litigation (Fourth)* § 20.131 ("A transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court").

On June 6, this Court issued an Order directing the parties in MDL-1798 to show cause why it should not consent to transfer of the *Belloni* action. Docket Entry No. 35. Plaintiffs in the *Cohen*, *Sloan*, and *Gurrola* cases (collectively, the "Moving Plaintiffs") submit the instant memorandum in response to the June 6 Order.

## II.   Response to the Order to Show Cause.

While the Moving Plaintiffs adhere to the position set forth by the *Sloan* plaintiffs in their brief and accompanying materials in support of vacating the JPML's CTO-1,[5] the Moving Plaintiffs have no new factual or legal arguments to add to those that were set forth in these materials, and which were ultimately rejected by the JPML in its order of April 19. Accordingly, the Moving Plaintiffs have no objection to the inclusion of the *Belloni* action in the MDL-1798 proceedings.

The Moving Plaintiffs submit, however, that in the event that this Court consents to the inclusion of the *Belloni* action in the MDL-1798 proceedings, the *Belloni* case should be coordinated – not consolidated – with the *Sloan*, *Cohen*, and *Gurrola* cases. The plaintiffs in the *Belloni* action and the Moving Plaintiffs are seeking relief from a different set of defendants based upon different legal theories; accordingly, the extent to which these cases can be consolidated is limited. Further, all plaintiffs' counsel in MDL-1798 agree that the *Belloni* case and the *Cohen*, *Sloan*, and *Gurrola* cases should be

---

[5] *See* Docket Entry No. 11.

coordinated and not consolidated. Indeed, on May 9, 2007 these parties collectively submitted to this Court for approval [Proposed] Case Management Order No. 3, which provides an agreed-upon framework for the coordination of the *Belloni* case with the *Cohen, Sloan,* and *Gurrola* cases. See Docket Entry No. 27. Accordingly, the *Belloni* case and the *Cohen, Sloan,* and *Gurrola* cases – all of which were transferred by the JPML to this Court (subject to its consent) for coordinated or consolidated pretrial proceedings – should be coordinated and not consolidated.

### III.    Conclusion.

For the aforementioned reasons, the Moving Plaintiffs have no objection to this Court granting its consent to the inclusion of the *Belloni* action in the MDL-1798 proceedings, but respectfully submit that if it decides to do so, this Court should coordinate the *Belloni* action with the *Cohen, Sloan,* and *Gurrola* cases. Towards that end, the Moving Plaintiffs respectfully request that this Court approve [Proposed] Case Management Order No. 3, which was submitted on behalf of all plaintiffs' counsel in MDL-1798, and which provides a framework for the coordination of the *Belloni* action with the *Cohen, Sloan,* and *Gurrola* actions.

DATED: June 12, 2007.                    CUNEO GILBERT & LADUCA, LLP

By: *Jonathan W. Cuneo*
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
Robert J. Cynkar, Esq. (DC Bar# 957845)
William Anderson, Esq. (DC Bar # 502380)
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

- 4 -

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Michael A. Bowen
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Sidney Backstrom, Esq.
SCRUGGS LAW FIRM
P.O. Box 1136
120A Courthouse Square
Oxford, MS 38655

*Plaintiffs' Executive Committee*