A CERTIFIED TRUE COPY

APR 19 2007

ATTEST

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case 1:06-cv-00483-RMU    Document 67-3    Filed 06/12/2007    Page 1 of 2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 19 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 1798

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION

*Anthony Belloni, et al. v. Verizon Communications Inc., et al.*, S.D. New York, C.A. No. 1:06-11459

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,[*] JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in this action (*Belloni*) and plaintiffs in one of the three actions already centralized in this docket, respectively. Movants ask the Panel to vacate its order conditionally transferring *Belloni* to the District of District of Columbia for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Ricardo M. Urbina. Responding defendants support transfer of *Belloni*.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action involves common questions of fact with actions in this litigation previously transferred to the District of District of Columbia, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of District of Columbia was a proper Section 1407 forum for actions brought by plaintiffs seeking reimbursement of the federal communications excise tax on long-distance telephone service, where the charge for such service was not based on the distance of the telephone call. *See In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation*, 469 F.Supp.2d. 1348 (J.P.M.L. 2006).

Movants principally argue that, unlike plaintiffs in the already centralized actions, the *Belloni* plaintiffs have elected to sue telecommunications companies rather than the Federal Government. That difference notwithstanding, *Belloni* implicates various common issues with the already centralized actions, including questions concerning the amounts of the excise tax collected and remitted and the time period for which liability may attach. Transfer will also eliminate the possibility of conflicting rulings on exhaustion of remedies, class certification, and the Federal Government's ultimate liability.

---

[*] Judges Motz, Miller and Scirica took no part in the disposition of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Ricardo M. Urbina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman