IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL No. 1798 |
| | Judge Ricardo M. Urbina |
| THIS DOCUMENT RELATES TO: | |
| 06-cv-483: Sloan, et al. v. United States<br>07-cv-050: Gurrola, et al. v. United States<br>07-cv-051: Cohen v. United States | Master File 1:07-mc-00014-RMU |

### NOTICE OF SUPPLEMENTAL AUTHORITY

**A. Introduction**

Plaintiffs respectfully submit for the Court's consideration the attached report recently released by the Inspector General for Tax Administration ("TIGTA"), entitled "ALTHOUGH STRONG EFFORTS WERE MADE, A SIGNIFICANT AMOUNT OF THE TELEPHONE EXCISE TAX OVERCOLLECTED FROM INDIVIDUAL TAXPAYERS MAY NEVER BE REFUNDED," Reference No. 2007-30-178 (September 26, 2007) ("TAX INSPECTOR'S REPORT"). (Exhibit A). The TAX INSPECTOR'S REPORT confirms the findings of the GAO report previously provided to the Court (Docket Entry No. 24), and further illustrates the monumental failure of the Telephone Excise Tax Refund ("TETR") program. The information and statistics contained in the TAX INSPECTOR'S REPORT are pertinent to the Court's consideration of the issues raised in this litigation, and are directly relevant to the interests of the Plaintiffs and the millions of taxpayers from whom the Federal Telephone Excise Tax ("TET") was illegally exacted.

Plaintiffs originally commenced these actions to cease the illegal exaction of the TET. When these cases were filed, the Government insisted that the collection of the TET was proper. It was not until some months after these cases were filed that the Government halted its collection of the *excise* tax,[1] and, without adhering to the notice and comment requirements of the Administrative Procedure Act ("APA"), implemented an inadequate program to return a portion of the illegally exacted money through *income* tax returns. The insufficiency of the TETR program is no longer speculative; its failure is both quantified and staggering. The information provided in the TAX INSPECTOR'S REPORT about the unilaterally imposed IRS TETR debacle highlights why the protections of the APA exist, and underscores the repercussions of what happens when the APA is ignored.

Since days after the IRS announced its plan to return a portion of the TET, Plaintiffs have argued that this program would exclude those who could stand to benefit most from the return of this money: the millions of individuals who are not required to file an income tax return. In addition, Plaintiffs decried the onerous nature of the refund program as applied to non-profits.[2] Under well-established principles of law that protect citizens from such illegal exactions, Plaintiffs sought (and continue to seek) the full return of all of the money illegally taken, along with interest. Furthermore, to the extent that the IRS attempts to meet this goal by promulgating rules, Plaintiffs seek to require the IRS to promulgate such rules in a manner that complies with the APA.

---

[1] *See* IRS Notice 2006-50, May 25, 2006.
[2] Although the TAX INSPECTOR'S REPORT did not address non-profits, as Plaintiffs' April 16, 2007, Notice and Submission of Supplemental Authority makes clear, the TETR program was an even more abysmal failure with no non-profits making claims for refund of the TET. (Docket Entry No. 24).

**B. The Tax Inspector's Report**

The TAX INSPECTOR'S REPORT reveals several important facts about the failure of the TETR program:

First, of the 10 to 30 million non-filers that the IRS expected to seek refunds using the 1040-EZ-T form, less than 700,000 actually filed the form.[3] TAX INSPECTOR'S REPORT at 6, 14. In other words, based on IRS estimates of the number of non-filers – even including non-filers that did not use 1040EZ-T – the TETR claim rate was between 2.7% and 8%. Shockingly, even by "the most conservative" IRS estimates, approximately 92% of the people entitled to a return of this illegal tax received nothing. *Id.* at 6, footnote 5.

Second, even as to conventional individual filers – *i.e.*, those otherwise required to file income tax returns – the refund program was unsuccessful. As of June 9, 2007, of the 122.6 million individuals that filed an income tax return, only 87.6 million actually made a TETR request. *Id.* at 5. The report expressly recognizes the failure of the TETR program, stating, "[c]ollecting approximately $8 billion and refunding nearly one-half that amount leaves one of the IRS' major objectives for this initiative unrealized..." *Id.* at 6.

Plaintiffs have contested the viability of this program since its inception. *See, e.g.*, Plaintiffs' Motion for Preliminary Injunction, filed July 6, 2006, (Docket Entry No. 25 in *Sloan*); *see also* Robert Greenstein, "Repaying an Invalid Excise Tax to Low-Income Households that Do Not File Income Tax Returns" (August 3, 2006) (Docket Entry No. 32 - Ex. 1 in *Sloan*) ("Greenstein Report"). Long before the GAO and TIGTA reports were released the Greenstein Report examined several prior refund programs and

---

[3] The total number of non-filers claiming the TETR was actually in the region of 800,000 because approximately 100,000 individuals made claims for the TETR using other 1040 forms, instead of the 1040EZ-T.

opined that only 5 million non-filers might claim the refund.[4] It is now clear that only approximately 1 in 20 of the non-filers entitled to a refund has actually received it, and even these refunds were insufficient because the IRS artificially constructed a three-year limitation on the refund. Plaintiffs have argued that taxpayers are entitled to the return of six-plus years of the illegally exacted funds.

Plaintiffs recognize that the return of this money poses serious difficulties. A perfect remedy is not practical, but a reasonably just (and legally permissible) remedy can be devised. In short, the irony is palpable in the TAX INSPECTOR'S REPORT as the report quotes former IRS Commissioner Mark Everson in discussing TETR overclaims, saying "[w]e won't stand idly by while some people try to cheat their neighbors and make off with money they don't deserve." TAX INSPECTOR'S REPORT at 10. The fact is that the IRS TETR program has failed, they have flouted the APA, and absent action by this Court they will have cheated those they serve, and made off with approximately $4 billion of individual taxpayer's money they do not deserve. Fundamental fairness requires far more from the IRS than a program designed to disadvantage low-income individuals and non-profit entities.

DATED: October 15, 2007.

Respectfully Submitted,

By: /s/ Jonathan W. Cuneo
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
Robert J. Cynkar, Esq. (DC Bar# 957845)
William H. Anderson, Esq. (DC Bar# 502380)
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813

---

[4] Interestingly, Richard J. Morgante, IRS Commissioner, Wage and Investment Division, cited the Greenstein Report in a letter responding to the recommendations of the TAX INSPECTOR'S REPORT, yet clearly failed to heed the concerns expressed therein. TAX INSPECTOR'S REPORT at 23.

Nicholas E. Chimicles, Esq. (pro hac vice)
Benjamin F. Johns, Esq. (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Michael Bowen, Esq.
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

Sidney Backstrom, Esq.
SCRUGGS LAW FIRM
P.O. Box 1136
120A Courthouse Square
Oxford, MS 38655

R. Gaylord Smith, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
550 West C. Street, 8th Floor
San Diego, CA 92101

*On Behalf of the Plaintiffs' Executive Committee in MDL 1798*