# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LONG-DISTANCE TELEPHONE | ) | |
| SERVICE FEDERAL EXCISE TAX | ) | |
| REFUND LITIGATION | ) | 07-mc-0014 (RCL) |
| | ) | |
| | ) | MDL Docket No. 1798 |
| | ) | |
| This Document Relates to | ) | |
| *Cohen v.United States* | ) | 07-cv-0051 (RCL) |
| *Gurrola v. United States* | ) | 07-cv-0050 (RCL) |
| *Sloan v. United States* | ) | 06-cv-0483 (RCL) |
| | ) | |

## MEMORANDUM OPINION

## I.   INTRODUCTION

Pending before this Court is plaintiffs' Motion to Enter Judgment and for an Interim Award of Attorneys' Fees and Litigation Expenses [83]. This Court will GRANT plaintiffs' motion for final judgment in part and DENY the motion in part. The Court will enter final judgment in favor of the *Sloan* plaintiffs on their procedural APA claim and for the government with respect to all other claims. The Court will enter final judgment in favor of the government on all claims raised by the *Cohen* and the *Gurrola* plaintiffs. The Court will DENY plaintiffs' motion for an interim award of attorneys' fees.

## II.   BACKGROUND

For decades, the IRS collected an excise tax on long-distance calls based on the distance and duration of calls. *See Cohen v. United States*, 650 F.3d 717, 719-20 (D.C. Cir. 2011) (en banc). The service providers collected the tax and paid it over to the IRS. *Id.* However, as technology changed, service providers no longer calculated the distance of the call in their billing and the IRS began to base the tax solely on duration. *Id.* at 720. Multiple plaintiffs brought cases

challenging this new method, seeking refunds and injunctive relief. Even after the IRS lost on this issue in the Eleventh Circuit, *see Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328 (11th Cir. 2005), the Service continued to defend the tax in court and directed phone service providers to continue collecting it – even within the Eleventh Circuit's jurisdiction. *Cohen*, 650 F.3d at 720 (citing IRS Notice 2005–79). Only after four other circuits held that the tax was illegal, *see Reese Bros., Inc. v. United States*, 447 F.3d 229, 234 (3d Cir. 2006); *Fortis, Inc. v. United States*, 447 F.3d 190, 190 (2d Cir. 2006); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374, 379 (D.C. Cir. 2005); *OfficeMax, Inc. v. United States*, 428 F.3d 583, 600 (6th Cir. 2005), did the IRS finally change its position. *See Cohen*, 650 F.3d at 720.

In May 2006, without notice or opportunity for public comment, the IRS issued Notice 2006-50. This Notice discontinued the collection of the tax and provided a limited procedure that allowed some taxpayers to obtain a refund for taxes that had been illegally collected. *See Cohen*, 650 F.3d at 720. More litigation ensued challenging the lawfulness and adequacy of this refund process. *Id.* at 720-21.

Three cases are involved in the present dispute.

*Cohen v. United States*, 05-cv-1237 (E.D. Wis. 2005) was filed in 2005 as a putative class action, seeking refunds, an injunction against the collection of further taxes, and other relief. After the IRS issued Notice 2006-50, Mr. Cohen amended his class action complaint by adding a challenge to the notice as an "arbitrary and unreasonable administrative action" under the Administrative Procedure Act (APA). *See* Second Amended Complaint [75] at 8, *Cohen*, 05-cv-1237. Mr. Cohen's amended Complaint alleges that the "restitution procedure adopted by the government arbitrarily, unreasonably, and unlawfully limits restitution of the funds unlawfully

exacted from phone-users" in several enumerated respects. The Complaint does not refer to the absence of notice and comment, or otherwise to the procedures used in issuing the Notice. *See id.*

*Sloan v. United States*, 06-cv-483 (D.D.C. 2006) was filed in March 2006 as a putative class action seeking refunds, an injunction against the collection of further taxes, and other relief. After the IRS adopted Notice 2006-50, the *Sloan* plaintiffs amended their Complaint, adding substantive and procedural APA challenges to the notice. Second Amended Complaint at 18-20, *Sloan v. United States*, 06-cv-483 (D.D.C. 2006). The Complaint's sixth Cause of Action alleges that the IRS failed to comply with the APA's notice and comment requirements. *See id.* at 19.

*Gurrola v. United States*, 06-cv-3425 (C.D. Cal. 2006) was filed in June 2006, after Notice 2006-50 had already been issued. The Complaint does not include any claims for relief based on the APA, but the plaintiffs' response to the governments' motion to dismiss their claim did allege that Notice 2006-50 had been promulgated "without any public notice, public comment or evidence." Plaintiffs' Response in Opposition to Motion of Defendant United States' To Dismiss Plaintiffs' Complaint at 3, *Gurrola v. United States*, 06-cv-3425 (C.D. Cal. 2006).

In late 2006, the Multidistrict Litigation ("MDL") Panel transferred *Cohen* and *Gurrola* to this Court where they were consolidated with *Sloan* "for pretrial proceedings." *In re Long–Distance Tel. Serv. Fed. Excise Tax Refund Litig.,* 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2006) (Transfer Order); *accord* Practice and Procedure Order Establishing the Governing Practice and Procedure Upon Transfer Pursuant to 28 U.S.C. § 1407(a) at 1, *In re Long–Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 07-mc-14, Docket No. 8 (Jan. 29, 2007) (noting that these actions are "consolidated for pretrial purposes"); *see also Cohen*, 650 F.3d at 751. Plaintiffs declined to file a consolidated amended complaint "[i]n light of the extensive prior briefing in all the actions,

and in light of the fact that such briefing is complete." *See* Joint Status Report, *In re Long–Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 07-mc-14, Docket No. 20 (D.D.C. Mar. 30, 2007).

Judge Urbina dismissed the consolidated cases. *In re Long–Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 539 F. Supp. 2d 281, 287 (D.D.C. 2008). He concluded that plaintiffs failed to exhaust their administrative remedies, to state valid claims under federal law, and that Notice 2006–50 constituted unreviewable agency action. *Id.*

The D.C. Circuit reversed. *Cohen v. United States*, 578 F.3d 1, 4-14 (D.C. Cir. 2009). Judge Rogers Brown, joined by Judge Garland, concluded that Notice 2006–50 constituted final agency action reviewable under the APA, and rejected the government's jurisdictional challenges. *Id.* Judge Kavanaugh dissented, arguing that plaintiffs' claims were barred by the Anti-Injunction Act and the ripeness doctrine. *Id.* at 16-21 (Kavanaugh, J., dissenting).

The D.C. Circuit granted the government's petition for rehearing en banc. *Cohen v. United States*, 599 F.3d 652 (D.C. Cir. 2010). The en banc court affirmed the decision of the panel, and remanded to this Court to consider the merits of plaintiffs' APA claims. *Cohen*, 650 F.3d 717. Judge Kavanaugh reiterated his objections to reaching the merits of these claims, and was joined in dissent by Chief Judge Sentelle and Judge Henderson. *See id.* at 736-745 (Kavanaugh, J., dissenting).

On remand, Judge Urbina found that the D.C. Circuit's en banc opinion had concluded that the IRS violated the APA's procedural notice-and-comment requirements by issuing Notice 2006-50. He prospectively vacated the Notice, and remanded to the IRS for further action. *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 853 F. Supp. 2d 138 (D.D.C. 2012).

In May 2012, plaintiffs filed a motion seeking entry of judgment in favor of all plaintiffs and an interim award of attorneys' fees of more than $6.5 million in fees and expenses, and seeking the court's permission to allow them to file an additional motion for attorneys' fees when the IRS takes further actions. Pl. Br. at 10.[1]

The case was reassigned to the undersigned Judge upon Judge Urbina's retirement from the bench.

## III.   ANALYSIS

### A.  Final Judgment

Plaintiffs move for an entry of final judgment in favor of the *Cohen, Gurrola* and *Sloan* plaintiffs on their procedural APA claim. This Court will enter final judgment only in favor of the *Sloan* plaintiffs, and only on this single claim. It will enter judgment in favor of the government on all other claims and with respect to the other two cases.

"Every judgment and amended judgment must be set out in a separate document . . . ." Fed. R. Civ. P. 58(a). A party may move for final judgment. Fed. R. Civ. P. 58(a). A court must "promptly approve the form of judgment" to be entered by the clerk. Fed. R. Civ. P. 58(b)(2)(B).

Plaintiffs initially sought an entry of judgment "in favor of Plaintiffs and against the United States with respect to Plaintiffs' claims for a procedural violation of the Administrative Procedure Act." *See* Plaintiffs' [Proposed] Order [83-1]. While some language in plaintiffs' opening brief suggested they might seek an even broader entry of judgment, *see, e.g.*, Pl. Br. at 2-3 (enumerating favorable IRS actions taken after commencement of this litigation), plaintiffs' proposed order confirms that they only seek final judgment based on the single procedural APA claim. This Court takes it as conceded that the procedural APA claim is the only proper source of judgment in favor of plaintiffs here.

---

[1] Reference here and throughout is to plaintiffs' Corrected Memorandum of Law, Docket No. 84-2.

In the government's Response, it notes that the three cases at issue here were consolidated solely for pre-trial purposes, so that "separate judgments must be entered for the three cases, rather than the one universal judgment that plaintiffs seek." Def. Judgment Br. at 1 (citing *In re Long–Distance,* 469 F. Supp. 2d at 1350 (Transfer Order)). The government further argued that only one of the three cases (*Sloan*) actually stated the procedural APA claim in its complaint, and so final judgment may only be granted with respect to those plaintiffs on that particular claim. *Id.* at 4-10.

In their Reply, plaintiffs seem to concede that judgment must be considered separately for each case. *See* Pl. Reply at 2-5. Instead, they insist that all plai ntiffs have pursued the procedural APA claim and criticize the government's proposed readings of the *Cohen* and *Gurrola* complaints as "formalism at its worst." Pl. Reply at 5.

This Court agrees with the government and finds that the *Cohen* and *Gurrola* plaintiffs did not raise the procedural APA claim in their complaints and so cannot now be awarded final judgment on that claim. These cases were consolidated for "pretrial purposes" only, *see In re Long–Distance,* 469 F. Supp. 2d at 1350; Practice and Procedure Order at 1, *In re Long–Distance,* 07-mc-14, Docket No. 8 (Jan. 29, 2007); *Cohen*, 650 F.3d at 751, and plaintiffs declined to file a consolidated amended complaint. *see* Joint Status Report, *In re Long–Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 07-mc-14, Docket No. 20 (D.D.C. Mar. 30, 2007). Thus, for purposes of final judgment, plaintiffs must be evaluated separately on the basis of their complaints. Only the *Sloan* plaintiffs raised the procedural APA claim in their complaint and so only those plaintiffs are entitled to final judgment on that claim.

Mr. Cohen's complaint alleged, *inter alia*, a cause of action based on a "Review of Arbitrary and Unreasonable Administrative Action," and argued that Notice 2006-50 "arbitrarily,

unreasonably, and unlawfully limits restitution of the funds unlawfully exacted from phone-users." Second Amended Complaint [75] at 8, *Cohen*, 05-cv-1237. This states only a substantive APA challenge, not a procedural one. Mr. Cohen's complaint contains no reference to the lack of notice and comment procedures, nor does it refer otherwise to the procedures by which the Notice 2006-50 was promulgated. This complaint cannot be fairly read to state a procedural APA claim. Mr. Cohen did not pursue this procedural APA theory until his case had been consolidated with the *Sloan* case. Because these cases were consolidated for "pretrial purposes" only, and because plaintiffs declined to file a consolidated amended complaint incorporating all theories raised by separate plaintiffs into a single, unified document, this Court finds that Mr. Cohen did not pursue a procedural APA claim and must enter judgment in favor of the government with respect to all of Mr. Cohen's claims.

The *Gurrola* complaint alleged neither procedural nor substantive challenges under the APA. Plaintiffs point out that the *Gurrola* Complaint challenged the lawfulness of Notice 2006-50, and that their opposition brief to the government's motion to dismiss alleged that the Notice had been promulgated "without any public notice, public comment or evidence." Plaintiffs' Opposition to Defendant's Motion to Dismiss at 3, *Gurrola v. United States*, 06-cv-3425 (C.D. Cal. 2006). However, an unspecified challenge to the "lawfulness" of Notice 2006-50 cannot be reasonably read to state a procedural APA claim, and the fact that the *Gurrola* plaintiffs later raised this claim in subsequent briefs does not alleviate their failure to include this theory in the complaint. Because these cases were consolidated for "pretrial purposes" only, and because plaintiffs declined to file a consolidated amended complaint incorporating all theories raised by separate plaintiffs into a single, unified document, this Court cannot enter judgment in favor of the *Gurrola* plaintiffs based on a claim they did not properly pursue.

Accordingly, final judgment will be entered in favor of the *Sloan* plaintiffs on the procedural APA claim and in favor of the government on all remaining claims including all claims raised by the *Cohen* and *Gurrola* cases.

**B. Attorneys' Fees**

Plaintiffs seek an Interim Award of Attorneys' Fees and Litigation Expenses. This Court will DENY this request.

**1. Preliminary Issues**

Before addressing the merits of plaintiffs' request for attorneys' fees, this Court first must resolve two preliminary questions: (i) whether there is a separate "need" requirement for an interim fee request; and (ii) whether the general fee shifting provision of the Equal Access to Justice Act (EAJA) or the more demanding provision of the Internal Revenue Code (IRC) governs plaintiffs' request. The Court agrees with plaintiffs on both issues, finding that (i) there is no additional "need" requirement for an interim fee request; and (ii) that the general EAJA provision applies.

*i.    There is No Additional "Need" Requirement For An Interim Fee Request*

Plaintiffs seek an interim award. The motion comes before the entry of final judgment, and plaintiffs seek to reserve "the right to make a supplemental fee application to take appropriate credit for any . . . additional value created" by their work on these cases. Pl. Br. at 8.

As to the timing of plaintiffs' motion, the government concedes that "under this Court's Local Rules . . . a party may move for an interim application for attorneys' fees prior to final judgment." Def. Judg. Br. at 10 (citing Local Civ. R. 54.2(c)). However, the government insists that such a motion must demonstrate a special "need." *Id*. The government points to *Betranena v. Clinton*, 770 F. Supp. 2d 175, 187 (D.D.C. 2011), wherein Judge Friedman rejected a party's

request for interim fees as premature because (1) final judgment was not appropriate; and (2) the moving party had not demonstrated any need for interim fees. *See also Hussain v. U.S. Dep't of Homeland Sec.*, 674 F. Supp. 2d 260, 272 (D.D.C. 2009) (Friedman, J.) (making the same judgment).

This Court finds that a party need not demonstrate "need" to properly state a request for attorneys' fees before final judgment has been entered. Our Local Civil Rule 54.2 provides guidance to litigants and Courts in the D.D.C. on matters related to attorneys' fees. Rule 54.2(c) explains that "[n]othing in this Rule precludes interim applications for attorneys fees prior to final judgment." Nothing in the text of this rule suggests any "need" requirement. This Court reads Judge Friedman's reasoning in *Betranena* as expressing two *alternative* modes to pursue an interim motion, rather than two necessary elements. A party may state an interim award of fees before final judgment has been entered if (a) final judgment is subsequently deemed appropriate by the court after the motion is filed; or (b) plaintiff has demonstrated need. Here, as discussed above, final judgment is appropriate, and thus the interim motion is sufficient without any separate demonstration of need.

As to plaintiffs' reservation of the right to file a supplemental request at a later date, the Court declines to comment on that issue until it is raised on such a later date.

> ii.   *The Equal Access to Justice Act Governs Plaintiffs' Request For Fees, Not Internal Revenue Code*

Plaintiffs moved for attorneys' fees pursuant to two provisions in the EAJA: 28 U.S.C. §§ 2412(b) & (d). The government counters that because plaintiffs' cases challenged the collection of a tax, and sought refunds of that tax, any award of fees must be governed by a provision from the IRC, 26 U.S.C. § 7430(a), which applies to "any administrative or court proceeding which is

brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title." 26 U.S.C. § 7430(a).

This Court agrees with plaintiffs. Though these cases began seeking refunds, those claims have long since been dismissed. Thus, the D.C. Circuit's en banc decision concluded that "[t]his suit does not seek to restrain the assessment or collection of any tax." *Cohen*, 650 F.3d at 725. Earlier the Circuit panel explained:

> [T]his is not your typical tax case. In a run-of-the-mill case, taxpayers litigate who has the right to disputed funds . . . in the context of a suit for refund. . . . But this case is different: the fight is over process, not disputed funds. . . . Appellants no longer seek a refund in this suit. . . . They seek to challenge the procedural obstacles the IRS inserted between individual taxpayers and their right to file suit to recover unlawfully collected taxes.

*Cohen*, 578 F.3d at 5. Applying the IRC fee shifting provision as the government urges would contradict these statements. This Court concludes that the EAJA, not the IRC applies.

### 2.   The Merits of Plaintiffs' Fee Request

Plaintiffs request fees under two provisions of the EAJA: §§ 2412 (b) & (d). This Court concludes that plaintiffs are not entitled to attorneys' fees pursuant to either provision.

### i.      *Plaintiffs are Not Entitled to Fees under § 2412(b)*

Section 2412(b) of U.S. Code Title 28 permits recovery of reasonable attorneys' fees, expenses and costs for a prevailing party in litigation against the United States "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."

The government's brief erroneously seeks to apply the requirements of § 2412(d) which allows recovery of reasonable fees by a party unless the government's position is "substantially justified" and unless the movant's net worth exceeds $2,000,000 at the time the action was filed.

The government's attempt to read the requirements of subsection (d) onto subsection (b) is incorrect. The "substantially justified" requirement appears only in subsection (d). Pursuant to the canon of construction *expressio unius est exclusio alterius*, the inclusion of this requirement in subsection (d) but not in subsection (b) implies that no such requirement applies to subsection (b). Similarly, the net worth requirement articulated in subsection (d)(2)(B)(i) explicitly applies only to "this subsection" – language that refers to subsection (d). Only the requirements of subsection (b) apply to plaintiffs' request for attorneys' fees under that subsection.

Plaintiffs' request for fees under § 2412(b) relies on the common law "common benefit" theory. This theory has been applied "to impose fees on a corporate or union defendant when the fruits of a named plaintiff's victory, though nonmonetary, were spread evenly among shareholders or union members." *Grace v. Burger*, 763 F.2d 457, 459-60 (D.C. Cir. 1985) (citing *Hall v. Cole*, 412 U.S. 1, 8–9 (1973); *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391–97 (1970)). Specifically plaintiffs argue that this case has "generated a substantial benefit for more than 100 million taxpayers" who have "already received, or will in the future receive, at least partial refunds," and that counsel deserve fees for generating this common benefit. *See* Pl. Br. at 6.

In *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975), the Supreme Court articulated requirements that any "class" of beneficiaries must satisfy in order for prevailing attorneys to recover fees under the common-benefit doctrines:

> [1] the classes of beneficiaries [must be] small in number and [2] easily ascertainable. [3] The benefits [must be] traced with some accuracy, and [4] there [must be] reason for confidence that the costs [can] indeed be shifted with some exactitude to those benefitting.

*Alyeska*, 421 U.S. at 265 n. 39 (quoted in *Brzonkala v. Morrison*, 272 F.3d 688, 691 (4th Cir. 2001)). In *Grace v. Burger*, 763 F.2d 457, 459-60 (D.C. Cir. 1985), the D.C. Circuit

categorically rejected the application of the "common benefit" theory to allow recovery of

attorneys' fees under § 2412(b) in cases where plaintiffs seek injunctive relief against the United

States. The court adopted the reasoning of Judge Kane of the District of Colorado:

> [T]he defendant, United States, is more than just a representative of all the beneficiaries of the litigation. An award of attorney fees would ultimately be born[e] by all taxpayers, rather than just those benefiting from the injunctive order. As such, . . . *the common benefit theory is inapplicable in cases such as this where plaintiffs seek injunctive relief against the government*. . . . The common benefit theory is designed to avoid unjust enrichment of beneficiaries to a law suit who are not named plaintiffs. An award of fees here would not compel the beneficiaries to compensate the winning litigant who acted as their representative, but would assess costs against the unrelated losing party. This, clearly, is inconsistent with the American rule and the common benefit exception.

*Id.* at 460 (quoting *Trujillo v. Heckler,* 587 F. Supp. 928, 931 (D. Colo. 1984)) (emphasis added);

*see also United States v. Instruments, S.A., Inc.*, 1993 WL 198842 at *4 (D.D.C. May 26, 1993)

(collecting cases that have rejected the applicability of the common benefit theory to recovery

against the United States); 10 Moore's Federal Practice, § 54.171[2] [c] (3d ed. 1997) (noting

that *Alyeska* "completely undermined" the application of the common-benefit doctrine against

governmental entities).

In *Brzonkala*, the Fourth Circuit denied plaintiffs' request for fees from the government

under the common-benefit doctrine. Plaintiffs' first purported class of beneficiaries – all U.S.

taxpayers – was "not sufficiently 'small in number and easily identifiable' to withstand scrutiny

under *Alyeska*." 272 F.3d at 691 (quoting *Alyeska*, 421 U.S. at 265 n.39). Their alternate

proposed class of beneficiaries – the class of individuals spared liability thanks to the judicial

decision plaintiffs' obtained – also failed because "even assuming it would be possible to

identify such persons . . . , imposing fees on the United States would not 'shift [costs] with some

exactitude to those benefitting,' as required by *Alyeska*." *Id.* at 692 (quoting *Alyeska*, 421 U.S. at

265 n. 39). The court also noted that "[a]ll federal taxpayers would bear the burden of fees, not

merely the comparatively much smaller class of those who would otherwise have been prosecuted." *Id.*

This Court concludes that plaintiffs' request for fees from the government under the common benefit theory fails for several reasons. Plaintiffs' proposed class of "more than 100 million taxpayers" who have "already received, or will in the future receive, at least partial refunds" fails under *Alyeska's* stringent requirements that  any class of beneficiaries must be "small in number," "easily ascertainable," the benefits "traced with some accuracy," and some "reason for confidence that the costs [can] indeed be shifted with some exactitude to those benefitting." *Alyeska*, 421 U.S. at 265 n. 39. This proposed class of beneficiaries fails on all counts.

Plaintiffs point to *Swedish Hospital Corp. v. Shalala*, 1 F.3d 1261, 1266-71 (D.C. Cir. 1993) but, this case does not help plaintiffs here. *See* Pl. Br. at 7. In that case, under a court-approved settlement, the Department of Health and Human Services agreed to pay $27.8 million into a fund for distribution among the members of the class. *See Swedish Hosp. Corp. v. Sullivan,* 89-1693, 1991 WL 319154 at *1 (D.D.C. Dec. 20, 1991). Judge Oberdorfer calculated that the plaintiffs' lawyers were only responsible for a portion of that fund, and calculated the attorneys' fees by taking 20% of that portion. *Id.* On appeal, the Circuit approved the use of this percentage-of-the-benefit method in common fund cases. *Swedish Hosp.*, 1 F.3d at 1266-71. In that case the dispute was over the proper measure of attorneys' fees to be drawn from a formally fixed pool of money that had been drawn from the government in the course of a judicially approved settlement. 1 F.3d at 1266-71. In the present case, by contrast, there is no such common fund. Here, in fact, plaintiffs tried and failed to obtain monetary relief from the government. Plaintiffs analogize the value that their litigation has generated to other taxpayers

with the common fund in *Swedish Hospital*, but *Swedish Hospital* simply provides no support for this position.

Finally, as in *Brzonkala*, "[a]ll federal taxpayers would bear the burden of fees, not merely the comparatively much smaller class of those who" allegedly benefitted from plaintiffs' work on these cases. *See* 272 F.3d at 691.

Because of our circuit's demonstrated hostility towards applying the common benefit theory to cases against the government, *Grace v. Burger*, 763 F.2d at 459-60, plaintiffs' failure to cite any authority supporting its theory, the failure of plaintiffs' proposed class to satisfy the requirements of *Alyeska*, and the fact that the burden would be borne by all taxpayers to compensate for a benefit allegedly received by only some of them, this Court will DENY plaintiffs' request for attorneys' fees pursuant to § 2412(b).

       *ii.*     *Plaintiffs are Not Entitled to Fees Under § 2412(d)*

In their Reply, plaintiffs argue that they are entitled to recover fees under § 2412(d). This argument also fails.

Section 2412(d) provides that a "prevailing party" is entitled to recover fees from the United States "unless the court finds that the position of the United States was substantially justified." *See* § 2412(d)(1)(A). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." § 2412(d)(1)(B). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." §

2412(d)(2)(D). Recovery is limited to individuals "whose net worth did not exceed $2,000,000 at the time the civil action was filed." § 2412(d)(2)(B)(i).

    a.  *Only* Sloan *and not* Cohen *or* Gurrola *Plaintiffs are "Prevailing Parties"*

Prevailing party status is only conferred on a plaintiff who obtains a "material alteration of the legal relationship of the parties" either through judgment or a court-ordered consent decree. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600-04 (2001). A party who produced agency change through litigation without securing such an order is not a "prevailing party." *Id.* Where a plaintiff has obtained such a court-ordered material alteration, his counsel may be entitled to fees for "all hours reasonably expended on the litigation" including time spent pursuing alternative legal grounds for a desired outcome. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). A party who seeks and obtains a judicial order vacating an agency order is a prevailing party. *LePage's 2000, Inc. v. Postal Regulatory Comm'n*, 674 F.3d 862, 866 (D.C. Cir. 2012).

Plaintiffs claim that they are "prevailing parties" here both because of their success in court on the procedural APA violation claim and because the IRS's decision to stop collecting the tax and issue Notice 2006-50 was allegedly occasioned by their legal actions. *See* Pl. Reply at 8-10.

Plaintiffs' success on the procedural APA claim constitutes a "material alteration of the legal relationship of the parties" through judgment. *See Buckhannon*, 532 U.S. at 600-04; *see also LePage's 2000,* 674 F.3d at 866. However, as discussed above, only the *Sloan* plaintiffs properly pursued this claim, and so only these are entitled to "prevailing party" status. Neither Mr. Cohen nor the *Gurrola* plaintiffs are entitled to "prevailing party" status because they did not properly pursue the procedural APA claim. And, any other results these plaintiffs might have

otherwised accomplished through the litigation – e.g., by catalyzing the IRS to change positions -- do not qualify them as prevailing parties under the principles of *Buckhannon*.  Accordingly, Mr. Cohen and the *Gurrola* plaintiffs' request for attorneys' fees is DENIED.

   *b.   The "Government's Position" Was Substantially Justified With Respect To Sloan*

   Section 2412(d) provides that substantial justification must be provided not only for "the position taken by the United States in the civil action" but also "the action or failure to act by the agency upon which the civil action is based." § 2412(d)(2)(D). "Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *LePage's 2000*, 674 F.3d at 866 (D.C. Cir. 2012) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[D]effects common to positions that are not substantially justified" include actions that are "flatly at odds with controlling case law" or which are taken "in the face of an unbroken line of authority." *Hill v. Gould*, 555 F.3d 1003, 1008 (D.C. Cir. 2009). The burden is on the government to demonstrate that it was "substantially justified." *Halverson v. Slater*, 206 F.3d 1205, 1208 (D.C. Cir. 2000).

   Here, the government must demonstrate "substantial justification" for the IRS' action in issuing Notice 2006-50 and for the government's legal defense of that Notice. It has done so.

   Judges of this Court and the Court of Appeals have written opinions finding that the Notice was not subject to judicial review. *See, e.g., Cohen*, 650 F.3d at 736-45 (Kavanaugh, J., dissenting) (joined by Chief Judge Sentelle and Judge Henderson); *In re Long-Distance*, 539 F. Supp. 2d at 308-311 (Urbina, J.). This fact provides an adequate basis to allow this Court to conclude that the government was substantially justified both in issuing the Notice and defending it in court.

Plaintiffs' reliance on *LaPage's 2000* is misplaced. *See* Pl. Reply at 8 (citing *LaPage's 2000*, 674 F.3d at 866). In that case, the Court of Appeals held that an agency was not substantially justified in issuing an order that it struck down under a substantive APA challenge as arbitrary and capricious based on numerous internal inconsistencies and anomalies – problems that would have been apparent on the face of the order.  In the present case, by contrast, the challenged order was struck down on procedural APA challenge only after overcoming obstacles to judicial review – obstacles that had the well-reasoned support of Judges Urbina, Kavanaugh and Henderson and Chief Judge Sentelle.

Thus, the position of the government was substantially justified, and plaintiffs are not entitled to Attorneys Fees under § 2412(d).

## IV.    CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Enter Judgment and for an Interim Award of Attorneys' Fees and Litigation Expenses will be GRANTED in part and DENIED in part. Separate orders consistent with this Opinion shall issue on this date.

Signed by Royce C. Lamberth, Chief Judge, on October 29, 2012.